```
 1  TORRES BROTHERS, LLC.
    VICTORINO DLG. TORRES, ESQ.
 2  Attorneys at Law
    P.O. Box 501856
 3  Saipan, MP 96950
    Bank of Guam Bld. 3rd Flr.
 4  Tel.: (670) 233-5504/6
    Fax: (670) 233-5510
 5
    Attorneys for Plaintiff.
 6
```

FILED
Clerk
District Court

SEP 2 9 2006

For The Northern Mariana Islands
By_____
       (Deputy Clerk)

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNG SOON LEE, (Deceased) by SUNG YOUNG LEE, Personal Representative, | CIVIL ACTION NO. CV 05-0031 |
| Plaintiff, | |
| v. | FIRST AMENDED COMPLAINT |
| DONG GUK CORPORATION, DONGBU INSURANCE COMPANY LTD., | |
| Defendants. | |

## JURISDICTION

1. This Court has jurisdiction over this civil action pursuant to 1 CMC § 3202 which was initially filed in the Superior Court and moved to this Court by Defendant Dong Guk Corporation.

## PARTIES

2. Plaintiff, Jung Soon Lee (deceased) is an individual, a resident of Korea and is represented by her uncle and personal representative, Mr. Lee Jung Soon. Mr. Sung Young Lee is a resident of Saipan, Commonwealth of the Northern Mariana Islands (CNMI).

3. Defendant, Dong Guk Corporation (hereafter referred to as "Defendant") is a corporation duly organized under the laws of the CNMI and was conducting business in the CNMI at

1    all times pertinent to this complaint.

2  4. Defendant, Dongbu Insurance Company Ltd., (hereafter referred to as "Defendant Dong
3     Bu") is a corporation organized under the laws of the CNMI and was conducting business
4     in the CNMI at all times pertinent to this complaint.

## CAUSES OF ACTION

(Serving Alcoholic Beverages after 2:00 a.m., opening Business Establishment after 2:00 a.m. and Serving Alcoholic Beverages to Apparently Intoxicated Customer and Negligence)

5. Paragraphs one (1) through four (4) of the complaint are incorporated as if fully set out here.
6. Defendant operates a restaurant in Chalan Kanoa known as Seafood House / Han Kuk Ban Jeon Restaurant serving, among other things, seafood and alcoholic beverages.
7. On the early morning of August 02, 2004, Gyun Jin Kim, Lee Jung Soon, Park Jin Joo and several other students were at Defendant's business establishment as customers.
8. These students are from Korea who have traveled to the Commonwealth to advance their higher education through Northern Marianas College.
9. On that early morning of August 02, 2004, Defendant kept its business operation open and caused to served alcoholic beverages on the students and other customers between the hours of 1:00 a.m. to 3:00 a.m.
10. Specifically, Defendant knew that Gyu Jin Kim, one of its customers, was apparently intoxicated but continued to serve alcoholic beverages well after 2:00 a.m.
11. On that early morning at around 3:00 a.m.— after leaving Defendant's business establishment — Gyu Jin Kim was extremely intoxicated, drove the vehicle to a Karaoke Bar but the Karaoke Bar was closed. Defendant continued to drive the vehicle and somewhere in Chalan Kanoa Beach Road, in front of Susupe Beach Park, rammed into a flame tree causing extreme injuries resulting in the death of one of her passengers, Lee

Jung Soon.

12. Based on information and belief, Defendant had secured the proper license and was duly authorized to sell and serve alcoholic beverages up to 2:00 a.m.

13. Defendant's conduct violated 4 CMC§ 5554 by serving alcoholic beverages after 2:00 a.m. and by keeping its business operation and its customers after 2:00 a.m.

14. Defendant has a duty to stop serving alcoholic beverages by 2:00 a.m. and close its business premises by 2:00 a.m.

15. Defendant also has a duty to deny service of alcoholic beverages to apparently intoxicated individuals.

16. Defendant also has a duty to ensure that its patrons and customers are safe in the premises.

17. Defendant also has a duty not to create a dangerous condition to its patrons and customers.

18. The police report generated from the accident indicated that Gyu Jin Kim was intoxicated and operated the vehicle while under the influence of alcohol.

19. Serving alcohol to individuals that are apparently intoxicated is a breach of duty of due care and illegal.  See,4 CMC § 5558.

20. Defendant breached its duty and as a direct and proximate result of the intentional, wilful, recklessness, carelessness, and negligence of Defendant, it's agents or employees by serving beverages and keeping its Business establishment beyond the time authorized by law and creating a dangerous condition to Gyu Jin Kim and Lee Jung Soon, Gyu Jin Kim became extremely intoxicated, drove the vehicle and rammed into a flame tree and sustained vehicle damage, serious personal injuries resulting in death and severe pain and suffering to Lee Jung Soon.

## SECOND CAUSE OF ACTION
**(Insurance Direct Cause of Action)**

21. Paragraphs one (1) through eleven (11) of the complaint are incorporated as if fully set

out here.

22. Defendant Dongbu is and at all times mentioned was the insurer of Defendant mentioned above.

23. Defendant Dongbu is liable to Plaintiff pursuant to 4 CMC § 7502 (e) according to the insurance policy issued to Defendant for the allegations mentioned above against Defendant to the extent of the policy limit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

1. Against Defendants for compensatory damages and for medical care and expenses, bodily injury, funeral expenses and loss of earnings, in the amount to be proven at trial;

2. Against Defendant for pain and suffering, emotional distress and mental anguish in the amount to be proven at trial;

3. Against Defendants for costs and reasonable attorney's fees; and,

4. For such other and further relief to which Plaintiff is entitled to receive at law and/or in equity even though not demanded for in any of her pleadings.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial of her peers on all issues so triable.

DATED: 09/28/2006.

TORRES BROTHERS, LLC.

VICTORINO DLG. TORRES Attorneys for Plaintiff