Thomas E. Clifford
Attorney at Law
2nd Floor, Alexander Building, San Jose
P.O. Box 506514
Saipan, MP 96950
Tel. (670)235-8846
Fax (670)235-8848

Attorney for Defendant Dongbu Insurance Company, Ltd.

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNG SOON LEE (deceased), by SUNG YOUNG LEE, Personal Representative<br><br>Plaintiff,<br><br>v.<br><br>DONG GUK CORPORATION, and DONGBU INSURANCE COMPANY, LTD.<br><br>Defendants. | Civil Action No. 05-0031<br><br>DEFENDANT DONGBU INSURANCE COMPANY, LTD.'S FIRST AMENDED ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT, AND CROSS-CLAIM |

## ANSWER

Defendant Dongbu Insurance Company, Ltd. ("Dongbu") states as follows in answer to Plaintiff's First Amended Complaint ("Complaint"):

1. Dongbu is without information sufficient to plead to the truth or falsity of the averments in Paragraphs 1 through 3, inclusive, and on that basis, denies same.

2. Dongbu denies the averments in Paragraph 4 as written, except that Dongbu admits it was authorized to conduct insurance business in the Commonwealth at all times relevant to the Complaint.

3. In answer to Paragraph 5, Dongbu incorporates herein as if set forth in full its answers to the previous Paragraphs of the Complaint.

4. Dongbu is without information sufficient to plead to the truth or falsity of the averments in Paragraphs 6 through 20, inclusive, and on that basis, denies same.

5. In answer to Paragraph 21, Dongbu incorporates herein as if set forth in full its answers to the previous Paragraphs of the Complaint.

6. In answer to Paragraph 22, Dongbu admits that it issued an insurance policy to Dong Kuk Corporation, but Dongbu denies that there is any coverage under the applicable policy for the claims set forth in the Complaint.

7. Dongbu denies the averments in Paragraph 23.

8. Dongbu denies any averments in the Complaint to which it has not specifically responded, above.

9. Dongbu denies that Plaintiff is entitled to any of the relief sought in the Complaint.

### DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted in that none of the claims fall within the policy that Dongbu issued to Dong Kuk Corporation including without limitation because the policy has a "dram shop" exclusion for any claims in connection with the selling or providing of alcoholic beverages and the claims in the Complaint arise solely out of same.

2. Based on the allegations in the Complaint, the Plaintiff assumed the risk and had the last clear chance to avoid the accident in that the decedent was a voluntary passenger in the vehicle of an obviously intoxicated person.

3. Based on the allegations in the Complaint, Plaintiff's claims are barred in whole or in part by the illegal conduct of the decedent in jointly receiving with the driver of the vehicle alcoholic beverages after hours.

4. Based on the allegations in the Complaint, the accident made the basis of the Complaint was caused by a third party, i.e. the operator of the vehicle, over whom neither Dong Kuk Corporation nor Dongbu had any control.

5. Plaintiff's claims are barred in whole or in part by the statute of limitations and/or bar on directly naming an insurer as a Defendant.

6. Dongbu incorporates herein by reference any affirmative defense claimed by Defendant Dong Kuk Corporation in its answer to the Complaint.

7. Dongbu reserves the right to add additional defenses as the case proceeds.

### CROSS-CLAIM

1. This cross-claim is brought by Dongbu against Defendant Dong Kuk Corporation to establish that there is no coverage under the applicable insurance policy in connection with the accident made the basis of the lawsuit.

2. Jurisdiction is proper in this Court because the lawsuit is already in this Court. Jurisdiction is also vested in this Court pursuant to 28 U.S.C. §2201 with respect to declaratory judgments and declaratory relief provided therein and pursuant to Rule 57 of the Federal Rules of Civil Procedure in that there is an actual controversy between these parties with respect to matters alleged hereinafter which requires the interposition of this Court.

3. Dongbu is now and at all times relevant to this lawsuit has been a corporation duly

organized and existing under the laws of the Republic of Korea, and registered, authorized and engaged in the insurance business and authorized to issue insurance policies in the Commonwealth of Northern Mariana Islands.

4. Defendant Dong Kuk Corporation (sometimes transliterated as Dong Guk Corporation) dba Fresh Sashimi House ("DKC") is now and at all times relevant to this lawsuit has been a corporation duly organized and existing under the laws of the Commonwealth of the Northern Mariana Islands, with its principal place of business in Saipan.

5. Effective June 4, 2004, Dongbu issued a renewal of an insurance policy with named insureds DKC and Mr. Han, Kook Ban Jun ("Mr. Han"), and with policy No. KBO-00051-S01 (the "Policy"). The Policy term was from June 4, 2004 through June 3, 2005.

6. The Policy is a valid, binding insurance contract between Dongbu, on the one hand, and DKC and Mr. Han, on the other hand.

7. Dongbu is the insurer under the Policy.

8. DKC and Mr. Han are the named insureds under the Policy.

9. The Policy's declarations page, issued as part of the June 4, 2004 renewal, identifies the Policy as a "BUSINESSOWNERS POLICY."

10. The schedule of the declarations page shows that there are two types of coverage provided. As more particularly stated therein, one is property coverage and the other is liability coverage.

11. The Policy's comprehensive single limit for the liability coverage is $300,000.

12. The Policy is subject to all terms and conditions in the Policy, including all amendments and endorsements.

13. As more particularly stated in the pleadings on file in this case, the Plaintiff claims that on or about August 2, 2004, DKC negligently and illegally served alcoholic beverages to Jung Soon Lee and others as customers, that they became intoxicated and that an automobile accident resulted in which Jung Soon Lee was killed.

14. At the present time, there is an actual controversy between the parties with respect to whether there is any duty to defend, indemnify or otherwise provide coverage under the Policy in connection with the claims brought in the lawsuit.

15. Dongbu specifically alleges that there is no coverage under the Policy because the Policy's dram shop exclusion (Business Owner's Policy coverage form, Section II, Business Liability Coverage, Paragraph B(1)(c) at page 23) clearly excludes coverage for any claim in connection with causing or contributing to the intoxication of any person, furnishing alcoholic beverages to anyone under the influence of alcohol or providing alcoholic beverages in violation of the applicable law.

16. The lawsuit's complaint only states one "cause of action" against DKC, and that is for serving alcoholic beverages after hours in violation of the law and for serving alcoholic beverages to apparently intoxicated customers.

17. Therefore, the dram shop exclusion applies precisely to the only claims in the lawsuit.

18. This means that the Policy provides no coverage for the claims brought in the lawsuit.

19. Dongbu also alleges that the Policy does not, and cannot under Commonwealth law or public policy, provide any coverage for willful violations of law such as serving alcoholic beverages after hours.

20. Wherefore, Dongbu prays for judgment on its cross-claim as follows:

a. For a declaration by this Court of the rights and obligations of the parties under the Policy;

b. For judgment discharging Dongbu from any obligation under the Policy with respect to the lawsuit;

c. For its costs, disbursements and attorney's fees incurred herein; and

d. For such and other further relief as the Court deems just and proper.

Respectfully submitted this 21st day of February, 2007.

_____
THOMAS E. CLIFFORD
Counsel for Dongbu