**TORRES BROTHERS, LLC.**
**VICTORINO DLG. TORRES, ESQ.**
**VINCENT DLG. TORRES, ESQ. (F0258)**
Attorneys at Law
P.O. Box 501856
Saipan, MP 96950
Bank of Guam Bld. 3rd Flr.
Tel.: (670) 233-5506/4
Fax: (670) 233-5510

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **JUNG SOON LEE, (Deceased) By SUNG YOUNG LEE, Personal Representative,**<br><br>Plaintiff,<br><br>v.<br><br>**DONG GUK CORPORATION, DONGBU INSURANCE COMPANY LTD.,**<br><br>**Defendants.** | CIVIL ACTION NO. 05 - 0031<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** |

Plaintiff Sung Young Lee (hereafter "Plaintiff") moves this Court, pursuant to Fed.R.Civ.P. 15(a) to amend her Complaint to assert direct cause of action against Dong Guk Corporation (hereafter "Defendant").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**AMENDMENT IS FREELY GRANTED UNDER THESE CIRCUMSTANCES**

Under Federal Rules of Civil Procedure 15(a), a party may amend their complaint once "as a matter of course" before a responsive pleading is served, after that the "party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Thus "after a brief period in which a party may amend as of right," leave to amend lies "within the sound discretion of the trial court." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). Thus, "[r]ule 15's

(Motion for Leave to Amend First Amended Complaint)

policy of favoring amendments to pleadings should be applied with 'extreme liberality.' " *Webb*, 655 F.2d at 979.  And "(t)he Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend when justice so requires." *Hurn v. Retirement Fund Trust of Plumbing, Heating,* 648 F.2d 1252 (9th Cir. 1981) (citing *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).

Therefore, when exercising its discretion under Rule 15(a), a court must be guided by the underlying purpose of the rule, which is to "facilitate the decision on the merits rather than on the pleadings or technicalities. *Edlridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Circ. 1999) (citing *DCD Program v. Leighton*, 833 F.2d 183, 186 (9th Circ. 1987).

## II.

## LEGAL ANALYSIS

**A.  Plaintiff is entitled to amend his First Amended Complaint and include a direct action based on new evidence learned during discovery.**

The propriety of a motion for leave to amend is generally determined by four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Hurn*, 648 F.2d at 1254.  In *Hurn*, the District Court granted Defendant's Motion for Summary Judgement in that Plaintiff failed to state a claim under section 203 of the Employee Retirement Income Security Act ("ERISA").  Plaintiff filed a motion for leave to amend his complaint to state a cause of action under section 302 of the Taft-Hartley Act two years after Plaintiff filed his original complaint.  The Court denied Plaintiff's motion.  Plaintiff appealed.

The 9th Circuit held that there is no Prejudice to Defendant because Defendant should be fully prepared to litigate the issues because the operative facts remain the same: that Plaintiff challenges his suspension.  *Id* at 1254.  The Court further held that the two years time to file the amended complaint does not provide sufficient grounds for denying leave to amend.  *Id.*  The Court ruled that delay alone does not provide sufficient grounds for denying leave to amend.  *Id*.  The Court furthermore held that Plaintiff's claim is not frivolous in that his 302 claim alleges the

Defendant's suspension action to be arbitrary and capricious, therefore, the amendment cannot be considered futile. *Id* at 1255.

Applying the four factors above to the case at hand, it is clear that Plaintiff's Motion to Amend the First Amended Complaint poses no undue delay, bad faith, futility of amendment or prejudice to Defendant.

### 1. **Undue Delay**

Here, Plaintiff filed his Complaint on or about September 06, 2005. On September 29, Plaintiff filed a stipulated motion to file First Amended Complaint and indeed filed such Complaint. On March 27, 2007, Plaintiff filed this Second Amended Complaint to include a new cause of action based on newly discovered evidence during the Deposition of Defendant in this case. This Second Amended Complaint is about one (1) year and six (6) months from filing the original complaint. There is no undue delay in filing Plaintiff's Second Amended Complaint.

### 2. **Bad Faith**

Plaintiff files the Amendment in good faith based on newly discovered evidence. Thus, there is no bad faith in filing such Amendment.

### 3. **Futility of Amendment**

Plaintiff's Second Amended Complaint include new facts of actual admission by Defendant during discovery that leads to several violations of the CNMI Consumer Protection Act and 4 CMC § 5554. *See* Section III below. On March 22, 2007, Lee, Sung Chun ("Sung") (President and shareholder of Dong Guk Corporation) and Mee Yeon Lee ("Mee") (Vice-President and shareholder of Dong Guk Corporation) were deposed. In his deposition, Sung admitted the following (see page 9-10 Exhibit A):

> INTERPRETER: He say after 2:00 a.m. he got no choice to serve some friends from Korean because ah, near to his business he got lot of restaurant too, but they also serving. If he doesn't serving the alcohol, whatever they order? And they will no – he's gonna lose his own customer, so he got no choice. (Page 9, line 16).
>
> Q   So, it's ah, important to – in order to make a – to keep the business and customers, to serve after 2:00 a.m.? (page 10, line 4)

INTERPRETER: Yes. (page 10, line 7)

INTERPRETER: He say that ah, some of customer they come asking after 2:00 o'clock for the alcohol and then he – he explain first what's the reason why he doesn't wanna serve the alcohol, because the law is cannot after 2:00 o'clock, it's very hard for him to sell it, but he lost – he try, he lost a lot of customer for that, so he got no choice, sometimes he explain first and then he let go. (page 10, line 9).

In her deposition, Mee admitted the following (page 14-15, see Exhibit B):

Q    Ah, did you know that it was illegal to serve alcohol after 2:00 a.m. in 2004?

A    Yes.

Q.   Ok, and you still serve alcohol sometimes ....

A    Yes.

Q    ....after 2:00 a.m. in 2004?

A    Yes.

Q.   And why is it that you know it's illegal and you still serve alcohol after 2:00 a.m. Why?

A    Because ...

INTERPRETER: She say that ah, even the near to her restaurant all kind of Korean restaurant? The customers likes to drink and eating – ah, eating, same time order the food and the drink, but if she doesn't offer the – ah serve the alcohol? Maybe gonna be – the customer gonna go to other side, so she's gonna lose the customers. That's ...

Q    Did you know – did you believe it was wrong for you to serve after 2:00 a.m.?

A    Yes.

Defendant's direct admissions of selling alcoholic beverages to customers passed 2 a.m. is a direct violation of the Consumer Protection Act and 4 CMC § 5554, which gave rise to a valid claim of a direct action. Accordingly, Plaintiff's Second Amended Complaint is not futile.

**4.    Prejudice to the Opposing Party**

Defendant is not prejudiced by Plaintiff's Second Amended Complaint to include a

violation of the Consumer Protection Act, which is a the new claim of direct action. In Plaintiff's First Amended Complaint, Plaintiff stated that "Defendant's conduct violated 4 CMC § 5554 by serving alcoholic beverages after 2:00 a.m. and by keeping its business operation and its customers after 2:00 a.m. *See* page 3 paragraph 13 on Plaintiff's First Amended Complaint. Defendant's violation was evident when Defendant admitted through discovery that it served alcoholic beverage to customers after 2:00 a.m. Although this new facts give rise to the Consumer Protection Act direct action, the operative facts remain the same as provided on Defendant's Complaint as stated above.

    The new set of factual evidence under the amendment to Plaintiff's Second Amended Complaint constitute a valid and sufficient claim. Accordingly, Plaintiff's motion for leave to amend Plaintiff's Complaint shall be granted. *See Hurn*, supra, at 1254 ([W]hre there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.").

### III.
### DIRECT CLAIM IS APPROPRIATE

    The CNMI law has express authority provision which allows plaintiff to pursue a direct action claim against an individual or company who violated the Consumer Protection Act. The statute provides as follows:

**5 CMC § 5105.  Unlawful Acts or Practices**

The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful:

. . . .

    (e) Representing that . . . services have ... approval ...that they do not have or that a person has a ... approval ... the person does not have;

. . . .

    (l) Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding;

    (m) Engaging in any act or practice which is ...deceptive to the consumer;

. . . .

      (r)  Introducing into commerce any good or service which the merchant knows or should know is unsafe or which the merchant knows or should know may cause an unsafe condition in normal use, including performing a service which may cause an unsafe condition.

**5 CMC § 5111.     Remedies Cumulative**.

      Unless otherwise expressly provided, the remedies or penalties provided by this article are cumulative to each other and to the remedies or penalties available under all other laws of the Commonwealth.

**5 CMC § 5112.     Private and Class Actions.**

      (a)  Any person aggrieved as a result of a violation of this article may bring an action in the Commonwealth Superior Court for such legal or equitable relief as the court may order.  In addition to actual damages, the court shall award liquidated damages in an amount equal to the actual damages in cases of willful violations, and shall award costs and reasonable attorney's fees if the plaintiff prevails.

Through the discovery conducted during the week of March 22, 2007, it was learned that Defendant knew that it was unlawful to sale alcoholic beverages in its business establishment to customers after 2:00 a.m.  Exhibit A, page 9-10 and Exhibit B, page 14-15.  However, Defendant proceeded to sale alcohol to customers after 2:00 a.m, representing to customers at sometime that it was against the law to sale alcohol after 2:00 a.m. but then sale and serve them anyway.  *Id*. and on other times just sale to customers without informing them about the law, thus deceiving customers that it had the authority to sale alcohol passed 2:00 a.m.  All these are in violation of the Consumer Protection Act as stated hereinabove.

Thus, the attached Exhibit C ([Proposed] Second Amended Complaint) indicates Plaintiff's propose to add new paragraphs to the Complaint in order to sate a direct action against Defendant.  Naturally, upon being added to the action, Defendant would be entitled to assert any and all defenses asserted by Defendant, as well as any other defenses it may deem appropriate. Plaintiff merely seek leave of the court to assert the claim against Defendant pursuant to the direct action statute.

**IV.**

## CONCLUSION

Leave to file an amended complaint and to assert direct action is liberally granted. By the Proposed amendment, Plaintiff seeks to add a claim against Defendant for violating the Consumer Protection Act. The motion should be granted.

Respectfully submitted this 30th, day of March, 2007.

                                      TORRES BROTHERS, LLC
                                      ATTORNEYS AT LAW

                                       /S/ VINCENT DLG. TORRES
                                      VINCENT DLG. TORRES, ESQ.
                                      ATTORNEY FOR PLAINTIFF