**TORRES BROTHERS, LLC.**
**VICTORINO DLG. TORRES, ESQ. (F0253)**
**VINCENT DLG. TORRES, ESQ. (F0258)**
Attorneys at Law
P.O. Box 501856
Saipan, MP 96950
Bank of Guam Bld. 3rd Flr.
Tel.: (670) 233-5506/4
Fax: (670) 233-5510

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNG SOON LEE, (Deceased) By SUNG YOUNG LEE, Personal Representative, <br><br> Plaintiff, <br><br> v. <br><br> DONG GUK CORPORATION, DONGBU INSURANCE COMPANY LTD., <br><br> Defendants. | CIVIL ACTION NO. 05 - 0031 <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT |

Plaintiff Sung Young Lee (hereafter "Plaintiff") moves this Court, pursuant to Fed.R.Civ.P. 15(a) to amend her Complaint to assert a cause of action against Dong Guk Corporation (hereafter "Defendant").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**AMENDMENT IS FREELY GRANTED UNDER THESE CIRCUMSTANCES**

Under Federal Rules of Civil Procedure 15(a), a party may amend their complaint once "as a matter of course" before a responsive pleading is served, after that the "party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Thus "after a brief

(Memorandum of Points and Authorities)

period in which a party may amend as of right," leave to amend lies "within the sound discretion of the trial court." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). Thus, "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.' " *Webb*, 655 F.2d at 979. And "(t)he Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend when justice so requires." *Hurn v. Retirement Fund Trust of Plumbing, Heating,* 648 F.2d 1252 (9th Cir. 1981) (citing *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).

Therefore, when exercising its discretion under Rule 15(a), a court must be guided by the underlying purpose of the rule, which is to "facilitate the decision on the merits rather than on the pleadings or technicalities. *Edlridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Circ. 1999) (citing *DCD Program v. Leighton*, 833 F.2d 183, 186 (9th Circ. 1987).

## II.

## LEGAL ANALYSIS

**A.  Plaintiff is entitled to amend his First Amended Complaint and include a direct action based on new evidence learned during discovery.**

The propriety of a motion for leave to amend is generally determined by four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Hurn*, 648 F.2d at 1254. In *Hurn*, the District Court granted Defendant's Motion for Summary Judgement in that Plaintiff failed to state a claim under section 203 of the Employee Retirement Income Security Act ("ERISA"). Plaintiff filed a motion for leave to amend his complaint to state a cause of action under section 302 of the Taft-Hartley Act two years after Plaintiff filed his original complaint. The Court denied Plaintiff's motion. Plaintiff appealed.

The 9th Circuit held that there is no prejudice to Defendant because Defendant should be fully prepared to litigate the issues because the operative facts remain the same: that Plaintiff challenges his suspension. *Id* at 1254. The Court further held that the two years time to file the amended complaint does not provide sufficient grounds for denying leave to amend. *Id.* The

Court ruled that delay alone does not provide sufficient grounds for denying leave to amend. *Id*. The Court furthermore held that Plaintiff's claim is not frivolous in that his 302 claim alleges the Defendant's suspension action to be arbitrary and capricious, therefore, the amendment cannot be considered futile. *Id* at 1255.

Applying the four factors above to the case at hand, it is clear that Plaintiff's Motion to Amend the First Amended Complaint poses no undue delay, bad faith, futility of amendment or prejudice to Defendant.

### 1.  There is No Undue Delay

Here, Plaintiff filed his Complaint on or about September 06, 2005. On September 29, Plaintiff filed a stipulated motion to file First Amended Complaint and indeed filed such Complaint. On March 27, 2007, Plaintiff filed this Second Amended Complaint to include a new cause of action based on newly discovered evidence during the Deposition of Defendant in this case. This Second Amended Complaint is about one (1) year and six (6) months from filing the original complaint. There is no undue delay in filing Plaintiff's Second Amended Complaint.

Moreover, it has been less than two weeks from the time the new evidence was discovered to the time of the filing for this Motion to Amend Complaint. Certainly, a party could only move to amend when new evidence gives rise. This is precisely what happened here: once the new evidence was discovered, Plaintiff has moved to amend the complaint. Put in another way, Defendant could not be prejudice by operative facts that they were very aware of — a fact that was newly discovered by the Defendant; in actuality, it is Plaintiff who will be prejudiced if this amendment is not granted.

### 2.  There is No Bad Faith

Plaintiff files the Amendment in good faith based on newly discovered evidence. Thus, there is no bad faith in filing such Amendment.

### 3.  Amendment Will Not Be Futile; It Will Give New Remedies to Plaintiff

This amendment will not be futile as it will give Plaintiff a remedy under the Consumer Protection Act to recover for attorney fees. Moreover, this cause of action will deter the Defendant from engaging in illegal acts which harms the consumers; it will further deter

Defendant to serve alcoholic beverages, willfully to the community beyond 2:00 a.m.

The Consumer Protection Act expressly states that cause of action under Consumer Protection Act "<u>are cumulative to each other and to the remedies or penalties available under all other laws of the Commonwealth</u>" and should be read in favor of the consumers. A combined reading of the Consume Specifically 5 CMC,

> **§ 5111.    Remedies Cumulative.**
> Unless otherwise expressly provided, the remedies or penalties provided by this article <u>are cumulative to each other and to the remedies or penalties available under all other laws of the Commonwealth</u>.
>
> **§ 5123.    Construction.**
> (a)   In interpreting this article, the courts of the Commonwealth shall construe any ambiguity in any provision of this article, or in any regulation or order issued under this article, or in any implied or expressed warranty covered by this article, or any similar ambiguity,<u> in favor of the consumer</u>.
>
> (c)   Compliance with the requirements of this article <u>shall not relieve, exempt, or excuse any merchant from any obligation arising from any legal duty to exercise due care or caution, or from liability for injury resulting from a breach of such duty, or in any other manner alter, modify, or diminish the responsibilities of the merchant</u>.

(Underline added).

It is clear that the Consumer Protection Act clearly favors a liberal interpretation in the consumer's favor and allows this cause of action to exist; it is also clear that this cause of action is cumulative and could not be futile as expressly intended by the Legislature. Moreover, the Consumer Protection Act allows for Plaintiff to recover for attorney fees and costs where the violation is willful. This is precisely the evidence that was newly discovered.

The remedies for attorney fees is generally not available for a negligence cause of action or under the current causes of action in Plaintiff's First Amended Complaint. Here, the Consumer Protection Act would allow Plaintiff to recover for reasonable attorney fees and costs pursuant to 5 CMC § 5112: "In addition to actual damages, the court shall award liquidated

damages in an amount equal to the actual damages in cases of willful violations, and shall award costs and reasonable attorney's fees if the plaintiff prevails."

Accordingly, in light of the Legislature's clear intent that the Consumer Protection Act is (a) a cumulative remedy, (b) must be read in favor of the consumer, (c) it will deter the Defendant from engaging in illegal activity and serving alcoholic beverages to consumers beyond 2:00 a.m., and (d) that attorney fees and costs are available remedies. Thus, the amendment will not be futile but rather extremely necessary to avail the Plaintiff to a remedy that Plaintiff is entitled to receive.

### 3A. It was Newly Discovered That Defendant Intentionally And Wilfully Served Alcoholic Beverages After 2:00 a.m. Despite Knowing That It was A Violation of Commonwealth Law.

Specifically, Plaintiff's Proposed Second Amended Complaint includes new facts of actual admission by Defendant during discovery that leads to several violations of the CNMI Consumer Protection Act and 4 CMC § 5554. *See* Section III below. On March 22, 2007, Lee, Sung Chun ("Sung") (President and shareholder of Dong Guk Corporation) and Mee Yeon Lee ("Mee") (Vice-President and shareholder of Dong Guk Corporation) were deposed. In his deposition, Sung admitted the following *(see page 9-10 Exhibit A)*:

> INTERPRETER: He say after 2:00 a.m. he got no choice to serve some friends from Korean because ah, near to his business he got lot of restaurant too, but they also serving. If he doesn't serving the alcohol, whatever they order? And they will no – he's gonna lose his own customer, so he got no choice. (Page 9, line 16).
>
> Q   So, it's ah, important to – in order to make a – to keep the business and customers, to serve after 2:00 a.m.? (page 10, line 4)
>
> INTERPRETER: Yes. (page 10, line 7)
>
> INTERPRETER: He say that ah, some of customer they come asking after 2:00 o'clock for the alcohol and then he – he explain first what's the reason why he doesn't wanna serve the alcohol, because the law is cannot after 2:00 o'clock, it's very hard for him to sell it, but he lost – he try, he lost a lot of customer for that, so he got no choice, sometimes he explain first and then he let go. (page 10, line 9).

In her deposition, Mee admitted the following (page 14-15, see Exhibit B):

Q   Ah, did you know that it was illegal to serve alcohol after 2:00 a.m. in 2004?

A   Yes.

Q.  Ok, and you still serve alcohol sometimes ....

A   Yes.

Q   ....after 2:00 a.m. in 2004?

A   Yes.

Q.  And why is it that you know it's illegal and you still serve alcohol after 2:00 a.m. Why?

A   Because ...

INTERPRETER: She say that ah, even the near to her restaurant all kind of Korean restaurant? The customers likes to drink and eating – ah, eating, same time order the food and the drink, but if she doesn't offer the – ah serve the alcohol? Maybe gonna be – the customer gonna go to other side, so she's gonna lose the customers.  That's ...

Q   Did you know – did you believe it was wrong for you to serve after 2:00 a.m.?

A   Yes.

Defendant's direct admissions of selling alcoholic beverages to customers passed 2 a.m. is a direct violation of the Consumer Protection Act and 4 CMC § 5554, which gave rise to a valid claim of a direct action.  Accordingly, Plaintiff's Second Amended Complaint is not futile.

**3B.    It Was Newly Discovered That Defendant Discriminated Their Consumers Based on Race.**

Defendant further admitted through its Vice President, Mrs. Lee that only Koreans were served after 2:00 a.m.; that Chamorro and Carolinians were not served after 2:00 a.m.  The very fact that they illegally served only Koreans is a discrimination not only to Chamorros, Carolinians or other race but also to Koreans, such as Ms. Jung Soon Lee (deceased).  The following deposition of Vice President, Mrs. Lee, is as follows:

| | | |
|---|---|---|
| 1 | Q | And, do you have regular customers that are Chamorros? |
| 2 | A | Yes, many Chamorro. |
| 3 | Q | And, you serve them alcohol after 2:00 a.m.? |
| 4 | A | No. |
| 5 | Q | <u>So Chamorros you don't serve alcohol after 2:00 a.m.?</u> |
| 6 | <u>A</u> | <u>No</u> |
| 7 | Q | <u>And, Koreans, you have regular customer Koreans?</u> |
| 8 | <u>A</u> | <u>Yes.</u> |
| 9 | Q | <u>And, you serve them alcohol after 2:00 a.m.?</u> |
| 10 | <u>A</u> | <u>Yes</u> |
| 11 | Q | And, Mr. Lee knows that? |
| 12 | A | Mr. Lee? Sometimes know, sometimes he doesn't know. |
| 13 | Q | You, ah – and how about Carolinian? |
| 14 | A | No. |
| 15 | Q | You don't serve after 2:00 a.m.? |
| 16 | <u>A</u> | <u>Because Korean, we have same custom and same relationship or same thinking, but I don't know Carolinian and other foreigner? So I cannot tell.</u> |

(Underline added). *See Exhibit C, Mrs. Lee's Deposition, attached hereto and incorporated by reference*.

The disparity and discrimination of services based on racial or ethnic differences is a violation of the Consumer Protection Act pursuant to 5 CMC § 5120 which states that "It is an offense for any merchant to discriminate in commerce with any person on the basis of the race, color, creed, religion, sex, age, ethnic background, national origin, citizenship, or place of birth or residence of the person." This newly discovered discrimination is a violation of the Consumer Protection Act and Plaintiff should be allowed to amend the First Amended Complaint.

**4.**     **<u>There is No Prejudice to the Opposing Party</u>**

Defendant is not prejudiced by Plaintiff's Second Amended Complaint to include a

violation of the Consumer Protection Act, which is a the new claim of direct action. In Plaintiff's First Amended Complaint, Plaintiff stated that "Defendant's conduct violated 4 CMC § 5554 by serving alcoholic beverages after 2:00 a.m. and by keeping its business operation and its customers after 2:00 a.m. *See page 3 paragraph 13 on Plaintiff's First Amended Complaint.* Defendant's violation was evident when Defendant admitted through discovery that it served alcoholic beverage to customers after 2:00 a.m. Although this new facts give rise to the Consumer Protection Act direct action, the operative facts remain the same as provided on Defendant's Complaint as stated above.

More importantly, this willful violation of serving alcohol beyond 2:00 a.m. was known to Defendant — even before this action was initiated. The mere fact that they knew that their action is illegal is significant; it unconditionally shows that they are very well aware (even before the filing of this proposed amendment) of their actions and the potential liability of their conscious decision to violate the law. Defendant could not now say that this cause of action is somehow a "surprise" or would "prejudice" them by this amendment.

The new set of factual evidence under the amendment to Plaintiff's Second Amended Complaint constitute a valid and sufficient claim. Accordingly, Plaintiff's motion for leave to amend Plaintiff's Complaint shall be granted. *See Hurn*, supra, at 1254 ([W]hre there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.").

### III.
### DIRECT CLAIM IS APPROPRIATE

The CNMI law has express authority provision which allows plaintiff to pursue a direct action claim against an individual or company who violated the Consumer Protection Act. The statute provides as follows:

> **5 CMC § 5105. Unlawful Acts or Practices**
>
> The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful:
>
> . . . .

        (e)  Representing that . . . services have ... approval ...that they do not have or that a person has a ... approval ... the person does not have;

. . . .

        (l)  Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding;

        (m)  Engaging in any act or practice which is unfair or deceptive to the consumer;

. . . .

        (r)  Introducing into commerce any good or service which the merchant knows or should know is unsafe or which the merchant knows or should know may cause an unsafe condition in normal use, including performing a service which may cause an unsafe condition.

Through the discovery conducted during the week of March 22, 2007, it was learned that Defendant knew that it was unlawful to sale alcoholic beverages in its business establishment to customers after 2:00 a.m. *Exhibit A, page 9-10 and Exhibit B, page 14-15*. However, Defendant proceeded to sale alcohol to customers after 2:00 a.m, representing to customers at sometime that it was against the law to sale alcohol after 2:00 a.m. but then sale and serve them anyway. *Id*. and on other times just sale to customers without informing them about the law, thus deceiving customers that it had the authority to sale alcohol passed 2:00 a.m.  All these are in violation of the Consumer Protection Act as stated hereinabove.

Thus, the attached *Exhibit D ([Proposed] Second Amended Complaint)* indicates Plaintiff's propose to add new paragraphs to the Complaint in order to sate a direct action against Defendant.  Naturally, upon being added to the action, Defendant would be entitled to assert any and all defenses asserted by Defendant, as well as any other defenses it may deem appropriate. Plaintiff merely seek leave of the court to assert the claim against Defendant pursuant to the direct action statute.

## IV.

## CONCLUSION

Leave to file an amended complaint and to assert direct action is liberally granted.  By the

Proposed amendment, Plaintiff seeks to add a claim against Defendant for violating the Consumer Protection Act. The motion should be granted.

Respectfully submitted this __2nd__ day of April, 2007.

                                        TORRES BROTHERS LLC
                                        ATTORNEYS AT LAW

                                        /S/ VINCENT DLG. TORRES
                                        VINCENT DLG. TORRES, ESQ.
                                        ATTORNEY FOR PLAINTIFF