**TORRES BROTHERS, LLC.**
**VICTORINO DLG. TORRES, ESQ.**
Attorneys at Law
P.O. Box 501856
Saipan, MP 96950
Bank of Guam Bld. 3rd Flr.
Tel.: (670) 233-5504/6
Fax: (670) 233-5510

*Attorneys for Plaintiff.*

### UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNG SOON LEE, (Deceased) by SUNG YOUNG LEE, Personal Representative, <br><br> Plaintiff, <br><br> v. <br><br> DONG GUK CORPORATION, DONGBU INSURANCE COMPANY LTD., <br><br> Defendants. | CIVIL ACTION NO. CV 05-0031 <br><br> (PROPOSED) <br><br> SECOND AMENDED COMPLAINT |

## JURISDICTION

1. This Court has jurisdiction over this civil action pursuant to 1 CMC § 3202 which was initially filed in the Superior Court and moved to this Court by Defendant Dong Guk Corporation.

## PARTIES

2. Plaintiff, Jung Soon Lee (deceased) is an individual, a resident of Korea and is represented by her uncle and personal representative, Mr. Lee Jung Soon. Mr. Sung Young Lee is a resident of Saipan, Commonwealth of the Northern Mariana Islands (CNMI).

3. Defendant, Dong Guk Corporation (hereafter referred to as "Defendant") is a corporation duly organized under the laws of the CNMI and was conducting business in the CNMI at all times pertinent to this complaint.

4. Defendant, Dongbu Insurance Company Ltd., (hereafter referred to as "Defendant Dong Bu") is a corporation organized under the laws of the CNMI and was conducting business in the CNMI at all times pertinent to this complaint.

## CAUSES OF ACTION

(Serving Alcoholic Beverages after 2:00 a.m., opening Business Establishment after 2:00 a.m. and Serving Alcoholic Beverages to Apparently Intoxicated Customer and Negligence)

5. Paragraphs one (1) through four (4) of the complaint are incorporated as if fully set out here.

6. Defendant operates a restaurant in Chalan Kanoa known as Seafood House / Han Kuk Ban Jeon Restaurant serving, among other things, seafood and alcoholic beverages.

7. On the early morning of August 02, 2004, Gyun Jin Kim, Lee Jung Soon, Park Jin Joo and several other students were at Defendant's business establishment as customers.

8. These students are from Korea who have traveled to the Commonwealth to advance their higher education through Northern Marianas College.

9. On that early morning of August 02, 2004, Defendant kept its business operation open and caused to served alcoholic beverages on the students and other customers between the hours of 1:00 a.m. to 3:00 a.m.

10. Specifically, Defendant knew that Gyu Jin Kim, one of its customers, was apparently intoxicated but continued to serve alcoholic beverages well after 2:00 a.m.

11. On that early morning at around 3:00 a.m.— after leaving Defendant's business establishment — Gyu Jin Kim was extremely intoxicated, drove the vehicle to a Karaoke Bar but the Karaoke Bar was closed. Defendant continued to drive the vehicle and somewhere in Chalan Kanoa Beach Road, in front of Susupe Beach Park, rammed into a flame tree causing extreme injuries resulting in the death of one of her passengers, Lee Jung Soon.

12. Based on information and belief, Defendant had secured the proper license and was duly authorized to sell and serve alcoholic beverages up to 2:00 a.m.

13. Defendant's conduct violated 4 CMC§ 5554 by serving alcoholic beverages after 2:00 a.m. and by keeping its business operation and its customers after 2:00 a.m.

14. Defendant has a duty to stop serving alcoholic beverages by 2:00 a.m. and close its business premises by 2:00 a.m.

15. Defendant also has a duty to deny service of alcoholic beverages to apparently intoxicated individuals.

16. Defendant also has a duty to ensure that its patrons and customers are safe in the premises.

17. Defendant also has a duty not to create a dangerous condition to its patrons and customers.

18. The police report generated from the accident indicated that Gyu Jin Kim was intoxicated and operated the vehicle while under the influence of alcohol.

19. Serving alcohol to individuals that are apparently intoxicated is a breach of duty of due care and illegal. *See,* 4 CMC § 5558.

20. Defendant breached its duty and as a direct and proximate result of the intentional, wilful, recklessness, carelessness, and negligence of Defendant, it's agents or employees by serving beverages and keeping its Business establishment beyond the time authorized by law and creating a dangerous condition to Gyu Jin Kim and Lee Jung Soon, Gyu Jin Kim became extremely intoxicated, drove the vehicle and rammed into a flame tree and sustained vehicle damage, serious personal injuries resulting in death and severe pain and suffering to Lee Jung Soon.

**SECOND CAUSE OF ACTION**

**(Insurance Direct Cause of Action)**

21. Paragraphs one (1) through twenty (20) of the complaint are incorporated as if fully set out here.

22. Defendant Dongbu is and at all times mentioned was the insurer of Defendant mentioned above.

23. Defendant Dongbu is liable to Plaintiff pursuant to 4 CMC § 7502 (e) according to the insurance policy issued to Defendant for the allegations mentioned above against Defendant to the extent of the policy limit.

## THIRD CAUSE OF ACTION

*(A violation of the Consumer Protection Act)*

24. Paragraphs one (1) through twenty three (23) of the complaint are incorporated as if fully set out here.

25. Defendant knew that it was against the law to serve alcohol to customers including Plaintiff after 2 a.m. *See* Exhibit A, page 9-10 and Exhibit B, page 14-15 as attached hereto and made and incorporated herein as part of this complaint.

26. Despite knowing the law, Defendant served alcohol to customers including Plaintiff at its restaurant passed 2 a.m.  *See* Exhibit A, page 9-10 and Exhibit B, page 14-15.

27. Defendant violated 4 CMC§ 5554 by serving alcohol to customers including Plaintiff at its restaurant passed 2 a.m.

28. Indeed, on August 04, 2004, Defendant served alcoholic beverages customers and Plaintiff despite knowing that it was a violation of the Commonwealth law.

29. Defendant violated the Commonwealth of the Northern Mariana Islands (hereafter ("CNMI") Consumer Protection Act including but not limited to the following:

> **5 CMC § 5105.  Unlawful Acts or Practices**
>
> The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful:
>
> . . . .
>
> (e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval,

status, affiliation, or connection that the person does not have;

. . . .

(l) Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding;

(m) Engaging in any act or practice which is unfair or deceptive to the consumer;

. . . .

(r) Introducing into commerce any good or service which the merchant knows or should know is unsafe or which the merchant knows or should know may cause an unsafe condition in normal use, including performing a service which may cause an unsafe condition.

30. Moreover, the Defendant served alcoholic beverages beyond 2:00 a.m. to Korean customers, including Plaintiff, only and does not serve to Chamorros, Carolinians or other ethnicity or race in violation of the Consumer Protection Act pursuant to 5 CMC § 5120 which states that "It is an offense for any merchant to discriminate in commerce with any person on the basis of the race, color, creed, religion, sex, age, ethnic background, national origin, citizenship, or place of birth or residence of the person."

31. Defendant breached its duty to obey the law and as a direct and proximate result of the intentional, wilful, recklessness, carelessness, and negligence of Defendant, it's agents or employees by serving beverages and keeping its Business establishment beyond the time authorized by law and creating a dangerous condition to Gyu Jin Kim and Lee Jung Soon, Gyu Jin Kim became extremely intoxicated, drove the vehicle and rammed into a flame tree and sustained vehicle damage, serious personal injuries resulting in death and severe pain and suffering to Lee Jung Soon.

32. Wherefore, Plaintiff is entitled to compensatory damages, actual damages and attorney fees and costs pursuant to the Consumer Protection Act, including 5 CMC § 5112.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment as follows:

1. Against Defendants for compensatory damages and for medical care and expenses, bodily injury, funeral expenses and loss of earnings, in the amount to be proven at trial;

2. Against Defendant for pain and suffering, emotional distress and mental anguish in the amount to be proven at trial;

3. Against Defendant for violating the CNMI Consumer Protection Act;

4. Against Defendants for costs and reasonable attorney's fees; and,

5. For such other and further relief to which Plaintiff is entitled to receive at law and/or in equity even though not demanded for in any of her pleadings.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial of her peers on all issues so triable.

DATED:  04 / 02 / 2007 .

                         **TORRES BROTHERS, LLC.**

                           /s/ Vincent DLG. Torres
                         VINCENT  DLG. TORRES Attorneys for Plaintiff