Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Dong Guk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNG SOON LEE, (Deceased) | ) CIVIL ACTION NO 05-00031 |
| By SUNG YOUNG LEE, Personal | ) |
| Representative | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| DONG GUK CORPORATION and | ) |
| DONGBU INSURANCE COMPANY, | ) |
| LTD | ) |
| | ) **MEMORANDUM SUPPORTING** |
| Defendants | ) **MOTION TO DISMISS OR** |
| | ) **ALTERNATIVELY FOR** |
| DONG GUK CORPORATION | ) **SUMMARY JUDGMENT** |
| | ) |
| Third Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| GYUN JIN KIM | ) April 26, 2007 |
| | ) |
| Third Party Defendant | ) 9:00 a.m. |
| _____ | ) |

## FACTS

The undisputed facts are that Dong Guk owns and operates a restaurant on Saipan. On or

about the night of August 1, 2004, the decedent Jung Soon Lee was with Gyu Jin Kim and 6

other persons at Dong Guk 's restaurant. Plaintiffs Amended and Supplemental Response To First Set of Interrogatories Interrogatory No. 4 ("Interrogatory No__")[1]. Jung Soon Lee, Gyu Jin Kim and their companions ordered and consumed alcohol while at Dong Guks's restaurant. Interrogatory Nos. 3 - 6.

Jung Soon Lee, Gyu Jin Lee and their other companions departed Dong Guk's restaurant and headed for a place known as the Karaoke Bar. First Amended Complaint ("FAC") at ¶ 11. The Karaoke Bar was closed. FAC at ¶ 11. Jung Soon Kim was a passenger in the vehicle driven by Gyu Jin Kim. FAC at ¶ 11. After learning the Karaoke Bar was closed, Gyu Jin Kim, with Jung Soon Lee as a passenger, was driving on Beach Road in Chalan Kanoa. FAC at ¶ 11. The vehicle Gyu Jin Kim was driving and in which Jung Soon Lee was a passenger rammed into a flame tree. FAC at ¶ 11. Jung Soon Lee died as a result of the motor vehicle accident. FAC at ¶ 11.

At the time of her death, Jung Soon Lee did not have any children. Request For Admission ("RFA") No. 10[2]. Jung Soon Lee was not married at the time of the accident. RFA No. 11. Jung Soon Lee's parents are still living. Interrogatory No. 20. Jung Soon Lee also has a grandfather and brother who are living. Interrogatory Nos. 11 and 20. Sung Young Lee is Jung Soon Lee's uncle. FAC at ¶ 2.

---

[1]The interrogatories are attached to the Declaration of Counsel in Support of Summary Judgment ("Counsel Declaration") as Exhibit C.

[2]The Request for Admissions are attached to the Counsel Declaration as Exhibit A.

I.    **THE COMPLAINT AGAINST DONG GUK SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF AS COMMONWEALTH LAW DOES NOT PROVIDE A CIVIL REMEDY FOR THE CONDUCT ALLEGED IN THE COMPLAINT**

A.    **STANDARD FOR A FRCP RULE 12(b)(6) MOTION TO DISMISS**

A motion to dismiss under FRCP Rule 12(b)(6)  tests the legal sufficiency of the claims asserted in the complaint. *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1462  (C.D.Cal. 1996).   A Rule 12(b)(6) dismissal is proper only where there is a "lack of a cognizable legal theory" *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1988) or where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. *Yamaguchi v. Department of the Air Force*, 109 F.3d 1475, 1480 (9th Cir.1997); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). In ruling on a Rule 12 (b)(6) motion, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 337-38 (9th Cir.1996). However, the court should not accept conclusory legal allegations "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged" in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994).

B.    **A PRIVATE CLAIM FOR RELIEF DOES NOT EXIST FOR VIOLATION OF THE COMMONWEALTH'S ALCOHOL BEVERAGE CONTROL LAWS**

The Commonwealth Supreme Court recognizes and has expressly held that  an act which constitutes a crime does not amount to a tort in the absence of statutory authority. *I.G.I. General*

*Contractor & Dev., Inc. v. Public School System*, 1999 MP 12 at ¶ 13, 5 N.M.I. 250, 1999 WL

33595880 at 2 (N.M.I. 1999). *See e.g.*, *.Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1197

(C.D.Cal.,2001)[ Plaintiffs may not premise civil liability on the alleged violation of federal

criminal statutes which do not provide, as a general matter, private causes of action].

      The Commonwealth Alcohol Beverage Control ("ABC") statutes prohibit the possessor of

an on-premise ABC license from selling alcohol after 2:00 a.m. unless otherwise provided. 4

CMC § 5554. It further prohibits selling alcohol to a person who is obviously intoxicated. 4 CMC

§ 5558.  The ABC law criminalizes violation of the two statutes as it provides that:

> [a]ny person who violates, causes or permits a violation or fails or refuses to
> comply with any provision of this chapter or any order or regulation of the
> board not inconsistent with the provision of this chapter for which a specific
> penalty is not provided, is guilty of a misdemeanor, punishable by a fine of not
> more than $500, or by imprisonment of not more than one year, or by both such
> fine and imprisonment.

4 CMC § 5594. The ABC laws also provide that any criminal punishment is "in addition to and

independent of the power of the board to suspend or revoke any license." 4 CMC § 5593.

Commonwealth law, therefore, provides penal and administrative sanctions for a violation of the

ABC laws, but it does not provide for a private cause of action for recovery. Plaintiff predicates

his single claim for relief against Dong Guk on the alleged violation of  §§ 5554 and 5558. First

Amended Complaint at ¶¶ 5 - 20.  *I.G.I.  General Contractor & Dev., Inc.*, precludes such a claim

for relief.  *See e.g. Villagomez Castro v. Division of Public Lands*,  1997 MP 29 at ¶ 16, 5 N.M.I.

131, 134, 1997 WL 33480927 at 4 (N.M.I. 1997).

**B.      PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF AGAINST DONG GUK AS THE COMMONWEALTH DOES NOT HAVE A DRAM SHOP ACT**

At common law, dram shop immunity is generally extended to commercial providers of alcohol and social hosts alike. *Christiansen v. Christiansen*, 152 P.3d 1144, 1146 (Alaska, 2007). The reason for this common law rule is based on the rationale  that the proximate cause of the intoxication was not the furnishing of the alcohol, but rather the consumption of the alcohol. *Nolan v. Morelli*, 226 A.2d 383, 386 (1967). It was reasoned that a person could not become intoxicated by alcohol furnished to him or her,  if he or she did not drink it.  *Id*.  To alleviate this common law rule , "[m]ost states have adopted laws that have narrowed the scope of dram shop immunity by adopting laws that allow commercial providers of alcohol to be held accountable for furnishing liquor to intoxicated persons under certain circumstances, while continuing to hold social hosts immune.." *Christiansen*, 152 P.3d at 1146.

In *Bland v. Scott*,  112 P.3d 941(Kan. 2005) a wrongful death and survivorship action was brought by the personal representative of a deceased innocent third party who was killed in a motor vehicle accident involving a drunk driver. The deceased was a passenger in the vehicle struck by the drunk driver. The case was dismissed for failure to state a claim as there was not a dram shop statute. In affirming the dismissal the Kansas Supreme Court recognized that:

> [t]he facts herein are tragic. We are very aware that deaths and injuries on our highways caused by intoxicated drivers are a major problem for Kansas and the nation. In recent years, the legislature has increased the penalties for convictions of driving under the influence in the effort to reduce the carnage. As previously discussed in this opinion and in our previous decisions, the imposition of liability on vendors and/or providers of intoxicating beverages in favor of injured third parties involves very complex issues of public policy which the legislature is best equipped to determine and establish

112 P.3d at 974. Similarly, in *Wright v. Moffitt*, 437 A.2d 554 (Del. 1981) the Delaware Supreme

Court ruled that:.

> ...our Courts have recognized that the General Assembly has the power and
> responsibility to license and regulate the use and sale of alcoholic beverages for
> the benefit of the public. And since repeal of the Eighteenth Amendment the
> regulation and control of those persons engaged in the sale of alcoholic
> beverages has been affected by a comprehensive Alcoholic Beverage Control
> Act.(citation omitted)In our opinion, the creation of a cause of action against
> one who is licensed to sell alcoholic beverages, under the circumstances alleged
> here, involves public policy considerations which can best be considered by the
> General Assembly.(footnote omitted).

437 A.2d at 555- 556. *Moffitt* further recognized that given the parameters that must be drawn in

connection with dram shop liability, only the legislature can effectively make such policy

decisions. The Court reasoned that:

> ..the alcoholic beverage business has been traditionally governed by the
> Legislature, but also because the issue has many practical implications; **for
> example: should any such liability extend to a hotel dining room or
> restaurant owner (or to a social host) as well as to a "tavern" owner?**
> should it extend to assaults or other torts by an inebriated patron? **to whom
> should such a cause of action accrue?** should there be a special rule for
> minors? And, inevitably, if a cause of action were recognized under any of these
> circumstances, a commercial dispenser of alcoholic beverages (and, probably, a
> social host) would be a party to every suit in which an intoxicated person is
> alleged to have committed a tortious act....the General Assembly is in a far
> better position than this Court to gather the empirical data and to make the fact
> finding necessary to determine what the public policy should be as to a Dram
> Shop law, and the scope of any such law.

*Id* (emphasis added).

In this case, defendant is a restaurant and not a tavern or bar. FAC at ¶ 6. Also, the

deceased, Jung Soon Lee was not a passenger in another vehicle. FAC at ¶ 11. She was a

passenger in the vehicle driven by Gyn Jin Kim.  FAC at ¶ 11. Only the legislature should decide

whether a claim for relief, if any, should exist under such circumstances which are in derogation

of the common law.  This is particularly so since the Commonwealth judiciary is constrained in fashioning any judiciary rule of law contrary to common law.  *See Ito v. Macro Energy, Inc.*, 4 N.M.I. 46, 56,  1993 WL 614805 at 9 (N.M.I. 1993).

The necessity for legislative action is further evidenced by 4 CMC § 5512 which expressly prohibits application of the ABC laws on the Commonwealth islands north of Saipan. Thus, pursuant to § 5512, the legislature has decided that on the islands north of Saipan, a person can give alcohol to a minor without any repercussions. Likewise, a person can furnish alcohol to an obvious intoxicated person in the islands north of Saipan without any repercussions. Moreover, a person does not need an ABC license to sell or distribute alcohol on the islands north of Saipan. These legislative choices further show that the creation of civil liability if any, regarding the furnishing or selling of alcohol  rests in the legislative dimension. The Commonwealth legislature has not enacted any law providing plaintiff with a private cause of action based on the allegations in the FAC.

## II.    FULL OR PARTIAL SUMMARY JUDGMENT FOR DONG GUK IS APPROPRIATE

### A.    STANDARD FOR SUMMARY JUDGMENT

In ruling on a motion for summary judgment, the court examines the record to determine whether the moving party established  the absence of any genuine issue of material fact as well as show entitlement to judgment as a matter of law. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987); *Chung v. World Corporation*, 2005 WL 1459674 at 1 ( D.N.Mar.I. 2005).  If the moving party meets its burden, the non-movant must present probative evidence showing the existence of a genuine issue of material fact. *Id.* On those issues for which it

bears the burden of proof, the moving party must make a showing that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.1986); *Chung*, 2005 WL 1459674 at 1. If the moving party does not bear the burden of proof at trial, the initial burden of showing that no genuine issue of material fact remains may be discharged by demonstrating the absence of evidence to support the non-moving party's case. *Chung*, 2005 WL 1459674 at 1. If the moving party meets its burden, then the responding party must present specific facts showing that a genuine material issue of fact exists. *Id.* A genuine material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing version of the truth. *S. E. C. v. Seaboard Corporation*, 677 F.2d 1289, 1293 (9th Cir. 1982). It is insufficient for the responding party to point to the mere allegations contained in the pleadings. Instead, it must submit an affidavit or identify other admissible evidence of specific facts demonstrating the existence of an actual issue for trial. *Chung,* 2005 WL 1459674 at 1. The evidence must be more than a mere "scintilla"; the responding party must show that the trier of fact could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Chung,* 2005 WL 1459674 at 1. Accordingly, summary judgment should be granted when the responding party's evidence is merely colorable  or is not significantly probative. *Eisenberg v. Insurance Co. of North America,* 815 F.2d 1285, 1288 (9th Cir.1987); *Chung*, 2005 WL 1459674 at 1.


**B.    SUMMARY JUDGMENT SHOULD BE ENTERED FOR DONG GUK ON THE ISSUES OF DAMAGES**

If a plaintiff can not prove allowable damages for a claim, then entering summary judgment for defendant is proper on that claim.  *Express, LLC v. Fetish Group, Inc*.

464 F.Supp.2d 965, 97 - 979 (C.D.Cal. 2006). To this extent, this action seeks to obtain a recovery

based on the death of  Jung Soon Lee. Thus,  *Indalecio v. Yarofalir*, 2006 MP 18 at ¶¶ 23 - 26,

2006 WL  2242754 at 7 - 9 (N.M.I. 2006) is the controlling Commonwealth case concerning an

action for damages arising from the death of a person.

        The common law does not provide a right of recovery for wrongful death. *Indalecio*, 2006

MP 18 at ¶ 9, 2006 WL  2242754 at 2. Accordingly, most states, if not all, have enacted some

form of legislation permitting some type of recovery for wrongful death.  2006 MP 18 at ¶ 12.

Generally, there are two types of statutory schemes providing for recovery upon a death. These

schemes are commonly known as "wrongful death" and "survivorship". *See* 2006 MP 18 at ¶ 15,

2006 WL  2242754 at 4. The distinction is that a "survivorship statute" "operates to perserve the

decedent's claim for damages.." *Id*. ln other words, "the claim 'survives' the decedent and belongs

to the estate." *Id*. "A pure wrongful death statute, by contrast, creates a new cause of action upon

the death of the decedent which provides a remedy to the survivors for their injuries."  *Id*.  The

Commonwealth has enacted a wrongful death statute , 7 CMC § 2101,  which is based on Lord

Campbell's Act which was first enacted in England in 1846. 2006 MP 18 at ¶ 13, 2006 WL

2242754 at 4. Section 2101 is a "pure" wrongful death statute as it precludes any recovery for a

decedent's own injuries, but allows the decedent's heirs to recover for their own injuries. 2006

MP 18 at ¶¶ 17, 20 and 22, 2006 WL  2242754 at 5 - 7. *See* 7 CMC § 2102["Every action for

wrongful death must be brought in the name of the personal representative of the deceased, **but

shall be for the exclusive benefit of the surviving spouse, the children and other next of kin,

if any, of the decedent as the court may direct.**" (Emphasis added")]. The Commonweaith does

not have a survivorship statute or any law which allows recovery for the injuries suffered by the

decedent. *Indalecio*, 2006 MP 18 at ¶ 22, 2006 WL 2242754 at 7 [Plaintiff "cannot recover for decedent's injuries, regardless whether she is acting as decedent's personal representative under our wrongful death statute or as administratrix of decedent's estate pursuant to any probate proceeding."]

1.    **PLAINTIFF CAN NOT PROVE ANY COMPENSABLE NON ECONOMIC DAMAGES**

The Commonwealth's wrongful death statute does not provide for recovery of non economic damages. 2006 MP 18 at ¶ 28, 2006 WL 2242754 at 9 [It is obvious that in enacting the wrongful death statute " our legislature created a right to recover only pecuniary losses."]. The legislature did, however, create an exception for a parent who loses a child. *Id*. The legislature specifically allows a parent to recover for the mental pain and suffering the parent suffers as a result of losing a child, but only if the decedent is a "child" of the plaintiff. 2006 MP 18 at ¶ 29, 2006 WL 2242754 at 9. Indeed, 7 CMC § 2103( c)'s exception states " provided, however, that where the decedent was a child, and where the plaintiff in the suit brought under this chapter is the parent of that child, or one who stands in the place of a parent pursuant to customary law, the damages shall include mental pain and suffering for the loss of the child, without regard to provable pecuniary damages."

Although the decedent's parents are still alive, the plaintiff in this case is the decedent's uncle. FAC at § 1. In any event, there is not any evidence showing that either of decedent's parents experienced any pain and suffering resulting from their daughters death.

Interrogatory No. 15 inquired as to the alleged non economic damages. The response was

that plaintiff had suffered emotional distress, mental anguish, loss of life and pain and suffering. Interrogatory No. 16 asked about the facts relied on in determining or calculating the non-economic damages. Plaintiff answered that the degree and severity of the injuries to decedent's body as well as emotional distress and the loss of life. Interrogatory No. 17 asked plaintiff to identify the persons who possess knowledge of the non economic damages plaintiff identified Park, Jin Joo, Jung Soon Lee and Gyu Jin Kim.  Declaration of Counsel ("Counsel Declaration") Exhibit C at 7 - 9. Jung Soon Lee is the deceased. FAC at ¶ 2. Gyu Jin Kim was the driver of the car in which the decedent was a passenger. FAC at ¶ 11. Interrogatory No. 6 establishes that Park, Jin Joo was one of the other six people who were with Gyu Jin Kim and Jung Soon Lee. Counsel Declaration Exhibit C at 4. Moreover, the FAC expressly seeks recovery for the "personal injuries resulting in the death and severe pain and suffering to Lee Jung Soon." FAC at  ¶ 20.  This shows that the non economic damages are for the death and pain and suffering suffered by the decedent. Indeed, decedent's parent are not identified as having any mental pain and suffering pain and they are not identified as having any personal knowledge of mental pain and suffering. Interrogatories No. 15 - 18. Likewise, the complaint does not allege that either parent  suffered any mental pain and suffering. *See* FAC at ¶¶ 1 - 20. Since the Commonwealth does not have a survivorship statute, *Indalecio*, 2006 MP 18 at ¶ ¶ 17, 20 and 22,  2006 WL  2242754 at 5 - 7,  the non economic damages which plaintiff seeks to recover are not allowable under Commonwealth law. 2006 MP 18 at ¶ 22, 2006 WL  2242754 at 7.

**2.      PLAINTIFF CAN NOT PROVE ANY RECOVERABLE PECUNIARY DAMAGES**

Generally, the Commonwealth's wrongful death statute allows a decedent's heirs  to

recover for their own pecuniary damages.  2006 MP 18 at ¶ 28, 2006 WL  2242754 at 9.

Pecuniary damages are deemed to be the financial losses an heir has or will have due to the

decedent's death.   2006 MP 18 at ¶ 19,  2006 WL  2242754 at 6. The amount of damages is

determined by the amount of support and amenities suffered by the decedent's heirs or

beneficiaries plus any contributions the deceased  made or would have made to the heirs. *Ito*, 4

N.M.I. at 63. *See Indalecio*, 2006 MP 18 at ¶¶ 18 - 19,  2006 WL  2242754 at 5 - 6. Plaintiff does

not identify any such pecuniary damages.

    Interrogatory No. 11 requests plaintiff to identify the economic damages. Plaintiff

identified the decedent's loss potential and future income and earning capacity, the expenses for

the grave and coffin, and the expenses for decedent's mother, father, and grandfather in traveling

to Saipan for the funeral.  Counsel Declaration Exhibit C at 6.

    As previously established, the Commonwealth does not have a survivorship statute.

*Indalecio*, 2006 MP 18 at ¶¶ 17, 20 and 22, 2006 WL  2242754 at 5 - 7. Recovery is limited to

pecuniary loss which is the amount of loss suffered by or will be suffered by decedent's heirs . *See*

*Ito*, 4 N.M. I. at 64, 1993 WL 614805 at 19. Thus, there is not any recovery for the decedent's

"loss potential and future income and earning capacity" as purportedly calculated by plaintiff's

designated expert.  *See* Counsel Declaration Exhibit D.  The decedent's heirs or next of kin can

only recover for their own pecuniary lost.  *See Ito*, 4 N.M. I. at 64, 1993 WL 614805 at 19.

Plaintiff's interrogatory answers do not identify any such pecuniary loss. *See* Counsel Declaration

Exhibit C.  For instance, the answer to Interrogatory No. 13 only identifies plaintiff's designated

expert as the person with knowledge of the economic damages. There is not any mention of any of

decedent's parents or other next of kin. Counsel Declaration Exhibit C at 7. The emphasis is on

decedent's purported "loss potential and future income and earning capacity." The decedent's "loss potential and future income and earning capacity" is not the measure of pecuniary damages recoverable under the Commonwealth's wrongful death statute. *See Ito*, 4 N.M. I. at 64 - 65, 1993 WL 614805 at 19 - 22.

While *Ito* recognizes that burial expenses can be recovered, *Ito*, 4 N.M. I. at 64, 1993 WL 614805 at 19, there is not any evidence that the burial expenses were paid by the decedent's next of kin. See Counsel Declaration Exhibit C at 6.

### C.    SUMMARY JUDGMENT IS APPROPRIATE AS JUNG SOON LEE WAS A CO-ADVENTURER OR IN COMPLICITY WITH GYU JIN KIM

Under the common law doctrine of "complicity," one who drinks with the inebriate is precluded from suing for any damages suffered as a result of her companion's intoxication. *Walter v. Carriage House Hotels, Ltd.*, 607 N.E.2d 662 (lll. App. 1993). The facts establish that decedent was Gyu Jin Kim's companion and they drank together with others. Moreover, decedent was not forced to be a passenger in the vehicle driven by Gyu Jin Kim. *See* Interrogatory Answers and RFA. The facts are conclusive that decedent was in complicity with Gyu Jin Kim which thereby precludes any recovery arising from her death.

### III.    THE COMPLAINT SHOULD BE DISMISSED OR ALTERNATIVELY SUMMARY JUDGMENT SHOULD BE GRANTED AS PLAINTIFF HAS PLED A SURVIVORSHIP CLAIM INSTEAD OF A WRONGFUL DEATH CLAIM

Pursuant to *Indalecio* dismissal is not proper if a complaint can be construed as pleading an action for wrongful death as opposed to a survivorship action. 2006 MP 18 at ¶¶ 25, 26 and

32. In this case, as opposed to *Indalecio,* the complaint seeks damages only for the decedents injury. *See* FAC at ¶¶ 1 - 20. Plaintiff has pled a survivorship action instead of a wrongful death action. The FAC does not directly allege or imply each element of a prima facie case for wrongful death. This renders dismissal of the complaint proper. *See* 2006 MP 18 at ¶¶ 25, 26 and 32.

**CONCLUSION**

It is tragic when a young life is cut short. However, the tragic alcohol related death of Jung Soon Lee does not automatically give rise to a claim for relief against Dong Guk. The Commonwealth legislature has not enacted any statute imposing civil liability on a commercial vendor of alcoholic beverages under any set of facts. This precludes plaintiff from maintaining any claim against Dong Guk. Nevertheless, even if plaintiff could maintain a claim against Dong Guk, the complaint alleges a survivorship action instead of a wrongful death action as allowed under Commonwealth law.

Alternatively, if plaintiff has pled a cognizable claim for relief against Dong Guk, summary judgment is appropriate as the damages plaintiff seeks to recover are not allowed under the Commonwealth's wrongful death statute.

Law Office of G. Anthony Long


By:_____/s/_____
         G. Anthony Long
