Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Dong Guk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNG SOON LEE, (Deceased) By SUNG YOUNG LEE, Personal Representative<br><br>         Plaintiff<br><br>       v.<br><br>DONG GUK CORPORATION and DONGBU INSURANCE COMPANY, LTD<br><br>       Defendants<br><br>DONG GUK CORPORATION<br><br>    Third Party Plaintiff<br><br>       v.<br><br>GYUN JIN KIM<br><br>    Third Party Defendant | ) CIVIL ACTION NO 05-00031<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **DECLARATION OF COUNSEL SUPPORTING**<br>) **MOTION FOR SUMMARY JUDGMENT**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) April 26. 2007<br>)<br>) 9:00 a.m.<br>) |

1.      Attached hereto as Exhibit A is a copy of Plaintiffs Response to Defendant's Request to

      Admit.

2.      Attached hereto as Exhibit B is a copy of a letter to plaintiff's counsel concerning

      disclosure of damage calculations.

3.      Attached hereto as Exhibit C is a copy of plaintiff's amended and supplemental Response

To Dong Guk Corporation's First Set of Interrogatories

4.      Attached hereto as Exhibit D is a copy of the purported calculation of decedent's "

income" together with a cover letter from plaintiff's counsel.


I declare under penalty of perjury pursuant to the laws of the United States of America

that the above are true and correct and execute this declaration on Saipan this 3rd day of April,

2007.

G. Anthony Long

# EXHIBIT   A

1    Victorino DLG. Torres, Esq.
       TORRES BROTHERS, LLC.

2    Attorneys At Law
       P.O. Box 501856

3    Bank of Guam Bldg., 3rd Floor

4    Saipan, MP  96950
       Tel:  670-233-5504/06

5    Attorneys for Plaintiff

6

             IN THE UNITED STATES  DISTRICT COURT
                         FOR THE

7                 NORTHERN MARIANA ISLANDS

8                          CIVIL ACTION NO. 05-0031

9    JUNG SOON LEE, (Deceased) By SUNG

10   YOUNG LEE, Personal Representative,

11         Plaintiff,
                        **PLAINTIFF'S RESPONSE TO DONG GUK**
                        **CORPORATION'S REQUEST FOR**

12      v.                       **ADMISSIONS**

13    DONG GUK CORPORATION,

14         Defendants.

15

16         In response to Defendant's Request for Admission, Plaintiff responds as follows:

17   1.     Jung Soon Lee knew Gyu Jin Kim was intoxicated immediately prior to the accident.

18       Deny.

19

20   2.     Jung Soon Lee was a voluntary and willing passenger in the vehicle driven by Gyu Jin

21       Kim at the time of the accident.  Deny.

22   3.     Jung Soon Lee knew Gyu Jin Kim was intoxicated when Jung Soon Lee voluntarily and

23       willingly became a passenger in the vehicle driven by Gyu Jin Kim immediately prior to

24       the accident.  Deny.

25   4.     Jung Soon Lee consumed alcohol after 2:00 a.m. on or about August 2, 2004.  Admit.

26   5.     Jung Soon Lee was intoxicated at the time of the accident.  Admit.

27

28   6.     On the night of the accident, Gyu Jin Kim consumed alcohol at business establishments

other than defendant's business establishment.  Deny.

7.     On the night of the accident, Jung Soon Lee consumed alcohol at business establishments

other than defendant's business establishment.  Deny.

8.     Defendant did not serve Gyu Jin Kim any alcoholic beverage after 2:00 a.m. on or about

August 2, 2004, the date of the accident.  Deny.

9.     Jung Soon Lee was not employed at the time of the accident.  Deny.

10.    Jung Soon Lee does not have any children.  Admit.

11.    Jung Soon Lee was not married at the time of the accident.  Admit.

12.    Jung Soon Lee was residing on Saipan at the time of the accident.  Admit.

13.    Gyu Jin Kim's intoxication was not the proximate cause of the accident.  Deny.

Respectfully submitted this 17th day of November, 2006.

TORRES BROTHERS, LLC.

_____ /s/ Victorino DLG. Torres
VICTORINO DLG. TORRES, Bar No. F0253
Attorneys for Plaintiff, Mrs. Sablan

_____ /s/ Sung Young Lee
Personal Representative of Jung Soon Lee,
(deceased).

_____
Interpreter (English-Korean Language)

-2.-

## ACKNOWLEDGMENT

    The foregoing answers to interrogatories were duly acknowledged before me this _1st_ day of November, 2006 by Sung Young Lee, in his capacity as personal representative of Jung Soon Lee, known to me or proven to me to be the same person who executed the foregoing document.

    In witness whereof, I have hereunto set my hand and affixed my official seal on the date and year first above written.

Notary Public

RALPH DLG. TORRES
Notary Public
Commonwealth of the Northern Mariana Islands
My Commission Expires: _Apr 1, 2007_
P.O. Box 501856
Saipan, MP 96950

-3.-

EXHIBIT    B

**LAW OFFICE OF G. ANTHONY LONG**
P. O.  Box 504970
San Jose, Saipan, MP 96950
Telephone: 670.235.4802 / Fax: 670.235.4801
e-mail: gal@nmilaw.com

March 17, 2007

**VIA FAX AND HAND DELIVERY**
**FAX 670.235.5510**

Victorino DLG Torres, Esq.
Torres Brothers LLC
Bank of Guam Building, Third Floor
P. O. Box 501856
Saipan, MP 96950

Re: *Lee v. Dong Guk*, DC. Civil Action No. 05-0031

Dear Vic:

I have not yet received the supplement to Interrogatories 11, 12, 13 and 14 concerning the claimed economic damages, if any. You should be aware that the duty to disclose damage calculations is required by Rule 26 discovery disclosures without any necessity for a request from the defendant. *E.E.O.C. v. GLC Restaurants, Inc.*, 2007 WL 30269 at 9 (D.Ariz., 2007). Thus, there can not be a justifiable reason for this prolonged delay in providing the damage calculations. Failure to provide the damage calculation is unduly prejudicial to Dong Guk as it cannot adequately prepare for trial when it is left guessing as to the economic damages being sort in this case.

Also, I have not yet been advised if plaintiff is going to disclose the settlement with Gyn Jin Kim and her insurer. Please let me know.

If your office will transmit a copy of plaintiff's interrogatories in either the word or wordperfect format, Dong Guk will supplement its interrogatory responses to include the questions.

It will be appreciated if you can give the above matters your most immediate attention.

Regards,

G. Anthony Long

cc: Tom Clifford, Esq.

EXHIBIT   C

FAX-IN
3/22/07

1   Victorino DLG. Torres, Esq.
    TORRES BROTHERS, LLC.
2   Attorneys At Law
    P.O. Box 501856
3   Bank of Guam Bldg., 3rd Floor
    Saipan, MP  96950
4   Tel: 670-233-5504/06
5   Attorneys for Plaintiff

6

7               IN THE UNITED STATES  DISTRICT COURT
                            FOR THE
8                   NORTHERN MARIANA ISLANDS

9                                    CIVIL ACTION NO. 05-0031

10  JUNG SOON LEE, (Deceased) By SUNG
    YOUNG LEE, Personal Representative,

11              Plaintiff,                  PLAINTIFF'S AMENDED AND
                                            SUPPLEMENTAL RESPONSE TO DONG
12      v.                                  GUK CORPORATION'S FIRST SET OF
                                            INTERROGATORIES
13  DONG GUK CORPORATION,

14              Defendants.

15

16

17

18          COMES NOW, Sung Yung Lee, the personal representative of Jung Soon Lee

19  (Deceased) and hereby responds as follows:

20  **INTERROGATORY NO. 1**

21          State the name, current address and current telephone number of each person, other than

22  Jung Soon Lee, that was in the motor vehicle driven by Gyu Jin Kim at the time of the accident.

23  **ANSWER:**

24          The passengers to the vehicle were Jung Soon Lee (deceased) whose address was P.O.

25  Box 505236 Saipan, MP  96950 in San Vicente (See Certificate of Death) and Jin Joo Park

26  whose address is unknown at this time and her phone number is 235-3535.

27

28

**INTERROGATORY NO. 2**

State exactly where each individual, including Jung Soon Lee was sitting in the motor vehicle driven by Gyu Jin Kim at the time of the accident.

**ANSWER:**

Based on information and belief and without having personal knowledge, Jin Joo Park was a passenger sitting on the back side of the vehicle and Jung Soon Lee was also a passenger sitting on the front. See Police Report.

**INTERROGATORY NO. 3**

Fully and comprehensively describe the type of alcoholic beverages and number of each type of alcoholic beverage that Gyu Jin Kim consumed during the ten hour period immediately prior to the accident and the location and time at the location where Gyu Jin Kim consumed such alcoholic beverages.

**ANSWER:**

Based on information and belief and without having personal knowledge, Gyu Jin Kim consumed alcoholic beverages at Defendant's premises. Gyu Jin Kim came to the Defendant's establishment sometimes around 12:45 a.m. to 1:00 a.m. and Defendants began to serve alcoholic beverages. The type of alcoholic beverage that Gyu Jin Kim was drinking is soju and beer.

**INTERROGATORY NO. 4**

Fully and comprehensively describe the type of alcoholic beverages and number of each type of alcoholic beverage that Jung Soon Lee consumed during the ten hour period immediately prior to the accident and the location and time at each location where Jung Soon Lee consumed

1   such alcoholic beverages.

2   **ANSWER:**

3       Based on information and belief and without having personal knowledge, Jung Soon Lee

4   consumed alcoholic beverages only at Defendant's premises.  Jung Soon Lee came to the

5   Defendant's establishment sometimes around 12:45 a.m. to 1:00 a.m. and Defendants began to

6   serve alcoholic beverages.  The type of alcoholic beverages that Jung Soon Lee was drinking is

7   
8   beer.

9

10  **INTERROGATORY NO. 5**

11      For each person identified in response to Interrogatory number 1, fully and

12  comprehensively describe the type of alcoholic beverages and number of each type of alcoholic

13  beverage that the person had consumed during the ten hour period immediately prior to the

14  accident and each location where the person consumed the alcoholic beverage.

15

16  **ANSWER:**

17  Based on information and belief and without having personal knowledge,

18      1.   Jung Soon Lee (deceased):  Consumed alcoholic beverages and it is believed to be

19           beer.  She consumed all the alcoholic beverages at the defendant's premises.

20      2.   Jin Joo Park:  Consumed alcoholic beverages.  The type of alcoholic beverage is

21           beer.  She consumed all the alcoholic beverages at the defendant's premises.

22
23      3.   Gyu Jin Kim: Consumed alcoholic beverages.  The type of alcoholic beverage is

24           Soju and beer.  She consumed all the alcoholic beverages at the defendant's

25           premises.

26

27  **INTERROGATORY NO. 6**

28

State the name, current address, current telephone number and current email address of each person whom you contend consumed alcohol at defendant's establishment after 2:00 a.m. on or about August 2, 2004.

**ANSWER:**

Based on information and belief and without having personal knowledge, there were numerous people at the establishment after 2:00 a.m. on or about August 02, 2004 and alcoholic beverages were served. The following individuals were at the establishment but to the extent that they consumed alcoholic beverages, the type of alcoholic beverages and the amount are unknown at this time. Accordingly, it is believed that the following individuals were present at the establishment at said time:

1. Kim, Mee Yeon:  483-8848 (9990)
2. Sim, Bo Mi        288-1135
3. Jung, Eun Gi      235-8132
4. Choi, Young Jin   233-5678
5. Choi, Ji Won      483-2701
6. Park, Jin Joo     235-3535
7. Jung Soon Lee     (Deceased)
8. Gyu Jin Kim       Contact Number unknown

**INTERROGATORY NO. 7**

Fully and comprehensively state how the accident occurred.

**ANSWER:**

Based on information and belief and without having personal knowledge, the accident occurred as stated in the police report. The Police Report is provided herewith.

-4.-

**INTERROGATORY NO. 8**

Fully and comprehensively state each duty owed to Jung Soon Lee which you contend was breached by defendant and the facts which support each contention.

**ANSWER:**

As stated in the complaint and is incorporated herein fully, Defendant has a duty to close the establishment and not serve any alcoholic beverages beyond the authorized legal time. Defendant kept the establishment open and continued to served alcoholic beverages to Jung Soon Lee, Park Jin Joo and Gyu Jin Kim. Defendant has a duty not to serve any alcoholic beverages to any individual who is also apparently intoxicated. Based on information and belief, Gyu Jin Kim was obviously intoxicated but Defendant continued to serve alcoholic beverages.

**INTERROGATORY NO. 9**

For each fact identified in your response to Interrogatory No. 8, please state the name, current address, current telephone number and current email address for each person known to you who possesses discoverable knowledge of the fact and the knowledge possessed by the person.

**ANSWER:**

Based on information and belief and without having personal knowledge, the individuals who are mentioned in the answer to Interrogatory No. 6 have knowledge. The specifics of their information are unknown. Also, Mr. David O. Sablan whose contact number is 285-6754 has stated that he too have entered Defendant's establishment on other occasions and have seen Defendants serve alcoholic beverages beyond the authorized legal time.

**INTERROGATORY NO. 10**

-5.-

For each fact identified in your response to Interrogatory No. 8, please identify each document known to you which supports the fact.

**ANSWER:**

No document is available in response to this interrogatory.

**INTERROGATORY NO. 11**

Fully and comprehensively identify the economic damages, you content they have been suffered as a result of the accident and the monetary value placed on such economic damages.

**ANSWER:**

The question is vague and confusing as to the word "they". Plaintiff is only obligated to respond to questions relating to plaintiff. Plaintiff does not contend economic damages for anyone else other than the economic damages suffered by Plaintiff.

Without waiving said objection and in the spirit of cooperation Plaintiff hereby states that damages are as follows:

1. Loss of potential and future income and earning capacity; See Expert Report by Mr. Bruce MacMillan;

2. Building Grave: (See bates No. 00046) $5,000.00;

3. Coffin: (See bates No. 00046) $600.00;

4. Funeral Expenses in the sum of $10,000.00; Jung Soon Lee's mother, father and grandfather came from Korea for her funeral. Their names are Song, Byung Ae, Lee, Kwan Young and Lee, Wol Seung.

**INTERROGATORY NO. 12**

Fully and comprehensively state the factors relied on in calculating the economic

damages and how you calculated the economic damages.

**ANSWER:**

See Response to question No. 11. Other than the actual expenses, the loss of earning and income was determined using different scenarios and was calculated by Mr. Bruce MacMillan.

**INTERROGATORY NO. 13**

For each economic damage identified in your response to Interrogatory No. 11, please state the name, current address, current telephone number and current email address of each person known to you who possesses discoverable knowledge of the economic damage and the knowledge possessed by each such person.

**ANSWER:**

Mr. Bruce MacMillan

c/o Victorino DLG. Torres

P.O. Box 501856

Saipan, MP   96950

**INTERROGATORY NO. 14**

For each economic damage identified in your response to Interrogatory No. 11, please identify each document known to you which supports the claimed economic damage.

**ANSWER:**

See Bates No. 00046 and response to question No. 11.

**INTERROGATORY NO. 15**

Fully and comprehensively identify the non- economic damages you content have suffered as a result of the accident and the monetary value placed on such economic damages.

-7.-

**ANSWER:**

Objection on the grounds that the question is confusing and non-sensical. The first request is on "non-economic damages" and then it request to place a value on such "economic damages". If the second part of the question is requested to the non-economic damage, (as it appears that is what it might be) then the following answers are provided. Plaintiff incorporates all of the contents of the Complaint in this response as to damages. Specifically without limitation, Plaintiff has suffered Emotional Distress, Mental Anguish, Loss of Life and Pain & Suffering. The placement of monetary value for each damage or injury has not been determined as of this time.

**INTERROGATORY NO. 16**

Fully and comprehensively state the factors relied on in calculating the non-economic damages and how you calculated the non economic damages.

**ANSWER:**

The factors that generally are included in determining the amount would be the entire injuries suffered by Plaintiff. This would include the degree and severity of her injuries to her physical body as well as mental and emotional distress. The severity would naturally include the loss of life.

**INTERROGATORY NO. 17**

For each non-economic damage identified in your response to Interrogatory No. 15, please state the name, current address, current telephone number and current email address of each person known to you who possesses discoverable knowledge of the non-economic damage and the knowledge possessed by each such person.

**ANSWER:**

1.  Park, Jin Joo  235-3535

2.  Jung Soon Lee(Deceased)

3.  Gyu Jin Kim   Unknown.  Korea.

**INTERROGATORY NO. 18**

For each non-economic damage identified in your response to Interrogatory No. 15, please identify each document known to you which supports the claimed economic damage.

**ANSWER:**

Based on information and belief and without having personal knowledge, the police officers and the responding personnel to the scene would have some discoverable information. The exact names of those officers and responding personnel are not known at this time.  The police report shows that officers responding and may have discoverable information.  It is also believed that Park, Jin Joo, passenger whose number is 235-3535 and Gyu Jin Kim may have discoverable information.  Additionally, the nurses and doctors who examined Plaintiff may have discoverable information.

**INTERROGATORY NO. 19.**

State the date, time and cause of Jung Soon Lee's death.

**ANSWER:**

The Certificate of death shows that the time and date of death was 4:22 a.m. on August 02, 2004.  The cause was Auto Accident.

**INTERROGATORY NO. 20**

State the name, date of birth, nature of relationship, current address, current telephone number and current email address of each heir of Jung Soon Lee.

-9.-

**ANSWER:**

Jung Soon Lee's parents and sibling are still alive. She died unmarried and without children. The names and contact numbers are as follows:

1. (Mother) Byung Ae Song whose date of birth is July 27, 1961

2. (Father) Lee, Kwan Young whose date of birth is July 01, 1957

3. (Brother) Lee, Tae Hoon, whose date of birth is March 06, 1986

Address:     459 – 311 Bongcheon 2 dong

Kwan – ak gu  Seoul City, Korea


**INTERROGATORY NO. 21**

State the amount of each and every settlement or compensation of any kind received by you as a result of Jung Soon Lee's death and the name, current address, current telephone number and current email address of the person making each such settlement or compensation payment.

**ANSWER:**

Objection on the ground that the question seeks confidential information, unduly prejudicial, irrelevant and will not reasonably lead to relevant evidence. Without waiving said objection, Plaintiff has settled a claim against AON Insurance and Gyu Jin Kim in the sum of $15,000.00.

**INTERROGATORY NO. 22**

State the time you contend Jung Soon Lee and Gyu Jin Kim departed defendant's business on the night or morning of the accident and fully and comprehensively explain why Jung Soon Lee got in the vehicle being driven by Gyu Jin Kim instead of calling a taxi or arranging for some other transportation.

-10.-

**ANSWER:**

Based on information and belief and without having personal knowledge, Jung Soon Lee (deceased) was also served with alcoholic beverages that it impaired her judgment. As a result of those alcoholic beverages impairing her judgment, she was unable to assess the dangers and risks associated with riding with a drunk driver. Jung Soon Lee (deceased) came with Gyu Jin Kim and the natural response is to ride with Gyu Jin Kim. They departed defendant's premises at or around 3:00 a.m. after consuming alcoholic beverages served by the defendant.

**INTERROGATORY NO. 23.**

State Jung Soon Lee's blood alcohol content at the time of her death.

**ANSWER:**

Based on information and belief and without having personal knowledge, Gyu Jin Kim was prosecuted for driving drunk and the information is available with the Office of the Attorney General, the Clerk of Court (Plea Agreement) and possibly with the Commonwealth Health Center.

Respectfully submitted this 22nd day of March, 2007.


TORRES BROTHERS, LLC.


_____/s/ Victorino DLG. Torres____
VICTORINO DLG. TORRES, Bar No. F0253
Attorneys for Plaintiff

-11.-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The foregoing answers to interrogatories were duly acknowledged before me this ___ day of March, 2007, in my capacity as personal representative of Jung Soon Lee and I have answered them to the best of my knowledge.

_____ /s/ Sung Young Lee
Personal Representative of Jung Soon Lee,
(deceased).

Interpreter (English-Korean Language)

-12.-

# EXHIBIT   D

# TORRES BROTHERS, LLC.
### ATTORNEYS AT LAW

BANK OF GUAM BUILDING, THIRD FLOOR
P.O. Box 501856
SAIPAN, MP 96950
TEL.: (670) 233-5506  FAX: (670) 233-5510

Victorino DLG. Torres, Esq.
Jaoquin DLG. Torres, Esq.
Vincent DLG. Torres, Esq.

March 2, 2007

VIA FACSIMILE

G. Anthony Long, Esq.
Attorney At Law
2nd Floor Lim's Bldg. San Jose
P.O. Box 504970
Saipan, MP  96950
Tel: (670) 235-4803
Fax: (670) 235-4801

Re:    Expert Witness Disclosure.  <u>Jung Soon Lee. (Deceased)by Sung Young Lee, Personal Representative v. Dong Guk Corporation</u>, Civil Action No. 05-0031.

Dear Anthony:

Attach you will find a summary of our expert witness for the loss of income of Jung Soon Lee.  The expert witness is a certified public accountant,

Mr. Bruce MacMillan, CPA
P.O. Box 501126
Saipan, MP  96950
Tel: (670) 483-4401

We will forward his resume once we receive it.

Please do not hesitate to contact my office at any time if you have any questions or wish to discuss this matter further.

Si Yu'us Ma'ase,

Victorino DLG. Torres
Attorney for the Representative of
Lee, Soon Jung

# ESTIMATED LOST INCOME DUE TO DEATH OF JUNG SOON LEE

DOB - April 24, 1983
DOD - August 2, 2004

Factual Summary:

1  NMC student majoring in art.
2  Good student.
3  Proficient in English.
4  Planned graduation in December 2006
5  Upon graduation, was to continue graduate school in HI majoring in accounting.
6  Assuming four years to complete earning a degree in accounting.
7  Planned on returning to Saipan to work in public accounting.
8  Career path or goal was to pass U.S. CPA examination.
9  Assume a thirty year working life.
10 Net present value discount rate of average thirty year T-bond for 02/2007 rounded to 5%

Potential Earnings Assumptions or Scenarios:

A. Graduates from NMC with Art Degree and stays in Saipan to work in the tourism industry. Earnings based upon the current minimum wage amount of $3.05 per hour commencing in 2007.

B. Same as "A" except that earnings are based upon $3.05 an hour commencing in 2007, $3.80 in 2008, $4.80 in 2009, $5.80 in 2010, $6.80 in 2011, $7.25 in 2012 and thereafter through rest of work life.

C. Maintain career path and goes to HI to attend graduate school majoring in accounting; graduates in December 2010. Returns to Saipan to work in public accounting at the following entry level and subsequent promotional levels (based upon discussion with Deloitte's Michael Johnson):
2007 & 2008 - In Graduate School
2009 & 2010 - In Graduate School
2011 & 2012 - Entry Level Salary at $33,000
2013 - 2014 - Entry Level Salary at $35,000
2015 - 2016 - Experienced Senior Accountant at $37,000
2017 - 2020 - Manager at $50,000
2021 - 2036 - Principal at $70,000

| YEAR | SCENARIO "A" ANNUAL EARNINGS | SCENARIO "B" ANNUAL EARNINGS | SCENARIO "C" ANNUAL EARNINGS |
|---|---|---|---|
| 2007 | $6,344 | $6,344 | $0 |
| 2008 | 6,344 | 7,904 | 0 |
| 2009 | 6,344 | 9,984 | 0 |
| 2010 | 6,344 | 12,064 | 0 |
| 2011 | 6,344 | 14,144 | 33,000 |
| 2012 | 6,344 | 15,080 | 33,000 |
| 2013 | 6,344 | 15,080 | 35,000 |
| 2014 | 6,344 | 15,080 | 35,000 |
| 2015 | 6,344 | 15,080 | 37,000 |
| 2016 | 6,344 | 15,080 | 37,000 |
| 2017 | 6,344 | 15,080 | 50,000 |
| 2018 | 6,344 | 15,080 | 50,000 |
| 2019 | 6,344 | 15,080 | 50,000 |
| 2020 | 6,344 | 15,080 | 50,000 |
| 2021 | 6,344 | 15,080 | 70,000 |
| 2022 | 6,344 | 15,080 | 70,000 |
| 2023 | 6,344 | 15,080 | 70,000 |
| 2024 | 6,344 | 15,080 | 70,000 |
| 2025 | 6,344 | 15,080 | 70,000 |
| 2026 | 6,344 | 15,080 | 70,000 |
| 2027 | 6,344 | 15,080 | 70,000 |
| 2028 | 6,344 | 15,080 | 70,000 |
| 2029 | 6,344 | 15,080 | 70,000 |
| 2030 | 6,344 | 15,080 | 70,000 |
| 2031 | 6,344 | 15,080 | 70,000 |
| 2032 | 6,344 | 15,080 | 70,000 |
| 3033 | 6,344 | 15,080 | 70,000 |
| 2034 | 6,344 | 15,080 | 70,000 |
| 2035 | 6,344 | 15,080 | 70,000 |
| 2036 | 6,344 | 15,080 | 70,000 |
| TOTAL | $190,320 | $427,440 | $1,530,000 |
| NPV | $97,623 | $209,371 | $607,622 |