Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Dong Guk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
### COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNG SOON LEE, (Deceased) ) | CIVIL ACTION NO 05-00031 |
| By SUNG YOUNG LEE, Personal ) | |
| Representative ) | |
|       Plaintiff ) | |
| ) | |
|     v. ) | |
| DONG GUK CORPORATION and ) | |
| DONGBU INSURANCE COMPANY, ) | |
| LTD ) | |
| ) | **MEMORANDUM OPPOSING** |
|       Defendants ) | **MOTION TO AMEND** |
| ) | |
| DONG GUK CORPORATION ) | |
| ) | |
|       Third Party Plaintiff ) | |
| ) | |
|     v. ) | |
| ) | |
| GYUN JIN KIM ) | May 3, 2007 |
| ) | |
|       Third Party Defendant ) | 9:00 a.m. |
| _____ ) | |

## PROCEDURAL BACKGROUND

Plaintiff filed suit in September 2005. This Court issued a scheduling order on October 28, 2005 which set a trial date of November 6, 2006 and May 5, 2006 as the deadline for motions to amend the pleadings. This scheduling order was amended on September 29, 2006 by among other things setting October 15, 2006 as the deadline for filing a motion to amend the pleadings and setting a trial date of May 7, 2007. Plaintiff filed an amended complaint on September 29, 2006. Now, on March 30, 2007, about five months after the deadline for amending the pleadings, two days before the close of discovery and about one month before the commencement of trail, plaintiff has moved to amend his complaint to allege a new claim for relief.

I. **PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED AS PLAINTIFF HAS NOT SATISFIED THE APPLICABLE LEGAL STANDARD**

A. **STANDARD FOR MOTION TO AMEND**

Generally, FRCP Rule 15(a) liberally allows for amendments to pleadings. *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000). However, if a motion to amend a pleading is made after the deadline set in the Court's

scheduling order then the motion is governed by FRCP Rule 16 which controls amendment to the scheduling order[1]. *Id*. The amended scheduling order issued in this case on September 29, 2006 provided that "all motions to amend pleadings shall be filed by October 15, 2006." Plaintiff previously amended his complaint within the temporal period established by the amended scheduling order. On March 30, 2007, more than four (4) months after the amended scheduling order deadline and about a month before trial, plaintiff now seeks to further amend his complaint. Rule 16 and not Rule 15 governs the motion to amend. *Coleman,* 232 F.3d at 1294.

FRCP Rule 16 allows a court to amend the scheduling order but only upon a showing of good cause and diligence *Id*. The Ninth Circuit, in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992), articulated Rule 16's "good cause" standard. According to J*ohnson*, Rule 16's good cause standard is more stringent than Rule 15(a)'s liberal amendment policy. 975 F.2d at 609. The good cause standard of Rule 16 primarily considers the **diligence** of the party seeking the amendment. Id. This means that a scheduling deadline could not be met despite the party's diligence. *Id*. Johnson indicates that carelessness is not

---

[1] Footnote 1 in this Court's scheduling orders places the parties on notice of this standard.

compatible with a finding of **diligence** and offers no reason for a grant of relief. *Id.*. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.* If that party was not **diligent**, the inquiry should end.

### B. PLAINTIFF HAS NOT SHOWN GOOD CAUSE UNDER RULE 16

In moving to amend plaintiff does not address Rule 16 or the good cause standard. To this extent, when Rule 16 is applicable and a plaintiff fails to discuss or address Rule 16's standard in seeking amendment to the pleadings, the plaintiff "has not established the good cause required by the Rule 16(b) standard." *Kenton v. Foster*, 2006 WL 3051981 at 1 (D. Ariz.2006). Nevertheless, plaintiff fails to show diligence or articulate any good cause for the late motion to amend.

Plaintiff represents to the Court that newly found evidence justifies his motion to amend. Specifically, plaintiff's moving memorandum represents to the Court that the newly discovered evidence is that Dong Guk has sold alcohol after 2:00 a.m. The record does not support this representation.

In his initial complaint filed in September, 2005, plaintiff contends Dong Guk sold alcohol after 2:00 a.m. On September 1, 2006 Dong Guk served plaintiff

with its answers to Plaintiff's Interrogatories. In its response to Interrogatory No.8 Dong Guk acknowledges that there have been instances in which it has served alcohol after 2:00 a.m. Counsel Declaration of Counsel Opposing Motion to Amend ("Counsel Declaration") Exhibit C at 3. Moreover, plaintiff's First Amended Complaint filed on September 29, 2006, contains the allegation that Dong Guk sold alcohol after 2:00 a.m. Lastly, in his initial answer to Interrogatory No. 9 served on November 24, 2006, plaintiff identifies a David O. Sablan as having knowledge that Dong Guk has sold alcohol after 2:00 a.m. Counsel Declaration Exhibit A at 5. These facts show that information that Dong Guk had sold alcohol after 2:00 a.m. is not and can not be deemed newly discovered evidence. What the facts do show, however, is a lack of diligence. *See* Coleman, 232 F.3d at 1295[finding that the plaintiffs' failure to amend their complaint for over a year after obtaining relevant information supported denial of their motion to amend under Rule 16];*UC Restaurant, LLC v. Maricopa County*, 2007 WL 473681 at 3 (D.Ariz.,2007) [When the information was known to plaintiff, delay in seeking amendment or extension of Rule 16 deadline demonstrates a lack of diligence].

    The facts show that at the earliest, plaintiff was aware that Dong Guk, on occasion had served alcohol after 2:00 a.m. was at the time he filed this lawsuit. If

not then, the record shows plaintiff should have been aware of this fact on September 1, 2006 when Dong Duk served its answers to interrogatories. If not at that time, then plaintiff should have been aware on November 24, 2006 when he answered Dong Guk's interrogatories under penalty of perjury. Thus, shortly after November 24, 2006, at the latest, it was incumbent on plaintiff to immediately move to amend pursuant to Rule 16 rather then wait until the end of discovery and one month prior to trial. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D.Cal.1999)[Diligence is shown by seeking amendment of the Rule 16 order once it became apparent that the party could not comply with the order."].

    Plaintiff's motion to amend is not only lacking in diligence, but the purported basis for the motion is void of candor. It is noticeable that plaintiff does not submit any declaration under oath or penalty of perjury that concerning the alleged factual basis or justification for his motion to amend. For sure, plaintiff can not satisfy Rule 16's good cause standard without submitting a statement under oath or penalty of perjury setting forth the factual basis or reasoning why the motion was not or could not have been made prior to the scheduling conference deadline or earlier than March 30, 2007. Plaintiff does not and can not submit such a statement in support of this motion to amend.

    In addition to lacking diligence and candor, the motion to amend prejudices

Dong Guk. The motion to amend was made more than four months after the deadline in the amended scheduling order, two days prior to the end of discovery, and about a month before trial is prejudicial as Dong Guk can not be prepared to defend against new claims on such short notice and without any discovery. Indeed, if this amendment is allowed then defendant would have to move to re-open discovery to address the facts regarding this allegedly new claim. Counsel Declaration at ¶¶ 6 - 10.  Defendant would also have to seek a new dispositive motion setting as it would eventually seek summary judgment on the new claim. Otherwise, defendant will be subject to trial by ambush or dilatory tactics. This renders the motion to amend prejudicial. *See Lockheed Martin Corporation v. Network Solutions, Inc.*, 194 F.3d 980, 983, 986 (9th Cir.1999). *See also  Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-88 (9th Cir.1990) [Affirming the denial of a motion for leave to amend the complaint to add new legal theories because of prejudice to defendant since plaintiff had been in possession of facts giving rise to new legal theory for months before making motion]; *Solomon v. North American. Life & Casualty. Insurance Co.*, 151 F.3d 1132, 1139 (9th Cir.1998) [affirming the denial of leave to amend where the motion was made "on the eve of the discovery deadline"]; *Royal Insurance Co. of Am. v. Southwest Marine*, 194 F.3d 1009, 1017-18 (9th Cir.1999)[ Leave to amend may be denied where a party unduly

delays alleging facts or legal theories of which he or she was previously aware.].

## II. THE MOTION TO AMEND SHOULD BE DENIED AS THE AMENDMENT IS FRUITLESS

Denial of a motion to amend is proper if it fails to state a claim under a cognizable legal theory. *Johnson v. American Airlines, Inc.,* 834 F.2d 721, 724 (9th Cir.1987). Dong Guk's motion to dismiss or alternatively for summary judgment establish that the purported amendment is futile.  For sure, the Commonwealth's wrongful death statute is the only basis for any recovery arising from the death of Jung Soon Lee. *Indalecio v. Yarofalir*, 2006 MP 18,  2006 WL 2242754  (N.M.I. 2006). The attempt to allege a Consumer Protection Act violation is futile. *Id.*     Furthermore, the fact that Dong Guk may have sold alcohol after 2:00 a.m. on certain occasion is irrelevant to this case. The issue in this case is what occurred on the morning of August 2, 2004. Information about other days is the type of evidence excluded by FRE Rule 404.

## CONCLUSION

FRCP Rule 16 governs plaintiff's motion to amend. Plaitiff does not make any effort to satisfy Rule 16's good cause requirement. Instead, plaintiff attempts

to rely on the more relaxed standard of Rule 15 which is inapplicable. In any event, the facts demonstrate that plaintiff can not meet Rule 16's good cause standard. Even if good cause can be shown, then the prejudice to defendant should preclude the amendment. Finally, to the extent plaintiff can maintain a claim against Dong Guk, recovery is only available pursuant to the Commonwealth's wrongful death statute. The Consumer Protection Act and any remedy thereunder is not available to plaintiff.

                Law Office of G. Anthony Long


                By:_____/s/_____
                        G. Anthony Long