Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Dong Guk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNG SOON LEE, (Deceased) By SUNG YOUNG LEE, Personal Representative<br><br>    Plaintiff<br><br>v.<br><br>DONG GUK CORPORATION and DONGBU INSURANCE COMPANY, LTD<br><br>    Defendants<br><br>DONG GUK CORPORATION<br><br>    Third Party Plaintiff<br><br>v.<br><br>GYUN JIN KIM<br><br>    Third Party Defendant | ) CIVIL ACTION NO 05-00031<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **DECLARATION OF COUNSEL**<br>) **OPPOSING MOTION TO AMEND**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) May 3,  2007<br>)<br>) 9:00 a.m.<br>) |

Page 1 of 3

1. I am the Attorney for defendant Dong Guk.

2. Attached hereto as Exhibit A is a copy of plaintiff's initial answers to defendant's interrogatories which were served on defendant on November 24, 2006.

3. Attached hereto as Exhibit B is a copy of plaintiffs interrogatories to defendant.

4. Attached hereto as Exhibit C is a copy of defendant's answers to plaintiff's interrogatories.

5. Discovery in this case closed on April 2, 2007.

6. If the motion to amend is granted, then defendant will have to move for re-opening of discovery and continuance of the trial date to prepare for the new claim.

7. For instance, discovery would have to be conducted as to how or why or what about defendant's business or business practice cause confusion or misunderstanding in violation of 4 CMC § 5105(l) that caused the accident which resulted in Jung Soon Lee's death.

8. Discovery would have to taken to ascertain what representation defendant made in violation of 4 CMC § 5105(e) that caused the accident which resulted in Jung Soon Lee's death.

9.    Discovery would have to be taken to determine what deception defendant engaged in violation of 4 CMC § 5105(m) that caused the accident which resulted in Jung Soon Lee's death.

10.    Discovery would have to be taken to determine what good or service defendant provided on the morning of August 2, 2004 which violated 4 CMC § 5105(r) that caused the traffic accident on Beach Road which resulted in Jung Soon Lee's death.

I declare under penalty of perjury pursuant to the laws of the United States of America that the above is true and correct and execute this declaration on Saipan this 4th day of April, 2007.

G. Anthony Long

# EXHIBIT   A

1  Victorino DLG. Torres, Esq.
2  TORRES BROTHERS, LLC.
   Attorneys At Law
3  P.O. Box 501856
   Bank of Guam Bldg., 3rd Floor
4  Saipan, MP  96950
   Tel:  670-233-5504/06
5  Attorneys for Plaintiff

6

7                  IN THE UNITED STATES  DISTRICT COURT
                             FOR THE
8                   NORTHERN MARIANA ISLANDS

9                                        CIVIL ACTION NO. 05-0031

10 JUNG SOON LEE, (Deceased) By SUNG
   YOUNG LEE, Personal Representative,

11          Plaintiff,                   PLAINTIFF'S RESPONSE TO DONG GUK
                                         CORPORATION'S FIRST SET OF
12      v.                               INTERROGATORIES

13
   DONG GUK CORPORATION,
14
            Defendants.
15

16

17

18        COMES NOW, Sung Yung Lee, the personal representative of Jung Soon Lee

19 (Deceased) and hereby responds as follows:

20 INTERROGATORY NO.  1

21        State the name, current address and current telephone number of each person, other than

22 Jung Soon Lee, that was in the motor vehicle driven by Gyu Jin Kim at the time of the accident.

23 ANSWER:

24        The passengers to the vehicle were Jung Soon Lee (deceased) whose address was P.O.

25 Box 505236 Saipan, MP   96950 in San Vicente (See Certificate of Death) and Jin Joo Park

26

27 whose address is unknown at this time and her phone number is 235-3535.

28

**INTERROGATORY NO. 2**

State exactly where each individual, including Jung Soon Lee was sitting in the motor vehicle driven by Gyu Jin Kim at the time of the accident.

**ANSWER:**

Based on information and belief and without having personal knowledge, Jin Joo Park was a passenger sitting on the back side of the vehicle and Jung Soon Lee was also a passenger sitting on the front.  See Police Report.

**INTERROGATORY NO. 3**

Fully and comprehensively describe the type of alcoholic beverages and number of each type of alcoholic beverage that Gyu Jin Kim consumed during the ten hour period immediately prior to the accident and the location and time at the location where Gyu Jin Kim consumed such alcoholic beverages.

**ANSWER:**

Based on information and belief and without having personal knowledge, Gyu Jin Kim consumed alcoholic beverages at Defendant's premises.  Gyu Jin Kim came to the Defendant's establishment sometimes around 12:45 a.m. to 1:00 a.m. and Defendants began to serve alcoholic beverages.  The type of alcoholic beverage that Gyu Jin Kim was drinking is soju and beer.

**INTERROGATORY NO. 4**

Fully and comprehensively describe the type of alcoholic beverages and number of each type of alcoholic beverage that Jung Soon Lee consumed during the ten hour period immediately prior to the accident and the location and time at each location where Jung Soon Lee consumed

1    such alcoholic beverages.

2    **ANSWER:**

3    Based on information and belief and without having personal knowledge, Jung Soon Lee

4    consumed alcoholic beverages only at Defendant's premises. Jung Soon Lee came to the

5    Defendant's establishment sometimes around 12:45 a.m. to 1:00 a.m. and Defendants began to

6    serve alcoholic beverages. The type of alcoholic beverages that Jung Soon Lee was drinking is

7

8    beer.

9

10   **INTERROGATORY NO. 5**

11   For each person identified in response to Interrogatory number 1, fully and

12   comprehensively describe the type of alcoholic beverages and number of each type of alcoholic

13   beverage that the person had consumed during the ten hour period immediately prior to the

14   accident and each location where the person consumed the alcoholic beverage.

15

16   **ANSWER:**

17   Based on information and belief and without having personal knowledge,

18        1.    Jung Soon Lee (deceased):  Consumed alcoholic beverages and it is believed to be

19              beer. She consumed all the alcoholic beverages at the defendant's premises.

20        2.    Jin Joo Park:  Consumed alcoholic beverages. The type of alcoholic beverage is

21              beer. She consumed all the alcoholic beverages at the defendant's premises.

22

23        3.    Gyu Jin Kim: Consumed alcoholic beverages. The type of alcoholic beverage is

24              Soju and beer. She consumed all the alcoholic beverages at the defendant's

25              premises.

26

27   **INTERROGATORY NO. 6**

28

State the name, current address, current telephone number and current email address of each person whom you contend consumed alcohol at defendant's establishment after 2:00 a.m. on or about August 2, 2004.

**ANSWER:**

Based on information and belief and without having personal knowledge, there were numerous people at the establishment after 2:00 a.m. on or about August 02, 2004 and alcoholic beverages were served. The following individuals were at the establishment but to the extent that they consumed alcoholic beverages, the type of alcoholic beverages and the amount are unknown at this time. Accordingly, it is believed that the following individuals were present at the establishment at said time:

1. Kim, Mee Yeon: 483-8848 (9990)

2. Sim, Bo Mi       288-1135

3. Jung, Eun Gi      235-8132

4. Choi, Young Jin   233-5678

5. Choi, Ji Won      483-2701

6. Park, Jin Joo     235-3535

7. Jung Soon Lee     (Deceased)

8. Gyu Jin Kim       Contact Number unknown

**INTERROGATORY NO. 7**

Fully and comprehensively state how the accident occurred.

**ANSWER:**

Based on information and belief and without having personal knowledge, the accident occurred as stated in the police report. The Police Report is provided herewith.

**INTERROGATORY NO. 8**

Fully and comprehensively state each duty owed to Jung Soon Lee which you contend was breached by defendant and the facts which support each contention.

**ANSWER:**

As stated in the complaint and is incorporated herein fully, Defendant has a duty to close the establishment and not serve any alcoholic beverages beyond the authorized legal time. Defendant kept the establishment open and continued to served alcoholic beverages to Jung Soon Lee, Park Jin Joo and Gyu Jin Kim. Defendant has a duty not to serve any alcoholic beverages to any individual who is also apparently intoxicated. Based on information and belief, Gyu Jin Kim was obviously intoxicated but Defendant continued to serve alcoholic beverages.

**INTERROGATORY NO. 9**

For each fact identified in your response to Interrogatory No. 8, please state the name, current address, current telephone number and current email address for each person known to you who possesses discoverable knowledge of the fact and the knowledge possessed by the person.

**ANSWER:**

Based on information and belief and without having personal knowledge, the individuals who are mentioned in the answer to Interrogatory No. 6 have knowledge. The specifics of their information are unknown. Also, Mr. David O. Sablan whose contact number is 285-6754 has stated that he too have entered Defendant's establishment on other occasions and have seen Defendants serve alcoholic beverages beyond the authorized legal time.

**INTERROGATORY NO. 10**

-5.-

For each fact identified in your response to Interrogatory No. 8, please identify each document known to you which supports the fact.

**ANSWER:**

No document is available in response to this interrogatory.

**INTERROGATORY NO. 11**

Fully and comprehensively identify the economic damages, you content they have been suffered as a result of the accident and the monetary value placed on such economic damages.

**ANSWER:**

The question is vague and confusing as to the word "they". Plaintiff is only obligated to respond to questions relating to plaintiff. Plaintiff does not contend economic damages for anyone else other than the economic damages suffered by Plaintiff.

**INTERROGATORY NO. 12**

Fully and comprehensively state the factors relied on in calculating the economic damages and how you calculated the economic damages.

**ANSWER:**

See Response to question No. 11.

**INTERROGATORY NO. 13**

For each economic damage identified in your response to Interrogatory No. 11, please state the name, current address, current telephone number and current email address of each person known to you who possesses discoverable knowledge of the economic damage and the knowledge possessed by each such person.

**ANSWER:**

See Response to question No. 11.

**INTERROGATORY NO. 14**

For each economic damage identified in your response to Interrogatory No. 11, please identify each document known to you which supports the claimed economic damage.

**ANSWER:**

See Response to question No. 11.

**INTERROGATORY NO. 15**

Fully and comprehensively identify the non-economic damages you content have suffered as a result of the accident and the monetary value placed on such economic damages.

**ANSWER:**

Objection on the grounds that the question is confusing and non-sensical. The first request is on "non-economic damages" and then it request to place a value on such "economic damages". If the second part of the question is requested to the non-economic damage, (as it appears that is what it might be) then the following answers are provided. Plaintiff incorporates all of the contents of the Complaint in this response as to damages. Specifically without limitation, Plaintiff has suffered Emotional Distress, Mental Anguish, Loss of Life and Pain & Suffering. The placement of monetary value for each damage or injury has not been determined as of this time.

**INTERROGATORY NO. 16**

Fully and comprehensively state the factors relied on in calculating the non-economic damages and how you calculated the non economic damages.

**ANSWER:**

The factors that generally are included in determining the amount would be the entire injuries suffered by Plaintiff. This would include the degree and severity of her injuries to her physical body as well as mental and emotional distress. The severity would naturally include the loss of life.

**INTERROGATORY NO. 17**

For each non-economic damage identified in your response to Interrogatory No. 15, please state the name, current address, current telephone number and current email address of each person known to you who possesses discoverable knowledge of the non-economic damage and the knowledge possessed by each such person.

**ANSWER:**

9. Park, Jin Joo        235-3535

10. Jung Soon Lee     (Deceased)

11. Gyu Jin Kim        Unknown. Korea.

**INTERROGATORY NO. 18**

For each non-economic damage identified in your response to Interrogatory No. 15, please identify each document known to you which supports the claimed economic damage.

**ANSWER:**

Based on information and belief and without having personal knowledge, the police officers and the responding personnel to the scene would have some discoverable information. The exact names of those officers and responding personnel are not known at this time. The police report shows that officers responding and may have discoverable information. It is also believed that Park, Jin Joo, passenger whose number is 235-3535 and Gyu Jin Kim may have discoverable information. Additionally, the nurses and doctors who examined Plaintiff may have

1   discoverable information.

2

3   **INTERROGATORY NO. 19.**

4
        State the date, time and cause of Jung Soon Lee's death.
5
    **ANSWER:**
6
        The Certificate of death shows that the time and date of death was 4:22 a.m. on August
7
8   02, 2004.  The cause was Auto Accident.

9

10  **INTERROGATORY NO. 20**

11      State the name, date of birth, nature of relationship, current address, current telephone
12
    number and current email address of each heir of Jung Soon Lee.
13
    **ANSWER:**
14
        Jung Soon Lee's parents and sibling are still alive.  She died unmarried and without
15
16  children.  The names and contact numbers are as follows:

17      1.  (Mother) Byung Ae Song whose date of birth is July 27, 1961

18      2.  (Father) Lee, Kwan Young whose date of birth is July 01, 1957

19
        3.  (Brother) Lee, Tae Hoon, whose date of birth is March 06, 1986
20
        Address:      459 – 311 Bongcheon 2 dong
21
22                    Kwan – ak gu  Seoul City, Korea

23

24  **INTERROGATORY NO. 21**

25      State the amount of each and every settlement or compensation of any kind received by

26  you as a result of Jung Soon Lee's death and the name, current address, current telephone

27
    number and current email address of the person making each such settlement or compensation
28

1    payment.

2    **ANSWER:**

3
4    Plaintiff has settled a claim against Gyu Jin Kim. The content of that settlement is

5    confidential as agreed upon.

6    **INTERROGATORY NO. 22**

7    State the time you contend Jung Soon Lee and Gyu Jin Kim departed defendant's

8    business on the night or morning of the accident and fully and comprehensively explain why

9    Jung Soon Lee got in the vehicle being driven by Gyu Jin Kim instead of calling a taxi or

10    arranging for some other transportation.

11    **ANSWER:**

12
13    Based on information and belief and without having personal knowledge, Jung Soon Lee

14    (deceased) was also served with alcoholic beverages that it impaired her judgment. As a result

15    of those alcoholic beverages impairing her judgment, she was unable to assess the dangers and

16    risks associated with riding with a drunk driver. Jung Soon Lee (deceased) came with Gyu Jin

17    Kim and the natural response is to ride with Gyu Jin Kim. They departed defendant's premises

18    at or around 3:00 a.m. after consuming alcoholic beverages served by the defendant.

19
20    **INTERROGATORY NO. 23.**

21    State Jung Soon Lee's blood alcohol content at the time of her death.

22    **ANSWER:**

23
24    Based on information and belief and without having personal knowledge, Gyu Jin Kim

25    was prosecuted for driving drunk and the information is available with the Office of the Attorney

26    General, the Clerk of Court (Plea Agreement) and possibly with the Commonwealth Health

27    Center.

28

-10.-

1  Respectfully submitted this 17th day of November, 2006.

2

3                                    TORRES BROTHERS, LLC.

4

5                                    _____ /s/ Victorino DLG. Torres

6                                    VICTORINO DLG. TORRES, Bar No. F0253

7                                    Attorneys for Plaintiff, Mrs. Sablan

8                                    _____ /s/ Sung Young Lee

9                                    Personal Representative of Jung Soon Lee,
                                     (deceased).

10

11                                   _____
                                     Interpreter (English-Korean Language)

12

13                          **ACKNOWLEDGMENT**

14      The foregoing answers to interrogatories were duly acknowledged before me this 14th day

15  of November, 2006 by Sung Young Lee, in his capacity as personal representative of Jung Soon

    Lee, known to me or proven to me to be the same person who executed the foregoing document.

16      In witness whereof, I have hereunto set my hand and affixed my official seal on the date

17  and year first-above written.

18                                   _____
                                     Notary Public

19

20                                   **RALPH DLG. TORRES**
                                     Notary Public

21                                   Commonwealth of the Northern Mariana Islands
                                     My Commission Expires: April, 2007

22                                   P.O.Box 501856
                                     Saipan, MP 96950

23

24

25

26

27

28

EXHIBIT   B

1  **TORRES BROTHERS, LLC.**
   VICTORINO DLG. TORRES, ESQ.
2  Attorneys at Law
   P.O. Box 501856
3  Saipan, MP 96950
   Bank of Guam Bld. 3rd Flr.
4  Tel.: (670) 233-5506
   Fax: (670) 233-5510
5  *Attorneys for Plaintiff*

6

7                    **UNITED STATES DISTRICT COURT**
                                 **FOR THE**
8                    **NORTHERN MARIANA ISLANDS**

9
   **JUNG SOON LEE, (Deceased)**          )    **CIVIL ACTION NO. CV 05-0031**
10 **by SUNG YOUNG LEE, Personal**        )
   **Representative,**                    )
11                                        )    **PLAINTIFF'S FIRST SET OF**
                 **Plaintiff,**           )    **INTERROGATORIES TO**
12                                        )    **DEFENDANT DONG GUK**
                 **vs.**                  )    **CORPORATION**
13                                        )
   **DONG GUK CORPORATION,**              )
14                                        )
                 **Defendants.**          )
15                                        )

16

17 TO:   DONG GUK CORPORATION and G. Anthony Long, Attorney for Defendant

18

19        Plaintiff JUNG SOON LEE requests that Defendant DONG GUK CORPORATION

20 answer under oath the attached interrogatories. Answers to the interrogatories must be served

21 upon the undersigned within thirty (30) days after the service of these interrogatories on you. It

22 is requested that you provide two (2) copies of the answers. These interrogatories are continuing,

23 pursuant to FRCP 26(e), so as to require supplemental answers if you obtain or recall further

24 information between the time the answers are served and the time of trial.

25        It is requested that answers be inserted in the space provided. If you need additional

26 space to answer any interrogatory, please complete your answers on additional sheets showing

27 the number of the interrogatory you are answering.

28        Should you or your counsel or anyone representing your interests learn of any additional

person or persons having knowledge relating to the matters inquired into after answering the interrogatories and before trial, you are required to provide the names of the persons to the undersigned, giving timely notice thereof, allowing Plaintiff to conduct discovery.

## I. INSTRUCTIONS AND DEFINITIONS

1. These DISCOVERY REQUESTS are to be deemed continuing and YOU and YOUR attorney are under a duty to supplement your responses if YOU or any of YOUR employees, agents, or attorneys obtain additional information as to any of the matters inquired of herein.

2. If YOU, as well as YOUR officers, agents, employees, and attorneys discover additional information as to matters inquired of in this request for interrogatories, between the time answers are made and the date of trial, supplemental answers shall be made informing the offices of TORRES BROTHERS, LLC., ATTORNEYS AT LAW at the address and telephone number listed on page 1 of these DISCOVERY REQUESTS as to the newly discovered information.

3. If in responding to these DISCOVERY REQUESTS, YOU encounter any ambiguity in constructing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding. If for any reason additional space is necessary in answering any Request, complete the answers on an additional sheet bearing the same number as the number of the Request which is being answered.

4. In responding to this or these DISCOVERY REQUEST(S), YOU must make a diligent search of YOUR records and other DOCUMENTS in YOUR possession or available to YOU, including information which is in the possession of YOUR attorneys, investigators for YOUR office, employees, representatives and agents, and not merely such information known to YOU or YOUR own personal knowledge.

5. If a request for production has sub-parts, respond to each separately and in full so that YOUR response is understandable. Do not limit YOUR response to the request as a whole.

6. Each written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If the objection is made to a part of an item or category, the part shall be specified.

7. If any of the requests cannot be answered in full, please answer to the extent possible, specifying the reasons for YOUR inability to answer the remainder and stating whatever information or knowledge YOU have concerning the unanswered portion.

8. Throughout these requests, including the definition of terms, words used in the singular include the plural. Whenever the word "or" appears herein, the meaning intended is the logical inclusive "or", i.e. "and/or". Whenever the word "each" appears herein, the meaning intended is "each and every".

9. State whether the information furnished is within the personal knowledge of the person answering and, if not, the identity, if known, of each person of whom the information is a matter of personal knowledge.

10. Where knowledge of information is requested, such request includes the knowledge of information of Plaintiff, as well as her officers, agents, employees and attorneys. If more than one person is listed in answer to an interrogatory, each subsequent answer must identify which person supplied that answer and all persons so listed must sign the answers under oath.

11. If any of the DISCOVERY REQUESTS cannot be answered in full, please answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

12. "YOU" and "YOUR" include the person(s) to whom these requests are addressed, and all of such person's predecessors, successors, assigns, agents, employees, attorneys, and insurance companies, and each of them, and all other persons acting or purporting to act on behalf of Plaintiff.

13. "PERSON" includes any natural person, firm, association, organization,

1    partnership, business, trust, corporation, or public entity.

2         14. "INCIDENT" means the event in which the Complaint alleges that Plaintiff served

3    alcoholic beverages after 2:00 a.m., opening Business Establishment after 2:00 a.m. and serving

4    alcoholic beverages to apparently intoxicated customer, which later caused a car crash that led to

5    the death of Sung Young Lee.

6         15. "SUBJECT LAWSUIT" means this lawsuit known and numbered as appears on the

7    cover of this document.  It also means ¶¶ 5-17 of the Complaint.

8         16. Each of these definitions and instructions is hereby incorporated into each of the

9    Requests for Admission to which it pertains.

10        17. When YOU are asked to state the facts RELATING TO an allegation in any

11   pleading, please DESCRIBE IN DETAIL, as defined herein, the relevant facts including but not

12   limited to the date, time and specific location of each occurrence, and IDENTIFY, as defined

13   herein, each and ever y person(s) and/or entity who is a witness and any related documents.

14        18. If any of the requests for production cannot be answered in full, please answer to

15   the extent possible, specifying the reasons for YOUR inability to answer the remainder and

16   stating whatever information or knowledge YOU have concerning the unanswered portion.

17        19. For each of these DISCOVERY REQUESTS that is withheld under a claim of

18   privilege or work-product immunity, provide a statement under oath by a person having

19   knowledge setting forth as to each document to portion withheld:

20        (a)  The number and subject of each paragraph of this request that seeks its

21   production;

22        (b)  The name and title of the author(s);

23        (c)  The name and title of each person to whom the document was addressed;

24        (d)  The name and title of each person to whom a copy of the document was sent;

25        (e)  The date of the document;

26        (f)  The number of pages;

27        (g)  A brief description of the nature and subject matter of the document;

28        (h)  The identity of each person to whom the document, its content, or any portion

4 of 13

thereof is known or has been disclosed;

(i) The exact location of the original and each copy as of the date of receipt of this request; and

(j) If the document is withheld on any ground other than privilege, each basis that you contend justifies its withholding.

20. "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a natural person means that YOU are required to state the following information:

(a) the name of the person;

(b) their title both currently and if different, at the time of the incident, event, or generation of a document;

(c) the street address, country, state and country of the person's current residence;

(d) the current "home" or residential telephone number of the person;

(e) the current of the last known employer, job title, business address and business telephone number of the person; and

(f) with respect to the persons who were formerly employed by YOU, the last date of such employment and the person's job title and business address on that date.

21. "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to any entity other than a natural person means that YOU are required to state the following information:

(a) The entity's full name; and

(b) The address of the entity's principal place of business, and each of its other places of business or business facilities.

22. When YOU are asked to IDENTIFY a DOCUMENT, provide all the following information known to you:

(a) Date it was prepared;

(b) Identities of its preparer;

(c) Identities of its recipients;

(d) Current location and custodian; and

(e) Description of contents, sufficient for a motion to produce.

23. "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a COMMUNICATION, means that YOU are required to state: the names of the persons participating in the COMMUNICATION or present when the COMMUNICATION took place, the exact, detailed, content of the COMMUNICATION, the building or other specific place in which the PERSONS participating in the COMMUNICATION were located at the time of the COMMUNICATION, the mode or method by which the COMMUNICATION occurred (e.g. telephone, in person, via e-mail, etc.), and the date on which the COMMUNICATION occurred.

24. The term "DOCUMENT" means, without limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations or interviews, diaries, e-mail or related computer generated message, graphs, reports, notebooks, note-charts, plans, drawings, sketches, maps, summaries, or reports of consultants, photographs, motion picture, film, brochure, pamphlets, advertisements, circular, press releases, drafts, letters, any marginal comments appearing on any documents and all other writings.

25. "PERSON" includes any natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

26. "WRITING" means handwriting, typewriting, word processing, printing, photostating, photographing and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols or combination thereof.

27. "RELATING", "RELATIVE TO" or "RELATED TO" includes referring to, alluding to, responding to, concerning, connected with, commenting on, in respect to, about, regarding, discussing, showing, describing, reflecting, analyzing, depicting or constituting.

28. "RELEVANT" is defined under the Rules of Evidence and that definition is

1    incorporated herein. Please note that information can be relevant without necessarily being

2    admissible.

3        29. "COMMUNICATION" means the transmission, interchange, or exchange of

4    thoughts, ideas, messages or information, by speech, signals, writing, code, satellite, computer,

5    letter (or other form of correspondence), memoranda, telecopy, telex, e-mail, telephone,

6    telegram, voice mail, face-to-face communication, or any other mode or method of

7    transmission regardless of format. Under this definition, "COMMUNICATION" may have

8    been contained, obtained or transmitted in any format, including but not limited to any

9    document as defined herein or any subpart or portion thereof.

10       30. When asked to "DESCRIBE IN DETAIL" an event or occurrence or particular

11   subject, YOU are asked to do more than merely state a conclusion. YOU are being asked,

12   among other things, to state the particular facts that YOU intend to submit through witnesses or

13   DOCUMENTS at trial on the subject matter contained in the question. Among other things,

14   YOU are being asked to IDENTIFY all COMMUNICATIONS REGARDING the event,

15   occurrence or subject and state what action YOU took RELATED TO the event, occurrence or

16   subject, the date(s) YOU took such action, and the reason YOU took such action. YOU are

17   asked to state all of the facts that support YOUR conclusions, answering who was involved,

18   what happened with respect to the subject, why YOU believe it happened, where it happened,

19   and how it happened.

20       31. When asked to state "ALL FACTS" pertaining to a particular subject YOU are

21   asked to do much more than merely state conclusions. YOU are asked to DESCRIBE IN

22   DETAIL as defined herein who are involved or present when the facts occurred, what they or

23   YOU did, why YOU or they acted as YOU or they did, how this situation came about and

24   where YOU or the third PERSON were when the facts occurred. YOU are asked to state

25   specifically all the facts that support YOUR claims or beliefs, not conclusions. If YOU claim

26   that something occurred, please state why YOU believed it occurred, why YOU acted as YOU

27   did, what happened to make YOU act the way YOU did, and IDENTIFY the PERSON who

28   caused YOU to act the way YOU did.

## II. INTERROGATORY

Interrogatory # 1.    Have any persons made statements, written or otherwise, while being interviewed by anyone on YOUR behalf including YOUR attorneys, in connection with the INCIDENT and/or SUBJECT LAWSUIT?

Interrogatory # 2.    If the answer to the preceding interrogatory is in the affirmative,

(1)    state the name and address of the maker of each statement and whether such statement is in writing;

(2)    if the statement is not in writing, please provide a summary of each statement made by the maker;

(3)    state the date of the maker of each statement wether or not the statement was in writing;

(4)    state who the maker made statements to and who were present at the time the maker made statements;

(5)    and state the location on where the maker made statements.

Interrogatory # 3.    Please provide a list of YOUR agents or employees who were working or present any time during 10:00 p.m. on August 01, 2004 to 7:00 a.m. on August 02, 2004.

1
2
3    Interrogatory # 4.    Did YOUR agents or employees served alcoholic beverages to Jung Soon
4                         Lee (Deceased) on August 02, 2004?
5
6
7
8                         (1)    If yes, please state the time the alcoholic beverages were served,
9                                type of alcoholic beverages served and the amount of each
10                               alcoholic beverages served.
11
12
13
14
15   Interrogatory # 5.    Did YOUR agents or employees served alcoholic beverages to customers
16                         on August 02, 2004 after 2:00 a.m.?
17
18
19
20
21                        (1)    If yes, please state the names of the customers, time the alcoholic
22                               beverages were served, type of alcoholic beverages served and the
23                               amount of each alcoholic beverages served.
24
25
26
27
28   Interrogatory # 6.    Please provide a list of all YOUR customers who were present at any time

9 of 13

1        during 10:00 p.m. on August 01, 2004 to 7:00 a.m. on August 02, 2004.

2

3

4

5

6    Interrogatory # 7.    Please provide the month, day and year YOUR business started selling

7                         alcoholic beverages?

8

9

10

11

12   Interrogatory # 8.    Have YOU ever served alcoholic beverage to YOUR customers between

13                        2:00 a.m. to 7:00 a.m. since YOUR business started selling alcoholic

14                        beverages?

15

16

17

18

19   Interrogatory # 9.    As part of your business hours, please state the time in which YOU begin

20                        to take orders and/or begin to serve alcoholic beverages and the time you

21                        stop serving alcoholic beverages.

22

23

24

25

26   Interrogatory # 10.   If the answer to Interrogatory # 6 is in the affirmative, please provide a list

27                        of YOUR agents or employees who served or witnessed your agents or

28                        employees serve alcoholic beverages between 2:00 a.m. to 7:00 a.m.  to

1

2      your customers.

3      Interrogatory # 11.    Please provide names, phone numbers and address of all your customers

4                            who had ever been served alcoholic beverages between 2:00 a.m. to 7:00

5                            a.m.

6

7

8

9

10     Interrogatory # 12.    Please provide the total amount of sales generated on August 01, 2004 and

11                           August 02, 2004.

12

13

14

15

16     Interrogatory # 13.    Please state in detail YOUR policy and procedure regarding serving

17                           alcoholic beverages to your customers.

18

19

20

21

22     Interrogatory # 14.    Please state the name, address and telephone number of all persons who

23                           have knowledge of RELEVANT facts concerning this INCIDENT and/or

24                           SUBJECT LAWSUIT.

25

26

27

28

Interrogatory # 15.    Please STATE IN DETAIL everything YOU did to prevent the INCIDENT.

Interrogatory # 16.    Please STATE IN DETAIL, what (if anything) could YOU have done to prevent the INCIDENT?

Interrogatory # 17.    Please IDENTIFY by name, address and telephone number each person whom YOU expect to call as an expert witness at trial.

Interrogatory # 18.    Please IDENTIFY each and every individual YOU intend to call as a witness at the time of trial and summarize what YOU expect the substance of his or her testimony will be.

1   Interrogatory # 19.    Please IDENTIFY the name, address and telephone number of each person

2                          with RELEVANT knowledge of the facts which made the basis of YOUR

3                          answer.

4

5

6

7

8

9   Interrogatory # 20.    Please identify all statements and DOCUMENTS, written or recorded

10                         documents, notes (including but not limited to photographs, films,

11                         sketches, drawings, reports, diagram, model, recording, witness or expert

12                         statements, private investigator reports, computer generated program or re-

13                         enactment, audio-visual, slide show or video types) anyone, including

14                         employees, employers, has made or presented to YOU concerning

15                         Plaintiffs' allegations in the Complaint.

16

17

18

19  DATED: _____/_____/_____.

20                                           TORRES BROTHERS, LLC.

21

22                                           _____
                                             VICTORINO DLG. TORRES
23

24

25

26

27

28

EXHIBIT   C

Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Dong Guk

## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNG SOON LEE, (Deceased) | ) CIVIL ACTION 05-0031 |
| By SUNG YOUNG LEE, Personal | ) |
| Representative | ) |
| Plaintiff | ) **DEFENDANT'S ANSWERS TO** |
| | ) **PLAINTIFF'S INTERROGATORIES** |
| v. | ) |
| DONG GUK CORPORATION | ) |
| Defendant | ) |
| | ) |

INTERROGATORY NO. 1

Not as of this time.


INTERROGATORY NO. 2

N/A

INTERROGATORY NO. 3

The persons who worked at any time from 10:00 p.m. on August 01, 2004 until closing on
August 02, 2004 are :

Lee, Sung Chun,
c/o Law Office of G. Anthony Long
 P. O. Box 504970, Beach Road
Saipan, MP
(670) 235-4802

Lee, Mee Yeon

c/o Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
Saipan, MP
(670) 235-4802

Li, Yu Haua
c/o Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
Saipan, MP
(670) 235-4802

Moon, Young Soo
c/o Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
Saipan, MP
(670) 235-4802

Wu, Yu Shun
c/o Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
Saipan, MP
(670) 235-4802

INTERROGATORY NO. 4

No. Alcoholic beverages were ordered by the table where she was sitting and the beverages were
delivered to the table.


INTERROGATORY NO. 5.

No. All orders had been taken and served before 2:00 a.m.


INTERROGATORY NO. 6.

The names of all customers who were present at any time during 10: 00 p.m. on August 01, 2004
to the time of closing on August 02, 2004 are not known or remembered at this time. The names
known and remembered are:

Choi, Byung Gil, Boss Music Klaroke Bar, Chanlan Kanoa, Saipan, 235-2551
Lee, In Sook –288-3308
Lee, Min Sook – 483-1840


Page 2 of 5

Lee, Jung Soon
Kim, Gyu Jin
Kim, Mi Yeon
Park, Jin Joo
Ji, Won - 483-4455

INTERROGATORY NO. 7

The business began selling alcoholic beverages on or about August 15, 1999.

INTERROGATORY NO. 8

The company has been in business for over seven (7) years, there have been a few instances when alcohol was served after 2:00 a.m.

INTERROGATORY NO. 9

It is the regular routine of the business to commence selling alcoholic beverages at 10:00 a.m. and cease selling alcoholic beverages at 2:00 a.m.

INTERROGATORY NO. 10

Interrogatory No. Did not require an affirmative or negative answer.

INTERROGATORY NO. 11

This question seeks the name of all of our customers "who had ever been served alcoholic beverages after 2:00 a.m. regardless of whether they were served at or by our establishment or by some other establishment. Nevertheless, at this time, the names of any persons who may have been served alcoholic beverages by our business after 2:00 a.m. are not known.

INTERROGATORY NO. 12

The total amount of sales generated on August 01, 2004 until closing of that business day on August 02, 2004  business day is $1,187.

INTERROGATORY NO. 13

Alcoholic beverages can be routinely purchased between 10:00 a.m. and 2:00 a.m. Alcoholic beverages sold after 10:00 p.m. must be consumed on our premises. If the person ordering

alcoholic beverages appears underage, identification showing the date of birth is requested. Also, if a person who appears to be underage is seen consuming alcohol at a table, identification showing the date of birth is requested. If a person known to be underage orders alcoholic beverage the order is not accepted.

## INTERROGATORY NO. 14.

Lee, Sung Chun. See Answer to Interrogatory No. 3 for contact information
Lee, Mee Yeon. See Answer to Interrogatory No. 3 for contact information
Li, Yu Haua. See Answer to Interrogatory No. 3 for contact information
Moon, Young Soo. See Answer to Interrogatory No. 3 for contact information
Wu, Yu Shun. See Answer to Interrogatory No. 3 for contact information
Choi, Byung Gil.  See Answer to Interrogatory No. 6 for contact information
Lee, In Sook. See Answer to Interrogatory No. 6 for contact information
Lee, Min Sook. See Answer to Interrogatory No. 6 for contact information
Lee, Jung Soon (deceased)
Kim, Gyu Jin
Kim, Mi Yeon
Park, Jin Joo
Ji, Won. See Answer to Interrogatory No. 6 for contact information
Gil, Chong Koo
The police officers who investigated the motor vehicle accident.
The medical personnel at CHC who treated or examined Gyu Jin Kim and Jung Soon Lee, (deceased).

## INTERROGATORY NO. 15

The company did not know the accident was going to occur so we could not do anything to prevent the incident.

## INTERROGATORY NO. 16

This question calls for speculation. However, there is nothing the company could have done to prevent the accident. For instance, there was heavy rain on the night of the incident. If it was not raining, then the incident may not have occurred. However, the company cannot control the weather. Also, if hte company had not opened for business that evening, Jung Soon Lee, (deceased) and Gyu Jin Kim and others would still have been out that evening.

INTERROGATORY NO. 17

Plaintiff has not identified any expert as required by the discovery rules. Moreover, plaintiff has represented in a status conference in this case that he would not call or utilize an expert in this case. Accordingly, since plaintiff is not relying on expert witnesses, it is not necessary for defendant to use an expert witness. However, to the extent that the DPS personnel who investigated the accident and formulated opinions concerning the accident are deemed to be expert witnesses, then we may call such individuals in their case in chief.


INTERROGATORY NO. 18

We have not decided whom we call as witnesses in this case and will not make such a decision until sometime after the close of discovery.


INTERROGATORY NO. 19.

The persons who possessed relevant knowledge of the facts which made the basis for the answer to the complaint are:

Lee, Sung Chun. See Answer to Interrogatory No. 3 for contact information
Lee, Mee Yeon. See Answer to Interrogatory No. 3 for contact information


INTERROGATORY NO. 20

The documents responsive to this interrogatory are being produced in response to the request for production. Also, the documentation that plaintiff will produce to us in response to our production request will supplement this response.

Dong Guk Corporation

By: _____

Lee Sung Chun
President

I, Lee, Sung Chun, in my capacity as President of Dong Guk Corporation, hereby declare under penalty of perjury pursuant to the laws of the United States of America that the above answers to interrogatories are true and correct and execute this declaration on Saipan, CNMI on this 1st day of September, 2006.

_____

Lee, Sung Chun
President, Dong Guk Corporation

Page 5 of 5
