Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Dong Guk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNG SOON LEE, (Deceased) By SUNG YOUNG LEE, Personal Representative<br>　　　　Plaintiff<br><br>　　v.<br><br>DONG GUK CORPORATION and DONGBU INSURANCE COMPANY, LTD<br><br>　　　　Defendants<br><br>DONG GUK CORPORATION<br><br>　　　Third Party Plaintiff<br><br>　　v.<br><br>GYUN JIN KIM<br><br>　　　Third Party Defendant | ) CIVIL ACTION NO 05-00031<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **MEMORANDUM OPPOSING**<br>) **DONGBU'S MOTION FOR**<br>) **SUMMARY JUDGMENT**<br>)<br>)<br>)<br>)<br>)<br>)<br>) April 19, 2007<br>)<br>) 9:00 a.m.<br>) |

At all times relevant to this action, Dong Guk Corporation ("Dong Guk") maintained a Business Owners Insurance Policy with Dongbu Insurance Co., Ltd ("Dongbu") pursuant to Policy No. KBO-00051-S01 ("Policy"). Sung Young Lee, as personal representative for Jung Soon Lee (deceased), filed suit against Dong Guk for recovery based on the death of Jung Soon Lee which suit is known as *Lee v. Dong Guk et al*, District Court Civil Action No. 05-0031 ("*Lee* Action"). Lee seeks to impose liability on Dong Guk for Jung Soon Lee's death by alleging that Dong Guk served alcohol to an intoxicated person and Dong Guk served alcohol after 2:00 a.m. Dongbu mistakenly claims that the Policy excludes coverage for the *Lee* Action.

I. **THE COVERAGE DONG GUK PURCHASED FROM DONGBU OBLIGATES DONGBU TO DEFEND AGAINST THE *LEE* ACTION**

A. **STANDARD OF ANALYZING THE DUTY TO DEFEND AND DUTY TO PAY**

The duty or obligation of an insurer to defend its insured is not a product of common law. *National Fire Union*, 2003 Guam 19 at ¶ 16. The duty is purely a statutory or contractual creation. *Id*. Thus, the existence of the duty is made by first examining the applicable statute or insurance policy and the allegation in the underlying lawsuit. *See Id*, 2003 Guam 19 at ¶¶ 16 - 18. The policy will be

enforced according to its terms by reading it as a whole. *Ito v. Macro Energy, Inc*, 4 N.M.I. 46, 68 (N.M.I. 1994). An exception to this rule exists where there is an ambiguity in the policy, in which case the ambiguous term is interpreted in favor of coverage. *Id*. *Klamath Pacific Corporation v. Reliance Insurance Co.*, 950 P.2d 909, 913 - 914 (Or.App.,1997). *See also Wabol v. Camacho,* 4 N.M.I. 388, 391 n. 4 (1996); Restatement (Second) Contract § 206. If the policy or applicable statute provides for a duty to defend, the issue then becomes whether the underlying lawsuit triggers the duty.

In determining whether the duty to defend exists in a particular case, it must be remembered that the duty of an insurer to defend is very broad and is far broader than its duty to pay. *Electronics for Imaging, Inc. v. Atlantic Mutual Insurance Co.,* 2006 WL 3716481 at 2 (N.D.Cal. 2006). Indeed, an insurer's duty and the duty to defend are separate and distinct, meaning that the duty to defend is independent of, and not limited by, its duty to pay. *Sentinel Insurance v. First Insurance of Hawaii,* 875 P.2d 894 ( Hawai'i 1994). The duty to defend is only limited or found not to exist when there is not any possibility of coverage based on the complaint filed against the insured. *Id*. Thus, as long as the complaint contains language creating the potential coverage under an insurance policy, the insurer must defend the action against its insured. *Montrose Chemical*

*Corporation of California v. Superior Court*, 861 P.2d 1153, 1158, 24 Cal. Rptr 2d. 467, 472 (Cal. 1993). If any of the allegations pertain to conduct that could be covered by the insurance policy, then the insurer must defend the entire action. *Id*. The question regarding the complaint therefore is whether the facts alleged in the underlying complaint can be interpreted reasonably as including any conduct within the coverage of the insurance policy. *Id*. This means that if a complaint alleges some conduct that may be covered, and some that would not be covered, then the insurer has a duty to defend. Additionally, any ambiguities in the complaint as to whether the allegations could be covered is resolved in favor of the insured. *Id*. If the allegations in the complaint are ambiguous or unclear, but may be interpreted reasonably to include an incident within the coverage of the policy, then the duty to defend exists. *Id*.

An insurer moving for summary judgment on its duty to defend has a heavy burden of proof as the obligation to defend is broader than the duty to pay claims and arises wherever there is the mere potential for coverage. *See Tri-S Corporation v. Western World Insurance Co.*, 135 P.3d 82, 97 (Hawai'i, 2006). In other words, the duty to defend rests primarily on the possibility that coverage exists. This possibility may be remote, but if it exists, the insurer owes the insured a defense. *Id*. All doubts as to whether a duty to defend exists are resolved against

the insurer and in favor of the insured. *Id.*

An insurer's duty to pay, on the other hand, runs to claims that are actually covered by the policy. The duty to indemnify or pay is triggered only if coverage actually exists. *In re Feature Realty Litigation*, 2006 WL 3692649 at 5 (E.D.Wash. 2006). However, when an insurer moves for summary judgment regarding its duty to pay, it is required to disprove any possibility that its insured might be liable for a claim asserted in the underlying lawsuits. *Tri-S Corporation*, 135 P.3d at 97. This obligates the insurer to establish the absence of a genuine issue of material fact regarding the question of coverage pursuant to the plain language of the insurance policy and the consequent entitlement to the entry of judgment as a matter of law. *Id.*

B.  **COVERAGE EXISTS UNDER THE POLICY FOR A WRONGFUL DEATH CLAIM**

The fundamental principle underlying the determination of a coverage dispute is that coverage clauses are interpreted broadly to afford the greatest possible protection to the insured while exclusionary clauses are construed narrowly against the insurer. *Continental Casualty Co. v. City of Richmond*, 763 F.2d 1076, 1081 (9th Cir. 1985). This guiding principle necessitates the finding of

coverage in this case.

The Policy Declaration establishes the limits of liability as $300,000.00 per Occurrence[1]. Appendix at 2. Policy Section II(F)(9) defines "Occurrence" as an accident. Appendix at 8.   Specifically, the Policy provides that:

> [a]s respects all coverage afforded under this policy, the Company's **limit of liability for all damages**, **including care and loss of services arising out of bodily injury**, sickness, or disease, including death at any time resulting therefrom....

Appendix at 3. (emphasis added). Dongbu relies on Section II(B)(1)( c) to claim that it does not have any obligation under the Policy. Section II(B)(1)( c) excludes coverage for bodily injury because the insured (1) caused or contributed to the intoxication of a person, (2) furnished alcohol to a person under the influence of alcohol, or (3) violated a statute relating to the sale, distribution or use of alcoholic beverages. Appendix at 4. This exclusion is inapplicable to the claim presented in the *Lee* litigation.

As noted above, the Policy Declaration extends coverage to all damages including damages "arising out bodily injury". Appendix at 2. The exclusion Dongbu seeks to rely on is limited to claims or damages for property damage or body injury. Appendix 4. The exclusion does not extend to damages "arising out

---

[1]All Policy provisions referred to herein are in the Appendix attached to this memorandum

of bodily injuries." This distinction is crucial in as much as damages for bodily injury are not the same as damages "arising out of" bodily injury. Indeed, the Ninth Circuit acknowledges that when the insurance policy uses the phrase "arising out of," it has a broader meaning than phrases such as "caused by." *Continental Casualty Co.,* 763 F.2d at 1081; *Allen v. Scottsdale Insurance Co.,* 307 F.Supp.2d 1170, 1179 (D.Hawai'i,2004). *Cranford Insurance Co., Inc. v. Allwest Insurance Co.*, 645 F.Supp. 1440, 1447 (N.D.Cal. 1986). This distinction and broad interpretation of the phrase "arising out of" results in coverage for a wrongful death claim under Commonwealth law.

 The Commonwealth wrongful death statute does not provide compensation for bodily injury suffered by the decedent. *Indalecio v. Yarofalir*, 2006 MP 18 at ¶¶ 23 - 26, 2006 WL 2242754 at 7 - 9 (N.M.I. 2006). Instead, it allows the decedent's heirs or next of kin to recover their pecuniary interest. 2006 MP 18 at ¶¶ 17 - 29 and 22, 2006 WL 2242754 at 5 - 9. In other words, recovery is not for any bodily injury to the decedent or anyone else. It is for an economic loss which is incident to, flowing from, growing out of, or arising out of death. Since Section II(F)(3) of the Policy defines "bodily injury" as including death, the damages recoverable in a wrongful death action "arises out of bodily injury."

 *Wilson v. Smith*, 2005 WL 236309 (Ohio App. 2005) concerned insurance

coverage for a wrongful death claim. In that case, the Policy covered damages for bodily injuries. The policy, however, had an exclusion for claims arising out of bodily injury. The court recognized that claims for wrongful death are not claims for bodily injury although they may be claims arising out of bodily injury. 2005 WL 236309 at 3. In ruling that coverage did not exist, the Court held that "[t]oday, we reiterate that holding and find that damages for wrongful death and loss of consortium are not 'damages for bodily injury.'" 2005 WL 236309 at 3. Similarly, *Builders Transport, Inc. v. South Carolina Property and Casualty Insurance Guaranty Association*, 415 S.E.2d 419 (S.C.App. 1992) addressed the language of a policy as it applied to a wrongful death claim. The Court agreed with *Cincinnati Insurance Co. v. Phillips*, 166 556 N.E.2d 1150, 1154 (Brown, concurring) (Ohio 1990) in acknowledging that "[c]laims for wrongful death are not claims 'for bodily injury' although they may be claims arising out of bodily injury." 415 S.E.2d 419, 422.

The Policy exclusion at issue in this case applies to "bodily injury" claims caused by the consumption or selling alcohol to an intoxicated person or violation of a statute. However, the recovery available in the *Lee* lawsuit consists of damages arising out of the bodily injury. *See Indalecio,* 2006 MP 18 at ¶¶ 17 - 29, 2006 WL 2242754 at 5 - 9. To this extent, the Policy Declaration expressly

provides that the Policy applies to damages arising out of bodily injury. Damages "arising out of" an event are not the same as damages "caused by" an event. *See Continental Casualty Co.*, 763 F.2d at 1081. This means the Dongbu's exclusion does not apply to a wrongful death action.

To the extent the complaint in this case is construed as pleading a wrongful death claim, then coverage exists under the Policy as the exclusion does not include damages arising out of bodily injury.

## II.   IF THE EXCLUSION IS APPLICABLE TO A WRONGFUL DEATH CLAIM UNDER COMMONWEALTH LAW, THEN DONGBU STILL POSSESSES THE DUTY TO DEFEND

The complaint's factual allegations in the *Lee* Action complaint do not negate the duty to defend under the Policy. *See Wentland v. American Equity Ins. Co.*, 840 A.2d 1158 (Conn. 2004).

Even more so, if it is determined that the exclusion is applicable, then it cannot be known until after trial whether Dong Guk is in fact liable because of the alleged allegations in the complaint. This factual issue exists as the exclusion is tied to liability based on certain enumerated acts which Dong Guk denies. Thus, at a minimum, Dongbu possesses the duty to defend Dong Guk through trial because if Dong Guk is not liable or the alleged acts did not cause the injuries for which

recovery is sought, then the exclusion does not apply. Such factual issues preclude determining the duty to defend at this time. *See Scottsdale Ins. Co. v. MV Transportation,* 36 Cal.4th 643, 661 - 662, 115 P.3d 460,471(Cal. 2005).

## CONCLUSION

The Commonwealth's wrongful death statute provides the sole basis for any recovery based on Jung Soon Lee's death. The recovery available under the wrongful death statute is limited to damages arising out the decedent's death. Thus, to the extent the *Lee* Action is one for wrongful death, coverage exists as the exclusion Dongbu relies on only applies to damages for bodily injury; it does not apply to damages arising out of bodily injury.

If the exclusion applies to damages"arising out of" bodily injury, then Dongbu still maintains the duty to defend.

Law Office of G. Anthony Long

By:_____/s/_____
        G. Anthony Long