Thomas E. Clifford
Attorney at Law
2nd Floor, Alexander Building, San Jose
P.O. Box 506514
Saipan, MP 96950
Tel. (670)235-8846
Fax (670)235-8848

Attorney for Defendant Dongbu Insurance Company, Ltd.

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNG SOON LEE (deceased), by SUNG YOUNG LEE, Personal Representative<br><br>Plaintiff,<br><br>v.<br><br>DONG GUK CORPORATION, and DONGBU INSURANCE COMPANY, LTD.<br><br>Defendants. | Civil Action No. 05-0031<br><br>DEFENDANT DONGBU INSURANCE COMPANY, LTD.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT<br><br>April 19, 2007<br>9:00 a.m. |

Defendant Dongbu Insurance Co., Ltd. ("Dongbu") replies as follows to Defendant Dong Guk Corporation's ("DGC") *Memorandum Opposing Dongbu's Motion for Summary Judgment* ("opposition").

I. Introduction.

DGC claims in its opposition that: 1) there is coverage because the dram shop exclusion allegedly only applies to damages arising "for bodily injury" and does not extend to damages "arising out of bodily injury;" and 2) Dongbu has a duty to defend regardless of whether there is coverage. Both of these arguments fall short.

DGC's first argument fails under the plain language in the exclusion. The exclusion is not limited to damages "for" as opposed to those "arising out of" bodily injury. Instead, the dram shop exclusion more broadly provides that the "insurance does not apply" where the insured is liable for bodily injury, including death.

DGC's second argument also fails. The duty to defend is broad, but it has limits. Where, as in this case, there is no possibility of coverage based on the policy and the complaint, there is no duty to defend.

It is also significant to note what *is not* in DGC's opposition. DGC simply ignores the authority cited in Dongbu's opening brief and all of the other many cases that construe the exact language at issue in this case, all of which find that the exclusion bars any possibility of coverage. The plaintiff did not even file an opposition to Dongbu's motion, and indeed, apparently neither the plaintiff nor DGC could find a single case that does not uphold the dram shop exclusion.

**II. The dram shop exclusion provides that the insurance "does not apply" in this case.**

DGC claims that the dram shop exclusion is limited to damages "for" bodily injury and that the exclusion does not extend to damages "arising out of" bodily injury. Opposition, pages 6-9. At first blush, this argument may have some appeal, and this is because many of the component parts of the argument are accurate statements, at least when taken on a stand alone basis. The flaw in the argument, however, is that one component is an inaccurate statement. The argument misconstrues the express language in the dram shop exclusion. DGC's argument can be broken down as follows:

   1. The policy limits are $300,000 per occurrence. Opposition, page 6.

   2. An "occurrence" is an accident. *Id.*

   3. As a general matter, the policy covers damages arising out of bodily injury. *Id.*

4. The policy defines "bodily injury" to include death. Opposition, page 7.

5. Under general insurance law principles, "arising out of" is broader than "for." *Id.*

6. Under Commonwealth law, the damages in this case are limited to the pecuniary losses of the heirs. *Id.*

7. The pecuniary losses of the heirs are damages "arising out of" and not "for" the death in this case. *Id.*

8. "The exclusion Dongbu seeks to rely on is limited to claims or damages for property damage or bodily injury. Appendix 4. The exclusion does not extend to damages "arising out of bodily injury." Opposition, pages 6-7.

Numbers 1-6 are obviously true, and Number 7 is at least arguably true. However, Number 8 is a plain misstatement of the dram shop exclusion.

DGC claims the exclusion is limited to damages "for" bodily injury and that it does not extend to damages "arising out of" bodily injury. In fact, the exclusion is much broader, and nowhere does it have any language limiting it to certain "claims" or "damages." The exclusion provides in relevant part:

> B. EXCLUSIONS
>
> 1. Applicable to Business Liability Coverage. ***This insurance does not apply to:***
>
> c. ***"Bodily injury"*** or "property damage" ***for which any Insured may be held liable by reason of:***
>
> 1) Causing or contributing to the intoxication of any person;
>
> 2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> 3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

> This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

(emphasis added).

Again, there is nothing in the exclusion that limits its applicability to "claims" or "damages" "for" bodily injury as opposed to claims or damages "arising out of" bodily injury. Instead, the provision more broadly provides "This insurance does not apply to … 'Bodily injury' … for which any Insured may be held liable by reason of…" anything to do with serving alcoholic beverages.

Tellingly, DGC cites no legal authority in support of its novel re-writing of the dram shop exclusion to include limitations that are simply not there. This section of DGC's opposition cites a total of seven legal opinions. Opposition, pages 6-9. The first three cases merely stand for the undisputed and irrelevant proposition that "arising out of" is broader than "caused by" or "for" under general principles of insurance law. Opposition, page 7, *citing Continental Casualty Co. v. City of Richmond*, 763 F.2d 1076 (9th Cir. 1985)(interpreting exclusion in public officials liability policy in connection with wrongful death of inmate at jail); *Allen v. Scottsdale Insurance Co.*, 307 F.Supp. 1170 (D. Hawaii 2004)(interpreting scope of "arising out of" in the pollution exclusion of a general liability policy); *and Cranford Insurance Co. v. Allwest Insurance Co.*, 645 F.Supp. 1440 (N.D. California 1986)(construing "arising out of" in the context of provisions in medical malpractice and excess policies).

The fourth case merely addresses what damages are recoverable in a wrongful death case brought under Commonwealth law. Opposition, page 7, *citing Indalecio v. Yarofalir*, 2006 MP 18. Then, the fifth, sixth and seventh cases return to the scope of "arising out of" in various contexts irrelevant to this case. Opposition, pages 7-8, *citing Wilson v. Smith*, 2005 WL 236309 (Ohio App.

2005)(construing "for" versus "arising out of" in the context of an underinsured motor vehicle provision); *Builders Transport, Inc. v. South Carolina Property and Casualty Co.*, 415 S.E.2d 419 (South Carolina App. 1992)(construing "for" versus "arising out of" in the context of limits of liability provision); *and Cincinnati Insurance Co. v. Phillips*, 556 N.E.2d 1150 (Ohio 1990)(construing same terms in limits of liability provision). Again, none of these cases have anything to do with any form of dram shop exclusion, let alone one with the language in the dram shop exclusion in this case.

**III. There is no duty to defend in this case.**

Dongbu agrees, generally, with the duty to defend cases that DGC cites in its opposition at pages 2-5 and at pages 9-10. The duty to defend is broader than the duty to indemnify, and there is generally a duty to defend if there is any possibility coverage.

Here, however, there is no possibility of coverage. The insurance policy "does not apply" where the insured is liable for bodily injury, including death, in connection with serving alcoholic beverages. The claims in the amended complaint all arise out of the allegation that DGC, the insured, is liable for the death of the late Jung, Soon Lee, as a result of it serving alcoholic beverages.

Therefore, there is no possibility of coverage and no duty to defend.

**IV. Conclusion.**

There is no coverage in this case. This is apparent when one compares the claims in the amended complaint to the plain language in the insurance policy. The many dram shop cases cited by Dongbu underscore the plain meaning of the exclusion, and the failure of Plaintiff or DGC to offer a single case in rebuttal further demonstrates that there is no coverage.

DGC's arguments regarding "for" as opposed to "arising out of" have nothing to do with the plain language of the dram shop exclusion and the many cases that construe the exclusion, and this

1 because the exclusion simply has no such limiting language.

2 There is no duty to defend because there is no possibility of coverage.

3 Respectfully submitted this 13th day of April, 2007:

4 _____
Thomas E. Clifford
5 Counsel for Defendant/Cross Claimant
Dongbu Insurance Company, Ltd.