1  **TORRES BROTHERS, LLC.**
   **VICTORINO DLG. TORRES, ESQ. (F0253)**
2  **VINCENT DLG. TORRES, ESQ. (F0258)**
   Attorneys at Law
3  P.O. Box 501856
   Saipan, MP 96950
4  Bank of Guam Bld. 3rd Flr.
   Tel.: (670) 233-5506/4
5  Fax: (670) 233-5510

6  *Attorneys for Plaintiff*

7              **UNITED STATES DISTRICT COURT**
                          **FOR THE**
8              **NORTHERN MARIANA ISLANDS**

9  **JUNG SOON LEE, (Deceased) By SUNG**  )   **CIVIL ACTION NO. 05 - 0031**
   **YOUNG LEE, Personal Representative,**  )
10                                        )
                **Plaintiff,**            )   **PLAINTIFF'S REPLY TO**
11                                        )   **DEFENDANT DONG GUK**
        v.                                )   **CORPORATION'S OPPOSITION TO**
12                                        )   **PLAINTIFF'S MOTION FOR LEAVE**
   **DONG GUK CORPORATION, DONGBU** )   **TO AMEND FIRST AMENDED**
13 **INSURANCE COMPANY LTD.,**           )   **COMPLAINT**
                                          )
14              **Defendants.**           )

15

16                    **INTRODUCTION**

17        This memorandum responds to Dong Guk Corporation's (hereafter "Defendant")

18 *Memorandum Opposing Motion to Amend.*  For the reasons stated in this brief, as well as in

19 Plaintiff's *Motion and Memorandum of Points and Authorities in Support of Plaintiff's Motion*

20 *for Leave to Amend First Amended complaint* (hereafter collectively referred to as "Motion for

21 Leave to Amend") filed on April 02, 2007, Plaintiff's Motion should be granted.

22

23                  **LEGAL DISCUSSION**

24 **I.    PLAINTIFF'S MOTION TO AMEND SHOULD BE GRANTED AS PLAINTIFF**
        **SATISFIED THE APPLICABLE LEGAL STANDARDS.**
25
        Defendant, in its Memorandum Opposing Motion To Amend (hereafter "Defendant's
26
   Opposition"), argued that Plaintiff failed to discuss rule 16 standard, therefore, Plaintiff has not
27
   established the good cause standard under Rule 16(b).  Defendant also argued that Plaintiff knew that
28

                    *(Reply to Defendant's Opposition)*

1
2
3
4
5
6

Defendant served alcohol after 2 a.m., therefore, Plaintiff cannot now claim newly discovered evidence.  Further, Defendant claimed that Plaintiff's Motion for Leave to Amend prejudiced Defendant in that Defendant cannot prepare to defend against new claim on such short notice and without any discovery and no time to file dispositive motions on the new claim.  Defendant supports his argument based on insignificant factual and legal assertions.   On the other hand, Plaintiff satisfied the more stringent requirement of Rule 16 good cause standard.

7
8

### A.    Even if Rule 16 is applied, Plaintiff's Memorandum still satisfies the more stringent requirement of Rule 16.

9
10
11
12
13
14
15
16
17
18
19
20

The Ninth Circuit has held that Federal Rule of Civil Procedure 16 has no effect on the operation of Federal Rule of Civil Procedure 15(a) principles.  *See AmerisourceBergen Corp. v. Dialysist West, Inc.* 465 F.3d 946 (9th Cir. 2006).  This court stated that in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992), Rule 15(a) did not apply, not because Rule 15 is trumped by Rule 16 once the district court filed a pretrial scheduling order, but rather because the party in Johnson had failed to file his motion to join additional parties within the period of time set in the district court's scheduling order.  *AmerisourceBergen*, 465 F.3d at 952.  Put simply, the party could not appeal to the liberal amendment procedures afforded by Rule 15; his <u>tardy motion had to satisfy the more stringent "good cause"</u> showing required under Rule 16.  *Id*.  Emphasis added.  And the good cause standard of Rule 16 primarily considers the diligence of the party seeking the amendment.  *Johnson*, 975 F.2d at 609 (holding that the District court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. *Id.*)

21
22
23
24
25
26
27

The district court's key holdings on the motion for leave to amend were: 1) AmerisourceBergen did not allege any "newly discovered facts" in the motion nor did the company explain why it waited over a year after filing its complaint before bringing these facts to the attention of the court.  *AmerisourceBergen*, *Id.* at 953.  According to *AmerisourceBergen*, the court, in assessing timeliness or tardiness, does not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order.  *Id*.  Rather, in evaluating undue delay, the court also inquire "whether the moving party knew or should have known the facts and

28

1   theories raised by the amendment in the original pleading." *Id*. Thus, an eight or fifteen month delay

2   between the time of obtaining a relevant fact or first discovered fact and seeking a leave to amend

3   is unreasonable. *Id*. And granting or denying a motion for leave to amend remains within the

4   discretion of the district court. *Id*. at 952 (citation omitted).

5       Defendant wants this court to believe that failure to address Rule 16(b) in this case, Plaintiff

6   automatically failed to show good cause and diligence. This argument holds no merit as it will only

7   contradict this Court's prior decision.

8       Hence, applying the above principles to the current case, it is clear that in determining

9   whether Plaintiff satisfied the more stringent "good cause" under Rule 16, Plaintiff needs to provide

10  arguments in his Motion showing that his tardiness in filing his Motion for Leave to Amend satisfies

11  the good cause requirement. Here, Plaintiff did not know and could not have known that

12  Defendant's business practice was serving alcoholic beverages after 2:00 a.m. and more specifically,

13  it was impossible for Plaintiff to know that Defendant did in fact knew of the law and intentionally

14  violated the law. It was not possibly conceivable that Plaintiff would know that Defendant willfully

15  violated the law, as Plaintiff could not read the intentions and specific thoughts of the defendants.

16

17      **B.    Plaintiff discovered new evidence through discovery that satisfies good cause
            and diligence standard under Rule 16.**

18

19      Defendant contended that Plaintiff failed to show good cause and diligence under the Rule

20  16 standard by misrepresenting to the court that Plaintiff discovered new evidence as the basis for

21  his Motion for Leave to Amend. Plaintiff in its motion stated that there was two (2) newly

22  discovered evidence: (1) That Defendant knew of the law and intentionally violated it by serving

23  alcohol after 2:00 a.m. and (2) Defendant racially discriminated against the Plaintiff. Defendant

24  attacks the candor of counsel including long list of how Defendant knew about serving alcohol after

25  2:00 a.m. That fact is well conceded as Plaintiff indeed alleged since the inception of this litigation

26  (and continues to allege) that Defendant served alcohol after 2:00 a.m. However, that is not what

27  Plaintiff is alleging now, as a newly discovered evidence. Rather, Plaintiff is alleging that Defendant

28  served alcoholic beverages after 2:00 a.m. despite the fact that they knew full well that it was a

violation of the law.

There is a fine distinction in this allegation.  Certainly, there is no misrepresentation or a question of candor on counsel's part.  In fact, Plaintiff stated in its motion that it had alleged that Defendant had served Jung Sung Lee after 2:00 a.m.; this allegation is even more clear since the initial complaint.

To be clear, the newly discovered evidence that Plaintiff represented to the court is not that Defendant sold alcohol after 2 a.m. (as Defendant wants this court to believe), but that <u>Defendant knew that it was unlawful to sale alcoholic beverages in its business establishment to customers after 2:00 a.m., but yet sold alcohol to customers willfully for it own interests and benefit.</u>  There is a fine distinction between merely serving alcohol after 2:00 a.m. and serving alcohol after 2:00 a.m. despite the fact that Defendant knew its actions were unlawful.  On or about March 22, 2007, Defendant admitted on its deposition that it knew that it was unlawful to sale and serve alcohol to customers after 2 a.m. but yet still serve alcohol because it was good for business.  *See* Exhibit A, page 5-6 of *Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to Amend First Amended Complaint.*

Plaintiff could have stated in its initial complaint that Defendant should have known that serving alcohol after 2:00 a.m. was illegal but our proposed allegation is even more than that: that Defendant knew of the law and intentionally violated the law by serving alcohol after 2:00 a.m.

Accordingly, Plaintiff should be allowed to include this allegation in the proposed amended complaint.

**B1.    Defendant does not contest (nor could it) that Plaintiff newly discovered evidence of that Defendant only served alcoholic beverages after 2:00 a.m. to Koreans and not Chamorros or Carolinians.**

One thing is very clear by Defendant's Opposition is that it only attacked the first newly discovered evidence. Defendant in its entire Opposition does not contest the fact that Plaintiff newly discovered evidence of the disparity and discrimination of services based on racial or ethnic differences on their customers, including Plaintiff. This is a violation of the CPA pursuant to 5 CMC § 5120.

Plaintiff's proposed complaint is based on the newly discovered evidence after Defendant admitted that it served alcohol after 2 a.m. only to Koreans and not to Chamorros or Carolinians.

There is no misrepresentation of fact to this Court. According to Defendant's vice president, Mrs. Lee, the reason for discrimination was "[b]ecause Korean, we have same [sic] custom and same relationship or same thinking, but I don't know Carolinian [sic] and other foreigner. So I cannot tell." *Exhibit C, to Plaintiff's Mot. to Amend FAC.*

This is clearly a racial and ethnic discrimination, which is actionable under the CPA. Plaintiff did not know and could not have known that Defendant discriminated against its customers, including and especially Plaintiff.

The above information are "newly discovered evidence" that Plaintiff did not know of them and could not have known about it prior to the Defendant's deposition. There was absolutely no way for Plaintiff to know that Defendant bluntly disregarded the law for its own benefits prior to the such deposition.

Defendant's intentional and willful violation of the law triggered a new cause of action under the CPA along with an award of attorneys fees. If Plaintiff knew prior to filing this lawsuit that Defendant intentionally and willfully violated the law for its own interests and benefits, Plaintiff would have included the Consumer Protection Act causes of actions.

Moreover, if Plaintiff knew that Defendant racially and ethnically discriminated against its customers it would have been able to include the CPA action. Plaintiff could only be required to include in the allegation only after Plaintiff found out via discovery of the knew evidence. Plaintiff discovered the new evidence on March 22. 2004. On April 02, 2007, only eleven (11) days after discovering the new evidence, Plaintiff filed his Motion to Amend (after expediting the transcription of the depositions) to include a new claim under the CPA based on the newly discovered evidence. Filing the Motion for Leave to Amend only 11 days after discovering the new evidence clearly satisfies Rule 16 standard of good cause.

Should this Court find that Plaintiff should have alleged in the initial complaint the fact that Defendant intentionally served alcoholic beverages after 2:00 a.m., that Plaintiff still be allowed to amend the CPA action on the grounds that Defendant racially and ethnically discriminated against

Plaintiff.  In other words, because Defendant does not contest (nor could it) that Plaintiff newly discovered the evidence of racial and ethnic discrimination that, at the very least, Plaintiff be allowed to include this in the proposed amendment.

### C.    Plaintiff acted diligently in filing his Motion for Leave to Amend.

Defendant argued that Plaintiff lacked diligence because Plaintiff cannot satisfy Rule 16's good cause standard without submitting a statement under oath setting forth the factual bases why the motion was not and could not have been made prior to the scheduling conference  deadline or earlier than March 30, 2007.  This argument is meritless and serves no factual or legal justification. Plaintiff clearly addressed in his Motion for Leave to Amend that the newly discovered evidence serves as the basis or justification for his Motion for Leave to Amend.

In addition, Plaintiff's counsel, Vincent DLG. Torres, Esq., filed a Declaration of Counsel certifying that Plaintiff's Motion for Leave to Amend was not filed in bad faith.  *See* Exhibit B-Declaration of Vincent DLG. Torres.  Accordingly, Plaintiff acted diligently in filing his Motion for Leave to Amend.  Moreover exhibits of the depositions of Mr. Lee and Mrs. Lee and certification of their authenticity were attached in support of the motion.

All the factual assertions were made pursuant to the depositions which were provided and the accompanying Declaration of Vincent DLG. Torres.

### D.    Plaintiff's Motion for Leave to Amend does not prejudice Defendant.

Defendant argued that Plaintiff's Motion for Leave prejudiced defendant because Defendant cannot be prepared to defend against new claims without any discovery on such short notice, and that Defendant would have to seek a new dispositive motion.  This argument is flawed in its entirety.

First, Plaintiff's basis for his Motion for Leave to Amend is the newly discovered evidence that Defendant knew that it was unlawful to sale and serve alcoholic beverage after 2 a.m., but yet intentionally and willfully served alcohol to its customers for its own interests and benefits. Defendant admitted that its intentional and willful violation of the law was to solicit more customers

so that it would be good for its business. *See* Exhibit A, page 5.

Unlike Plaintiff, Defendant was well aware of their violation and the potential consequences even before this litigation was initiated. What more discovery does Defendant need? Does it need more time or other discovery tool to show that their admission was not true? Infact, Defendant merely alleges "more discovery is needed" but does not identify what discovery is needed. Defendant knew exactly what they were doing and the reason why they continued to violate the law.

They should be prepared to defend any allegation pertinent to this matter at the time this lawsuit was filed or even before that. If there's anybody that would be prejudiced and need further discovery on the matter at issue, it would be Plaintiff. This is true because Plaintiff does not know about Defendant's willful intentions for violating the law until March 22, 2007, which is about one (1) month and fifteen (15) days before trial. *See* Exhibit A, page 5-6. Defendant should not now claim that it cannot be prepared for trial for facts only Defendant was aware of even before this litigation started.

Second, Plaintiff believes that the trial set for May 07, 2007 should be held because there is no need for additional discovery as Defendant wants this court to believe that a discovery is imminent. Should Defendant insists on more time for the discovery and for dispositive motions, this court has the discretion to modify the scheduling order. *See Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 342-343 (5th Cir.1990) (holding that Fed.R.Civ.P. 16 gives the district judges the power to modify or amend scheduling orders "upon a showing of good cause" and the district court impliedly granted motion to amend scheduling order by allowing defendant to move for summary judgment after cut-off date for pretrial motions).

Lastly, Defendant's argument that Plaintiff's CPA is futile is without merit and needs no further analysis. The legal arguments set forth under Plaintiff's Motion for Leave to Amend remain uncontested that the remedy available under the CPA is unique and currently not available on the current causes of action.

**IV.**

**CONCLUSION**

Plaintiff satisfied Rule 16 good cause standard and there is no prejudice to Defendant. Therefore, if the court deems necessary that Defendant undergo discovery and needs more time, then the court has the discretion to amend the scheduling order to ensure that justice is served. Accordingly, Plaintiff's Motion to For Leave to Amend First Amended Complaint shall be granted.

Respectfully submitted this 13th day of April, 2007.

TORRES BROTHERS LLC
ATTORNEYS AT LAW


_____/s/_____
VINCENT DLG. TORRES, ESQ.
ATTORNEY FOR PLAINTIFF