1  **TORRES BROTHERS, LLC.**
   **VICTORINO DLG. TORRES, ESQ. (F0253)**
2  **VINCENT DLG. TORRES, ESQ. (F0258)**
   Attorneys at Law
3  P.O. Box 501856
   Saipan, MP 96950
4  Bank of Guam Bld. 3rd Flr.
   Tel.: (670) 233-5506/4
5  Fax: (670) 233-5510

6  *Attorneys for Plaintiff*

7              UNITED STATES DISTRICT COURT
                        FOR THE
8              NORTHERN MARIANA ISLANDS

9  JUNG SOON LEE, (Deceased) By SUNG    )    CIVIL ACTION NO. 05 - 0031
   YOUNG LEE, Personal Representative,  )
10                                      )
              Plaintiff,                )
11                                      )    PLAINTIFF'S OPPOSITION TO
       v.                               )    DEFENDANT DONG GUK
12                                      )    CORPORATION'S MOTION TO
   DONG GUK CORPORATION, DONGBU         )    DISMISS OR ALTERNATIVELY
13 INSURANCE COMPANY LTD.,              )    SUMMARY JUDGMENT
                                        )
14            Defendants.               )    Time:       9:00 a.m.

15                                           Date:       April 19, 2007

16                                           Judge:      Chief Judge Honorable Alex R.
                                                         Munson
17

18

19                              **INTRODUCTION**

20     This memorandum is Plaintiff's opposition to Dong Guk Corporation's (hereafter

21 "Defendant") Motion and Memorandum of Law in Support of Motion to Dismiss or

22 Alternatively Summary Judgment.

23

24

25

26

27

28
                         (Reply to Defendant's Opposition)

**INTRODUCTION**

Defendant has filed for a motion to dismiss and or alternatively for summary judgment on the following grounds: (1) there is no private action for violations of the Alcohol Beverage Control laws; (2) Plaintiff's claim fails because there is no Commonwealth Dram Shop Act; (3) Partial summary judgment on the issue of damages; and (4) Plaintiff plead survivorship action instead of a wrongful death action.

In support of this Opposition, Plaintiff incorporates the First Amended Complaint and Plaintiff's Supplemental Response to Defendant's Interrogatories, (Attached hereto as Exhibit A).

**LEGAL DISCUSSION**

I. **PLAINTIFF'S CLAIM UNDER THE ALCOHOL BEVERAGE CONTROL LAW AND GENERAL NEGLIGENCE CLAIM IS AVAILABLE REMEDY UNDER THE COMMON-LAW.**

Negligence is tested by whether the reasonably prudent person at the time and place should recognize and foresee an unreasonable risk or likelihood of harm or danger to others. See *Gaulkin, J. in Schaublin v. Leber*, 50 N.J.Super. 506, 510, 142 A.2d 910 (App.Div.1958); cf. Martin v. Bengue, Inc., 25 N.J. 359, 371, 136 A.2d 626 (1957); *Harpell v. Public Service Coordinated Transport*, 20 N.J. 309, 316, 120 A.2d 43 (1956); *Bohn v. Hudson & Manhattan R. Co.*, 16 N.J. 180, 186, 108 A.2d 5 (1954). And, correspondingly, the standard of care is the conduct of the reasonable person of ordinary prudence under the circumstances. *See Ambrose v. Cyphers*, 29 N.J. 138, 144, 148 A.2d 465 (1959). *Rappaport v. Nichols* 31 N.J. 188, 201, 156 A.2d 1, 8 (N.J. 1960).

In Oklahoma, the Supreme Court held that "the common law principles of negligence are applicable where a commercial vendor for on the premises consumption is shown to have sold or furnished intoxicating beverages to a person who was noticeably intoxicated from which a jury could determine that such conduct creates an unreasonable risk of harm to others who may be injured by the person's impaired ability to operate a motor vehicle." (Underline added), *Brigance v. Velvet Dove Restaurant, Inc.* 725 P.2d 300, 1986 OK 41, (Okl.,1986). In deciding so, the

Court in *Brigance* held that the "the old common law rule of a tavern owner's nonliability in today's automotive society is unrealistic, inconsistent with modern tort theories and is a complete anachronism within today's society."

The Supreme Court in *Brigance* went on to say that "a person owes a duty to others not to subject them to an unreasonable risk of harm. We also note that a breach of duty for which we impose civil liability by this opinion constitutes a public offense under 37 O.S.Supp.1985 § 537 which states:

(A) No person shall:

(1) Knowingly sell, deliver, or furnish alcoholic beverages to any person under twenty-one (21) years of age;

(2) Sell, deliver or knowingly furnish alcoholic beverages to an intoxicated person or to any person who has been adjudged insane or mentally deficient;"

The Court was clear that "A commercial vendor for on the premises consumption is under a <u>common law duty</u> to exercise ordinary care under the circumstances. (Underline added), *Citing, Nazareno v. Urie*, 638 P.2d 671 (Alaska 1981)*; Rappaport v. Nichols*, 31 N.J. 188, 156 A.2d 1 (1959). The Court found a common law duty, relying on the general rule expressed in Restatement (Second) of Torts § 308 (1965):

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

And, Restatement (Second) of Torts § 390 (1965):

> One who supplies ... a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience or otherwise to use it in a manner involving unreasonable risk of physical harm to himself and others ... is subject to liability for physical harm resulting to them.

The Court still held that a plaintiff must still show the illegal sale of alcohol led to the impairment of the ability of the driver which was the proximate cause of the injury and there was a causal connection between the sale and a foreseeable ensuing injury. *Brigance v. Velvet Dove Restaurant, Inc.* 725 P.2d 300, 1986 OK 41 (Okl.,1986), *citing Ontiveros v. Borak ; Smith v.*

1  *Clark*, 411 Pa. 142, 190 A.2d 441 (1963).

2  Defendant has invited this Court to deny claims of against dram shop here in the
3  Commonwealth because the statute is penal in nature and not civil.  This argument fails as the
4  limitation on criminal statute do no limit the injured party's civil action.  Specifically, the
5  Supreme Court in Arizona held that <u>there is also a common-law duty</u> even where the dram shop
6  statute do not allow for civil liability.  *Del E. Webb Corp. v. Superior Court of Arizona Maricopa*
7  *County* 151 Ariz. 164, 168, 726 P.2d 580, 584 (Ariz.,1986).  The Arizona statute states that:

8  > For a licensee or other person to serve, sell or furnish spirituous liquor to an
9  > intoxicated or disorderly person, or for a licensee or employee of the licensee to
> allow or permit an intoxicated or disorderly person to come into or remain on or
10 > about the premises, ...

11 The Court in *Del E. Webb Corp,* went on to say that "the statutes that prohibit sale of
12 liquor to minors and intoxicated persons also-and perhaps primarily-were intended to protect the
13
14 general public.  *Citing Tome v. Berea Pewter Mug, Inc.,* 446 N.E.2d 848, 852, 854, 4 Ohio
15 App.3d 98, 102, 104 (Ohio Ct.App.1982) (the inebriated or minor imbiber also violates the law
16 by driving).  We have adopted common law dram shop liability and have concluded that the
17 prohibition on sales was intended as a general safety measure rather than a narrow protective
18 statute." *Del E. Webb Corp. v. Superior Court of Arizona Maricopa County* 151 Ariz. 164, 169,
19
20 726 P.2d 580, 585 (Ariz.,1986), citing *Ontiveros,* 136 Ariz. at 510, 667 P.2d at 210.

21 Here, the defendant claims that the Commonwealth ABC law do not extend to civil
22 liability and therefore, Defendant is relieved from any claims, either in statute or common law.
23 Our Commonwealth ABC law, like the law in Arizona, states that "a licensee and his employees
24 shall not sell or give permission to be sold or give any alcoholic beverages to any person who is
25
26 obviously intoxicated" pursuant to 4 CMC § 5558.  Moreover, 4 CMC § 5554 states that "an
27 on-sale licensee shall not sell or serve any alcoholic beverages after two a.m."
28

As clearly stated in *Del E. Webb Corp. v. Superior Court of Arizona Maricopa County* 151 Ariz. 164, 169, 726 P.2d 580, 585 (Ariz.,1986), this law was designed to protect the general safety and the common-law is even more persuasive for applicability when there is a criminal statute which prohibits the dram shop from such conduct.

It is generally agreed that the purposes of the Dram Shop Act are (a) to protect the health, safety and welfare of the public through careful regulation of the distribution of liquor; (b) to penalize dram shops for the illegal sale of liquor; and (c) to provide a remedy for innocent third parties injured as a result of another's intoxication. *See Adamson v. Dougherty*, 248 Minn. 535, 540-42, 81 N.W.2d 110, 114-115 (1957); *Bushland v. Corner Pocket Billiard Lounge*, 462 N.W.2d 615, 616 (Minn.App.1990).

The Court in *Ontiveros v. Borak* 136 Ariz. 500, 509, 667 P.2d 200, 209 (Ariz.,1983) in allowing for a <u>common law dram shop act</u> stated that "one who lends an automobile or dangerous instrument to an inexperienced or intoxicated person may be held liable for injuries inflicted by that person upon another." citing, *Johnson v. Casetta,* 197 Cal.App.2d 272, 17 Cal.Rptr. 81 (1961); *Harris v. Smith,* 119 Ga.App. 306, 167 S.E.2d 198 (1969); *Pennington v. Davis-Child Motor Co.,* 143 Kan. 753, 57 P.2d 428 (1936); *Deck v. Sherlock,* 162 Neb. 86, 75 N.W.2d 99 (1956); *Stone v. Shaw Supply Co.,* 148 Or. 416, 36 P.2d 606 (1934). The Court went on to say that these holdings have been translated into a finding of duty in common law dram shop cases. The rationale, put succinctly, is:

> The person who would put into the hands of an obviously demented individual a firearm with which he shot an innocent third person would be amenable in damages to that third person for unlawful negligence. An intoxicated person behind the wheel of an automobile can be as dangerous as an insane person with a firearm. He is as much a hazard to the safety of the community as a stick of dynamite that must be de-fused in order to be rendered harmless.

*Citing, Jardine v. Upper Darby Lodge No. 1973, Inc.,* 413 Pa. at 631-32, 198 A.2d at 553.

Put more legalistically, the Alaska Supreme Court stated as follows:

"[I]t is clear that the vendor is under a duty not to sell liquor where the sale creates a risk of harm to the customer or to others. This conclusion flows from general principles of negligence law; every person is under a duty to avoid creating situations which pose an unreasonable risk of harm to others. In selling liquor to an intoxicated customer, where it is evident that the customer may injure himself or others as a result of the intoxication, a vendor is not acting as a reasonable person would. "The first prime requisite ... is to stop pouring alcohol into [the drunken customer]. *This is a duty which everyone owes to society and to law entirely apart from any statute.*" We therefore hold that there is a general common law duty, independent of statute, requiring vendors to conduct themselves with reasonable care and prudence when dispensing alcohol." *Ontiveros v. Borak* 136 Ariz. 500, 509, 667 P.2d 200, 209 (Ariz.,1983)**,** (citations omitted).

In the Commonwealth, general negligence claim is available where the defendant gave an individual control of an automobile when it knew or should have known that he was intoxicated. *Lizama v. Kintz,* Civil Action No. 90-0609, *(Dec. and Order on Defendant's Motion for Summ. Judg., October 11, 1994)*. Although the Court in *Lizama* dismissed the negligent entrustment claim, because Mr. Doe was not the individual who was driving at the time of the accident, the Court went on to say that the general negligence claim is still available.

The mere fact that the Commonwealth in *Lizama* expanded the general claim of negligence even where there is no negligent entrustment is a strong judicial line of reasoning allowing the theory of "general negligence" to be applicable here in the Commonwealth. Moreover, the facts in *Lizama*, is one type of instance that was relied on in *Ontiveros v. Borak*

136 Ariz. 500, 509, 667 P.2d 200, 209 (Ariz.,1983) in applying the common-law theory of negligence.

Accordingly, the Plaintiff's claim should not be dismissed.

Moreover, Defendant in it's Motion for Summary Judgement stated that "At common law, dram shop immunity is generally extended to commercial providers of alcohol and social hosts alike." citing, *Christiansen v. Christiansen*, 152 P.3d 1144, 1146 (Alaska, 2007). However, this is not correct because, the Court in *Christiansen v. Christiansen* 152 P.3d 1144, 1146 (Alaska,2007) explicitly stated that

> Generally, [dram shop] statutes only permit a cause of action to be brought against a person or entity who is in the business of providing liquor for commercial remuneration, such as a tavern owner, and not against one who furnishes alcohol as a mere act of hospitality or courtesy.... [C]ivil-damages acts and dram shop statutes generally do not apply to social hosts.

Additionally, the facts in *Christensen* is substantially different from the facts at hand. In *Christensen*, the plaintiff, Wesley Christensen after a hunting trip brought beer and may have been intoxicated before he arrived at his cousin's boat, Kenny who was the defendant. Kenny was aboard his fishing vessel and was socializing with his brother and a few friends. Sometime later, Kenny proceeded to drink while aboard. Some alcohol may have been supplied by Kenny. *Christiansen v. Christiansen* 152 P.3d 1144, 1146 (Alaska,2007). This is not the case here. Here, Defendant was in the business of selling alcoholic beverages and was the only establishment to serve Plaintiff. Also, Plaintiff did not bring her own alcohol to the establishment and that the relationship between Plaintiff and Defendant in this case is not one of furnishing alcohol out of hospitality or courtesy.

Accordingly, Defendant's request for dismissal on the above grounds should be denied.

II. **PLAINTIFF HAS PLEAD A WRONGFUL DEATH ACTION (NOT A SURVIVORSHIP) AND SUMMARY JUDGMENT ON THE ISSUE OF DAMAGES IS NOT APPROPRIATE.**

Defendant requests that essentially, no claim for either economic or non-economic is available through Plaintiff's complaint because the Commonwealth wrongful death statue do not allow for non-economic and that the economic damages here are speculative. Defendant further requests that dismissal is appropriate because Plaintiff has not plead a wrongful death action.

Under Commonwealth wrongful death statute, the personal representative holds a single cause of action against those who are liable for the death of the decedent. 7 CMC § 2102. *Ito v. Macro Energy, Inc.*, 4 N.M.I. 46 (1993).

The N.M.I. Supreme Court has stated that the wrongful death statute requires the following elements to state a prima facie case: 1) a wrongful or negligent act; 2) which would have given rise to a cause of action on behalf of the decedent had she lived; and which 3) led to the death of the decedent. *Indalecio v. Yarofalir*, 2006 MP 18 at ¶ 26, 2006 2006 WL 2242754, 8 (N. Mariana Islands) (N. Mariana Islands,2006).

Here, plaintiff has stated in the FAC, ¶17 that

> Defendant breached its duty and as a direct and proximate result of the intentional, wilful, recklessness, carelessness, and negligence of Defendant, it's agents or employees by beverages and keeping its Business establishment to Gyu Jin Kim, Gyu Jin Kim was extremely intoxicated, drove the vehicle and rammed into a flame tree and sustained vehicle damage, serious personal injuries resulting in death and severe pain and suffering to Lee Jung Soon.

Moreover, Plaintiff requested for judgment "against Defendant for compensatory damages and for medical care and expenses, bodily injury, funeral expenses and loss of earnings, in the amount to be proven at trial." *FAC, Prayer For Relief*, ¶1.

In addition to the alleged loses and prayer for relief, Plaintiff has provided ample evidence of pecuniary loss. Specifically, Plaintiff responded to Defendant's request for interrogatories # 11 which asks Plaintiff to "identify the economic damages, you content they have been suffered as a result of the accident and the monetary value placed on such economic damages."

Plaintiff provided an expert report of deceased lost of future income and earning capacity, receipts of the coffin, receipt of the expenses incurred in building the grave, and funeral expenses incurred in the traveling of deceased mother, father and grandfather who came from Korea for her funeral as follows:

    a.    Loss of potential and future income and earning capacity; See Expert Report by Mr. Bruce MacMillan;
    b.    Building Grave: (See bates No. 00046) $5,000.00;
    c.    Coffin: (See bates No. 00046) $600.00;
    d.    Funeral Expenses in the sum of $10,000.00; <u>Jung Soon Lee's mother, father and grandfather came from Korea for her funeral</u>. Their names are Song, Byung Ae, Lee, Kwan Young and Lee, Wol Seung.

Once a cause of action exist under a wrongful death, it is for the Court to direct the exclusive benefit will be. Specifically, in *Indalecio*, the Court held that pursuant to 7CMC § 2102,

> <u>Every action for wrongful death</u> must be brought in the name of the personal representative of the deceased, but shall be for the exclusive benefit of the surviving spouse, the children and other next of kin, if any, of the decedent as the court may direct. It is immediately apparent that § 2101 was intended to prevent the decedent's death from precluding a cause of action against the tortfeasor.

*Id, at* 2006 MP 18 at ¶ 26, 2006 2006 WL 2242754, 8 (N. Mariana Islands) (N. Mariana Islands,2006).

The N.M.I. Supreme Court in *Ito v. Macro Energy, Inc.*, 4 N.M.I. 46 (1993) held that the

Commonwealth's wrongful death statute grants a cause of action vested in the decedent's personal representative. This cause of action creates a right to relief for damages caused to the party fatally injured. Statute does not provide a right to relief for derivative injuries, such as loss of consortium, to the adult decedent's surviving spouse or children. 7 CMC § 2101.

Defendant is attempting to put an additional burden to specifically plead who the specific beneficiaries will be when such requirement is unnecessary. Here, Plaintiff has brought forth a wrongful death claim as claimed in the First Amended Complaint.[1] Defendant is correct that there is no survivorship statute here in the commonwealth; however, Plaintiff is not bringing the action on behalf of the administrator or the estate but through the personal representative, Sung Young Lee. Sung Young Lee is acting fully and completely on behalf of and the for the exclusive remedy of the decedent, Jung Soon Lee's next of kin pursuant to 7CMC § 2102

Plaintiff has provided ample evidence of monetary loss and pecuniary loss. In attempting to apply the pleadings and the documents provided, this N.M.I. Supreme Court held that 'pleadings shall be so construed as to do substantial justice.' Com. R. Civ. P. 8(a)(3), (f). However, where a plaintiff has not set forth a particular claim for relief under Com. R. Civ. P. 8(a), (e)(2) and (b)(10), the prima facie elements of a claim must each be either directly alleged or implied." *Indalecio v. Yarofalir*, 2006 MP 18 at ¶ 26, 2006 2006 WL 2242754, 8 (N. Mariana Islands) (N. Mariana Islands,2006) citing, *Castro v. Hotel Nikko Saipan, Inc.*, 4 N.M.I. 268, 276 (1995). The Court went on to say that "even if Indalecio's complaint did not correctly

---

[1] Plaintiff has provided in Response to Interrogatory #20:
Jung Soon Lee's parents and sibling are still alive. She died unmarried and without children. The names and contact numbers are as follows:
1. (Mother) Byung Ae Song whose date of birth is July 27, 1961
2. (Father) Lee, Kwan Young whose date of birth is July 01, 1957
3. (Brother) Lee, Tae Hoon, whose date of birth is March 06, 1986
    Address:    459 – 311 Bongcheon 2 dong
                        Kwan – ak gu  Seoul City, Korea

specify "wrongful death" as a basis for recovery, so long as she "directly alleged or implied" each element of the prima facie case, her pleadings were sufficient for recovery on that basis." *Id.*, at ¶ 25.

Here, it is clear that Plaintiff has filed a wrongful act and has requested for the appropriate remedy in the Prayer for Relief, ¶ 2 "Against Defendant for pain and suffering, emotional distress and mental anguish in the amount to be proven at trial. " The mere fact that this is a wrongful death action brought in the name of the personal representative is significant. Here, the prayer for relief is clear which is imbedded in the wrongful death statute. The Plaintiff further included the Complaint in the responses to Interrogatories. [2]

Moreover, Plaintiff's response to Interrogatories #11 shows the claims and potential relief. Specifically, Plaintiff responded: "Plaintiff does not contend economic damages for anyone else <u>other than the economic damages suffered by Plaintiff</u>."  (Underline added).

---

[2]
**INTERROGATORY NO. 15**
Fully and comprehensively identify the non- economic damages you content have suffered as a result of the accident and the monetary value placed on such economic damages.

**ANSWER:**
Objection on the grounds that the question is confusing and non-sensical. The first request is on "non-economic damages" and then it request to place a value on such "economic damages". If the second part of the question is requested to the non-economic damage, (as it appears that is what it might be) then the following answers are provided. <u>Plaintiff incorporates all of the contents of the Complaint in this response as to damages. Specifically without limitation, Plaintiff has suffered Emotional Distress, Mental Anguish, Loss of Life and Pain & Suffering.</u>  The placement of monetary value for each damage or injury has not been determined as of this time.

  **III. THE ISSUE OF COMPLICITY IS A QUESTION OF FACT THAT MUST BE DETERMINED BY TRIAL NOT BY SUMMARY JUDGEMENT, ESPECIALLY WHERE PLAINTIFF DID NOT ACTIVELY CONTRIBUTE OR PROCURE TO THE DECEASED INTOXICATION.**

"The orderly administration of justice dictates that a clear rule of complicity be distilled. That rule, predicated on the better-reasoned decisions and the concept of the doctrine is this: <u>only one who actively contributes to or procures the intoxication of the inebriate is precluded from recovery</u>". *Walter v. Carriage House Hotels, Ltd.*, 607 N.E.2d 662, 665 (Ill App. 1993). The issue in determining complicity is a matter of fact for a jury to determine. *Walter,* 607 N.E.2d at 667.

The *Watler* court cited two cases, among others in support of its ruling: *Merritt v. Chonowski,* 373 N.E.2d 1060 (Ill. App 1978) (the court held that where the plaintiff and his companions drank beer together, the issue of "whether the plaintiff was or was not guilty of complicity by actively contributing to the intoxication of the alleged inebriate was an issue of fact to be determined by trial."). *Id* at 669; and *Darguzas v. Robinson,* 515 N.E.2d 451 (Ill. App 1987) (the *Darguzas* court reached the same conclusion as the *Meritt* court, where the court refused to reverse a judgment in favor of the plaintiff, even though the plaintiff and his attacker drank together for several hours at a bar. The plaintiff knew his attacker was intoxicated and still agreed to accompany him to another companion's house to play cards and continue drinking. The court stated: "When the determination of the case rests largely upon findings of fact, the reviewing court will not disturb the trial court's determination as long as there is evidence in the record to support it." *Id*.

Applying the principles above, it is clear that the question of whether Plaintiff was in complicity shall be determined by a jury. Here, Defendant argued that a summary judgement is

appropriate in this case because decedent was Gyu Gin Kim's ("driver") companion, they drank together with others and the decedent was not forced to be a passenger of the vehicle. The Defendant's argument herein is completely without any factual or legal justification. In fact, Defendant's argument clearly demonstrates the necessity of sending this case to trial to determine the material issue of fact of whether or not Plaintiff was guilty of complicity.

As in the cases above, Plaintiff went to Defendant's establishment with the driver with some other friends and drank some beer. The Defendant exclusively served alcohol to the the driver, Gyu Jin Kim, not Plaintiff; Defendant made pecuniary profits from serving alcoholic beverages, not Plaintiff; Defendant served alcoholic beverages after 2:00 a.m., not Plaintiff. After several hours of drinking, Plaintiff, the driver and their companions left the Defendant's restaurant. Plaintiff could not have contributed to or procured to the intoxication of the driver solely be drinking in the establishment and being a passenger. Moreover, the question of whether Plaintiff contributed to or procured to the intoxication of the driver rests largely upon the findings of facts to be determined by a jury.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff requests this court that Defendant's motion to dismiss or alternatively for summary judgment be denied.

Respectfully submitted this 16th day of April, 2007.

                                          TORRES BROTHERS LLC
                                          Attorneys At Law

                                          _____/s/_____
                                          Victorino DLG. Torres, Esq.
                                          Attorney for Plaintiff