Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Dong Guk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNG SOON LEE, (Deceased) By SUNG YOUNG LEE, Personal Representative<br>　　　　Plaintiff<br><br>　　v.<br><br>DONG GUK CORPORATION and DONGBU INSURANCE COMPANY, LTD<br><br>　　　　Defendants<br><br>DONG GUK CORPORATION<br>　　　　Third Party Plaintiff<br><br>　　v.<br><br>GYUN JIN KIM<br>　　　　Third Party Defendant | ) CIVIL ACTION NO 05-00031<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **REPLY SUPPORTING**<br>) **MOTION TO DISMISS OR**<br>) **ALTERNATIVELY FOR**<br>) **SUMMARY JUDGMENT**<br>)<br>)<br>)<br>)<br>)<br>) April 19, 2007<br>)<br>) 9:00 a.m.<br>) |

I. **PLAINTIFF HAS NOT MET THEIR BURDEN OF SHOWING THE EXISTENCE OF A VIABLE CLAIM UNDER COMMONWEALTH LAW**

In asserting that he has pled a viable claim, plaintiff does not attempt to analyze the controlling authorities. Plaintiff does not cite, mention, discuss, or seek to distinguish *I.G.I. General Contractor & Dev., Inc. v. Public School System*, 1999 MP 12 at ¶ 13, 5 N.M.I. 250, 1999 WL 33595880 at 2 (N.M.I. 1999) which holds that an act which constitutes a crime does not amount to a tort in the absence of statutory authority. Plaintiff does not dispute that the conduct he alleges Dong Guk engaged in constitutes a misdemeanor. Likewise, he does not identify or point to any statutory authority which makes the conduct a tort. Since this Court is bound to apply Commonwealth law as interpreted by the Commonwealth Supreme Court, *Cabrera v. City of Huntington Park,* 159 F.3d 374, 378(9th Cir. 1998), *I.G.I. General* is binding on this court. Plaintiff has not proffered any argument or contention that *I.G.I. General* does not control this case.

The only Commonwealth authority plaintiff seeks to rely on is the Commonwealth Superior Court case of *Lizama v. Kintz*, Civil Action No. 90 - 0609, decided in 1994, five years prior to *I.G.I. General*. Plaintiff does not make any effort to show how *Lizama* circumvents or trumps *I.G.I. General*.

Nevertheless, *Lizama* is not binding as it is not a decision by the Commonwealth Supreme Court. *Cabrera, supra.* Even more so, *Lizama* is distinguishable on the facts. In *Lizama*, the complaint apparently alleged that person who possessed dominion and control over an automobile gave dominion and control of the vehicle to an intoxicated person thereby constitution negligent entrustment. That is not the circumstance of this case. There are not any facts or claim for negligent entrustment.

Even more so, plaintiff does not address or recognize the situation that Commonwealth courts are constrained in fashioning a judicial rule of law contrary to the common law. *See Ito v. Macro Energy, Inc.*, 4 N.M.I. 46, 56, 1993 WL 614805 at 9 (N.M.I. 1993)[The Commonwealth is not vested with a similar degree of freedom as possessed by other jurisdictions to formulate its own common law]. Plaintiff's is essentially requesting this Court to create a new rule of law contrary to the common law. This Court cannot do so as Commonwealth courts do not possess such power or authority. *Id*.

Lastly, plaintiff has not shown that he has pled a wrongful death action as required by *Indalecio v. Yarofalir*, 2006 MP 18, 2006 WL 2242754 (N.M.I. 2006). A plain reading of the First Amended Complaint ("FAC") shows that plaintiff has pled a survivorship action instead of a wrongful death action. Plaintiff

contends that FAC Prayer for Relief ¶ 1 demonstrates he has filed a wrongful death action. Opposition Memo at 8 lines 25 - 28. FAC Prayer for Relief ¶ 1 seeks recovery for medical care and expenses, bodily injury loss of earnings and compensatory damages. All such damages are not recoverable under the Commonwealth's wrongful death statute. *Indalecio*, 2006 MP 18 at ¶¶ 17 - 22.

II.     **PLAINTIFF HAS NOT MET ITS BURDEN OF PROOF TO DEFEAT SUMMARY JUDGMENT ON THE ISSUES OF DAMAGES**

Plaintiff contends that the Commonwealth's wrongful death statute **"creates a right for relief for damages caused to the party fatally injured**." Opposition Memo at 10 lines 2 - 3[1] (emphasis added). That is incorrect. The Commonwealth wrongful death statute is a pure wrongful death statute which creates "a new cause of action upon the death of the decedent which provides a remedy to the survivors for their injuries." *Indalecio,* 2006 MP 18 at ¶ 15, 2006 WL 2242754 at 4. To this extent, plaintiff possessed the obligation to identify or point to admissible evidence showing the existence of damages suffered by the decedent's next of kin which are allowed under the Commonwealth's wrongful death statute. *See Chung v. World Corporation*, 2005 WL 1459674 at 1 ( D.N.Mar.I. 2005).[ It is

---

[1]This further demonstrates that plaintiff has pled a survivorship action instead of a wrongful death action.

insufficient for the responding party to point to the mere allegations contained in the pleadings. Instead, it must submit an affidavit or identify other admissible evidence of specific facts demonstrating the existence of an actual issue for trial]. He has not done so.

Dong Guk demonstrated the non economic damages claimed by plaintiff are not recoverable under the wrongful death statute. He has not pointed to any particular non-economic damage recoverable under the wrongful death statute that he can prove at trial. Specifically, plaintiff has identified any recoverable non-economic damage suffered by either of decedent's parents. Plaintiff's failure to meet his burden of proof necessitates entry of summary judgment on the issue of non economic damages.

Likewise, regarding economic damages, plaintiff had to identify specific pecuniary damages suffered by the decedent's next of kin. *See Chung*, 2005 WL 1459674 at 1. Again, he has not done so. For instance, plaintiff does not identify a specific heir or next of kin and point to admissible evidence showing specific pecuniary damage that particular heir claims to have suffered. Instead, plaintiff relies on generalizations and unrecoverable damages such as the decedent's lost earnings. This entitles Dong Guk to summary judgment on the issue of economic damages.

## CONCLUSION

Plaintiff has not pled a claim for relief cognizable under Commonwealth law. If the Court determines he has, then summary judgment is appropriate on the issue of damages. Plaintiff has not identified any specific non economic damage recoverable under Commonwealth law. Similarly, he has not pointed to any specific pecuniary or economic damage recoverable by a particular heir of the decedent.

Law Office of G. Anthony Long

By:_____/s/_____
G. Anthony Long