FILED
Clerk
District Court

APR 19 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JUNG SOON LEE (Deceased), by SUNG YOUNG LEE, personal representative,<br><br>    Plaintiff<br><br>  v.<br><br>DONG GUK CORPORATION, *et al.*,<br><br>    Defendants | Civil Action No. 05-0031<br><br>ORDER GRANTING DEFENDANT DONGBU INSURANCE'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT DONG GUK CORPORATION ON ISSUE OF COVERAGE UNDER THE INSURANCE POLICY |

THIS MATTER came before the court on Thursday, April 19, 2007, for hearing of defendant Dongbu Insurance Company, Ltd.'s ("Dongbu's") motion for summary judgment (Docket No. 28) against defendant Dong Guk Corporation ("Dong Guk").[1] Defendant Dongbu Insurance Company, Ltd. appeared by and

---

[1] Other motions heard at the same time will be the subject of separate orders.

through its attorney, Thomas E. Clifford; defendant Dong Guk Corporation appeared by and through its attorney, G. Anthony Long.

The court, having considered the written and oral arguments of counsel, grants defendant Dongbu Insurance Company's motion for summary judgment.

Rule 56 of the Federal Rules of Civil Procedure states, in part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

For purposes of this motion, defendant Dong Guk argues that---even accepting the facts of the complaint as true---defendant Dongbu's motion for summary judgment should be denied because the language of the contract of insurance should be construed broadly enough to find that Dongbu might still be liable for any damages imposed on Dong Guk.

Dong Guk Corporation operates a restaurant/bar at which liquor is served. At the time in question, Dong Guk served liquor to decedent and her friends past the 2:00 a.m. closing time mandated by Commonwealth of the Northern Mariana Islands law.

In relevant part, the insurance contract provides that it does not apply to bodily injury (the parties do not dispute that the phrase includes death) for which

Dong Guk may be held liable by reason of causing or contributing to the intoxication of any person, by furnishing alcoholic beverages to a person under the influence of alcohol, or by serving alcohol in violation of any statute, ordinance, or regulation relating to the sale or use of alcoholic beverages.  *See*, Business Owners Policy, "Exclusions," § B,1(c), p. 23, attached as Exhibit "A" to Donbgu's Motion for Summary Judgment (Mar. 20, 2007).

For purposes of this motion, Dong Guk does not contest that it violated all three exclusion provisions in the statute.  However, Dong Guk argues that Dongbu is not only obligated to defend Dong Guk, but also that coverage exists under the policy because the exclusions are limited to claims or damages for bodily injury and does not extend to damages "*arising out of* bodily injuries." Opposition to Dongbu's Motion for Summary Judgment at 6-7 (Apr. 6, 2007) (Docket No. 44).  Since the economic loss "arose out of" the death, the damages recoverable in a wrongful death action by decedent's heirs, if any, "arise out of bodily injury" and are covered by the policy.

Because a decision as to the latter contention is dispositive, the court need not consider Dongbu's duty to defend.  Summary judgment is appropriate where the terms of a contract are not ambiguous, *see e.g.* 10B Federal Practice and Procedure 3rd § 2730.1 (2007), and where extrinsic evidence is not necessary to interpret it.  *See e.g.* VISA Intern. Service Ass'n. v. Bankcard Holders of America, 784 F.2d 1472 (9th

Cir. 1986). The uncontroverted facts show that Dong Guk's actions squarely fell within the "alcohol" exclusions of the policy. The court will not engage in linguistic contortions to avoid the plain language of the insurance policy. As the Commonwealth Supreme Court put it in a slightly different context, the fact that terms are not defined in an insurance policy does not make them ambiguous; such terms are to be accorded their plain and obvious meaning. <u>Ito v. Macro Energy</u>, 4 N.M.I. Rptr. 46, 68 (1993). Here, Dong Guk's wholesale violation of the clear, unambiguous exclusion provisions of the insurance policy relieve defendant Dongbu Insurance of any duty to defend, because there can be no finding of liability covered by the insurance policy.

FOR THE FOREGOING REASONS, defendant Dongbu Insurance Company's motion for summary judgment is granted.

IT IS SO ORDERED.

DATED this 19th day of April, 2007.

_____
ALEX R. MUNSON
Judge