FILED
Clerk
District Court

APR 20 2007

For The Northern Mariana Islands
By________________
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| JUNG SOON LEE (Deceased), by SUNG YOUNG LEE, personal representative,<br><br>Plaintiff<br><br>v.<br><br>DONG GUK CORPORATION, *et al.*,<br><br>Defendants | ) | Civil Action No. 05-0031<br><br>ORDER GRANTING DEFENDANT DONG GUK'S MOTION TO DISMISS WITH PREJUDICE and DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT |

THIS MATTER came before the court on Thursday, April 19, 2007, for hearing of defendant Dong Guk Corporation's motion to dismiss with prejudice the first amended complaint or, in the alternative, for summary judgment. (Docket No. 37).[1] Plaintiff appeared by and through his attorney, Victorino DLG Torres;

---

[1] Other motions heard at the same time will be the subject of separate orders.

defendant Dong Guk Corporation appeared by and through its attorney, G. Anthony Long; and, defendant Dongbu Insurance Company, Ltd. appeared by and through its attorney, Thomas E. Clifford;

The court, having considered the written and oral arguments of counsel, grants defendant Dong Guk Corporation's ("Dong Guk") motion to dismiss with prejudice and denies as moot its motion for summary judgment.

This matter was removed from the Commonwealth Superior Court on October 6, 2005, and jurisdiction is based upon the diversity of citizenship of the parties. As per the case management scheduling order and its amendments, the time for discovery has expired and the case is fully at issue on the various motions before the court.

Dismissal is required for failure of the proper plaintiffs to be before the court and failure to plead a cognizable legal theory under Commonwealth law, which the court must follow. Fed.R.Civ.P. 12(b)(6).

To the extent plaintiff seeks to base a claim on defendant Dong Guk's violation of the Commonwealth's alcohol beverage control laws, 4 N.Mar.I. Code § 5511 *et seq.*, no such statute-based claim can be maintained absent a legislative enactment providing a private cause of action. I.G.I. General Contractor & Dev., Inc. v. Public School System, 5 N.M.I. Rptr. 250 (1999) (adopting the general rule that an act which constitutes a crime does not amount to a tort in the absence of

statutory authority).

However, the hurdle which plaintiff cannot overcome at this point in the proceedings is that he represents a party (decedent) who cannot recover under the Commonwealth's wrongful death statute. As correctly noted by Dong Guk, the Commonwealth has a "pure" wrongful death statute and not a survivorship statute. *See* 7 N.Mar.I. Code § 2101 *et seq*. Our wrongful death statute "creates a new cause of action upon the death of the decedent which provides a remedy to the *survivors* for their injuries." Indalecio v. Yarofalir, 2006 MP 18, ¶ 15, 2006 WL 2242754 at 4 (2006) (emphasis added). Decedent's claims are not preserved such that her estate *itself* may recover for her injuries and death. 2006 MP at ¶ 16. Rather, an action must be brought in the name of the personal representative for, here, the exclusive benefit of the next of kin. *Id.* The purpose of the Commonwealth's wrongful death statute is to compensate the decedent's family for decedent's death. 2006 MP at ¶ 18.

Decedent was a young woman. There is nothing before the court to indicate that she was married or had any children. To the extent that the court would accept counsel's argument that, despite the case caption and language of the complaint, the personal representative *must* be representing the next of kin (decedent's parents) because Commonwealth law allows *only* for the representation of the next of kin, that argument must fail on its face. Plaintiff has had well over a year to familiarize

himself with the facts and Commonwealth law. It is clear from the extensive language in the first amended complaint and the discovery that this action was brought on behalf of decedent's estate and not her next of kin.

Additionally, because nothing was disclosed in discovery to indicate who was injured by decedent's death, what specific, itemized damages they incurred as a result of the death, whether or not her next of kin were receiving support from her or would have done so in the future, and whether or not they suffered (although they assuredly have) or will suffer mental anguish because of the death of decedent, the damages are entirely speculative and the court has no remaining course of action other than to dismiss with prejudice.

Given the dismissal with prejudice, defendant's motion for summary judgment is denied as moot.

FOR THE FOREGOING REASONS, defendant's Dong Guk Corporation's motion to dismiss with prejudice is granted and its motion for summary judgment is denied as moot.

IT IS SO ORDERED.

DATED this 20th day of April, 2007.

ALEX R. MUNSON
Judge

AO 72
(Rev. 08/82)